UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM J. WAGNER

                                      Plaintiff,

v.                                                     Civil Action No. _____

CHIARI & ILECKI, LLP,

                                      Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, William J. Wagner, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Chiari & Ilecki, LLP, (hereinafter "Chiari & Ilecki") is a Domestic Registered Limited Liability Partnership organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

1

## IV. FACTUAL ALLEGATIONS

9. That upon information and belief, there are two individuals named William J. Wagner, one of whom is the Plaintiff in this action. The other William J. Wagner is a junior and is not the Plaintiff in this action.

10. That upon information and belief, William J. Wagner Jr., not Plaintiff William J. Wagner, incurred a debt to M. J. Peterson Corp. This debt will be referred to as "the subject debt."

11. That upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

12. That upon information and belief, the subject debt was a "debt" as that term is defined by is defined by 15 U.S.C. §1692a(5).

13. That upon information and belief, William J. Wagner Jr. thereafter defaulted on the subject debt.

14. That upon information and belief, Defendant, Chiari & Ilecki, was employed by the account holder to collect the subject debt.

15. That Plaintiff does not owe the alleged subject debt.

16. That on February 12, 2015, Plaintiff received a letter from Defendant dated February 9, 2015, addressed to a William J. Wagner, JR., stating there was a judgment against Plaintiff in the amount of $2,570.17. The letter was addressed to Plaintiff's residence.

17. On or about February 12, 2015 Plaintiff called the Defendant in regards to the letter Plaintiff received. Plaintiff stated to the Defendant he was not William J. Wagner Jr. and did not owe the debt that was referenced in the letter sent to Plaintiff. During this conversation with the Defendant, Plaintiff confirmed that his social security number did not match that of William J. Wagner Jr. Defendant then informed the Plaintiff that he was not the person they were looking for and that Defendant would inform an attorney in their office of such

18. On or about March 2015, Plaintiff received two certified letters from Defendant. Plaintiff suspecting that these letters were further attempts to collect on the same debt he had previously informed the Defendant that he did not owe, refused acceptance of these letters and they were returned to the Defendant.

19. As a result of receiving the aforementioned letters from the Defendant, on March 19, 2015, Plaintiff contacted the Defendant and once again told the Defendant that he is not the person who owes this debt. Plaintiff explained to Defendant that his has a different social security number and address than William J. Wagner Jr. and to stop contacting him regarding this debt. Defendant told Plaintiff that they would email an attorney in their

office informing them that the Plaintiff had a different social security number and address.

20. That despite multiple times being notified that the Plaintiff is not William J. Wagner Jr., and that he doesn't owe the subject debt, Plaintiff received a Subpoena Duces Tecum with Restraining Notice from Defendant dated May 15, 2015. This subpoena commanded the Plaintiff to appear for a debtor's exam on July 7, 2015 at Defendant's office.

21. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

22. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by sending letters addressed to the Plaintiff in an attempt to collect a debt that Plaintiff does not owe and by serving Plaintiff with a subpoena for a debtor exam when Plaintiff is not the Judgment debtor.

24. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

3

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: July 17, 2015

_____
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com
