UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM J. WAGNER,

           Plaintiff,

v.                                                                  **Civil Action No. 15-CV-633**

CHIARI & ILECKI, LLP.,

           Defendant.

---

### REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS
### DIRECTED TO DEFENDANT CHIARI & ILECKI, LLP.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant produce within thirty (30) days, the documents described herein and permit Plaintiff and his attorneys to inspect and copy such documents as they may desire. Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff, 6000 N. Bailey Avenue, Suite 1A, Amherst, New York 14226, or at such office of the Defendant as may be the location of any of the documents requested, during normal business hours, with the least possible disruption to the ordinary course of Defendant's duties and responsibilities.

Plaintiff further requests that this inspection be permitted by Defendant immediately after Defendant's response to this request has been filed, and that Plaintiff's attorneys be permitted to remove from Defendant's custody such documents as they may desire to copy, on the understanding that Plaintiff's attorneys will be responsible for such documents so long as they are in their possession, that copying will be done at Plaintiff's expense, and that the documents will be promptly returned after copying has been completed.

As used in this request, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably and as appropriate for the Defendant to whom the request is directed.

This request is intended to cover all documents in Defendant's possession, or subject to their custody and control, regardless of location.

As used in this request, the term "document" means every writing or record of every type and description that is in the possession, control or custody of Defendant, including but not limited to, correspondence, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys; minutes or statistical compilations, data processing cards or computer records or tapes or print-outs; agreements, communications, state and federal governmental hearings, and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circular, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

**If there are no such documents, please so state. If there are such documents, please list and mark appended documents responsive to each request.** (Federal Rules of Civil Procedure, Rule 34(b)). These Requests are deemed to be continuing in nature and Defendant is advised of Defendant's duty to seasonably update all such Requests in accordance with the Federal Rules of Civil Procedure.

## **DOCUMENTS REQUESTED**

1. Any and all documents identified in Response to all sets of Plaintiff's Interrogatories and Plaintiff's Request for Admissions.

2. Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendant's employees in each of the following areas:

   a. Defendant's collection policies;
   b. Defendant's collection procedures;
   c. Defendant's collection methods;
   d. Defendant's collection techniques;
   e. Defendant's collection tactics;
   f. Defendant's collection rules;
   g. Defendant's collection regulations; and
   h. Defendant's compliance with local, state, or federal laws, codes, or regulations.

3. Any and all training, personnel, or other instruction manuals used by the collection personnel who are employed by or supervised by Defendant.

4. Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, or other electronic or non-electronic device used in any manner in Defendant's collection process.

5. Any and all documents of other lawsuits, claims, or other proceedings that have been brought against Defendants from January 1, 2011 to the present.

6. With respect to each of Defendant's employees who made any entry on the collection log and records previously provided to Plaintiff, any and all of said employee's human resource department records, employment files, and other documents for said employee's, including but not limited to any disciplinary notices, reprimands, incident reports, and electronic recordings.

7. Any and all documents in Defendant's possession or control, which Defendant claims, are relevant in any way to the subject matter of the instant lawsuit.

8. Any and all unredacted and/or unaltered documents recording, documenting, or otherwise tracking Defendant's collection efforts related in any way to Plaintiff's alleged debt that is the subject of this lawsuit, including but not limited to:

   a. Inbound or outbound telephone calls to or from the Plaintiff or any other party in connection with Defendant's attempts to collect the subject debt;

   b. Inbound or outbound United States mail to or from the Plaintiff or any other party in connection with Defendant's attempts to collect the subject debt.

9. Any and all printouts of available computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner in Defendant's collection process, which include either Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable to Plaintiff.

10. A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

11. Any and all recordings regarding Defendant's collection efforts in this matter.

12. Any and all correspondence, reports, manuals, emails, or otherwise named documents regarding Defendant's investigation to determine that Plaintiff was the judgment debtor.

13. Any and all correspondence, reports, manuals, emails, or otherwise named documents from any third party to Defendant regarding the address of the Plaintiff.

14. Any and all correspondence, reports, manuals, emails, or otherwise named documents from Defendant to any third party to regarding the address of the Plaintiff.

15. Any and all correspondence, reports, manuals, emails, or otherwise named documents from any third party to Defendant regarding the address of the William J. Wagner, Jr.

16. Any and all correspondence, reports, manuals, emails, or otherwise named documents from the Defendant to any third party regarding the address of the William J. Wagner, Jr.

Dated: March 28, 2016
    Buffalo, New York

_____
Seth J. Andrews, Esq.
Attorney for the Plaintiff
Law Offices of Kenneth Hiller, PLLC
6000 N. Bailey Avenue, Suite 1A
Amherst, New York 14226
(716) 564-3288

TO:    Terrence M. Connors, Esq.
        Attorney for the Defendant
        Connors & Vilardo, LLP
        1000 Liberty Building
        424 Main Street
        Buffalo, NY 14202
        (716) 852-5533