# ⌊ CONNORS LLP

*Attorneys At Law*
Terrence M. Connors
Randall D. White*
John T. Loss
Vincent E. Doyle III
Michael J. Roach
Lawlor F. Quinlan III
James W. Grable, Jr.
Joseph D. Morath, Jr.
Mollie C. McGorry
Paul A. Woodard
Nicholas A. Romano
Christina L. Saccocio

*Paralegals*
Susan B. Fischer, R.N.
Curtis J. Ahrens, Jr.
John P. Kromer
Nancy Pelham, R.N.
Sara E. Lyons
Christine A. Trojan, R.N.
Katherine M. Rusch
Margaret Dickey, R.N.

*Also admitted in
District of Columbia*

December 30, 2015

**VIA EMAIL AND FIRST-CLASS MAIL**

Seth J. Andrews, Esq.
The Law Offices of Kenneth Hiller
6000 North Bailey Avenue, Suite 1A
Amherst, New York 14226

Re:   Wagner v. Chiari & Ilecki, LLP

Dear Mr. Andrews:

I enclose the defendant's Rule 26(a)(1) initial disclosures.

Very truly yours,

*[signature]*

Terrence M. Connors

TMC/klw
Enclosure

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM J. WAGNER,

        Plaintiff,

-vs-                                                    Docket No. 15-cv-633-JTC

CHIARI & ILECKI, LLP,

        Defendant.

---

## DEFENDANT'S RULE 26(a)(1) DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, defendant, CHIARI & ILECKI, LLP, submits the following initial disclosures. These disclosures are based on information reasonably available and known to defendant as of this date. Defendant has made a good-faith effort to identify information subject to the disclosure requirements of Rule 26(a)(1).

1.      The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless that use would be solely for impeachment.

**RESPONSE:** Defendant may rely on the following individuals to support its claims or defenses:

      a.      **William Ilecki, Esq., Chiari & Ilecki, LLP, 14 Lafayette Square, Suite 1440, Buffalo, New York 14203, (716) 838-4300:** Mr. Ilecki is a partner in defendant and should only be contacted through counsel. Mr. Ilecki likely will possess information concerning the debt referenced in paragraph 10 and elsewhere in the

-1-

complaint ("the debt at issue"), defendant's efforts to locate William J. Wagner Jr. ("the debtor"), defendant's efforts to collect the debt from the debtor, defendant's researched, good-faith belief that the debtor resides at 5419 Roberts Road, Hamburg, New York 14075 ("5419 Roberts Road"), defendant's communications with plaintiff, defendant's policies and procedures for locating debtors and collecting debts, defendant's compliance with the Fair Debt Collection Practices Act ("FDCPA"), and the lack of merit to plaintiff's allegations and claims.

b. **Melissa Overbeck, Esq., Chiari & Ilecki, LLP, 14 Lafayette Square, Suite 1440, Buffalo, New York 14203, (716) 838-4300:** Ms. Overbeck is an associate with defendant and should only be contacted through counsel. Ms. Overbeck likely will possess information concerning the debt at issue, defendant's efforts to locate the debtor, defendant's efforts to collect the debt from the debtor, defendant's researched, good-faith belief that the debtor resides at 5419 Roberts Road, defendant's communications with plaintiff, defendant's policies and procedures for locating debtors and collecting debts, defendant's compliance with the FDCPA, and the lack of merit to plaintiff's allegations and claims.

c. **Karen Sandford, Chiari & Ilecki, LLP, 14 Lafayette Square, Suite 1440, Buffalo, New York 14203, (716) 838-4300:** Ms. Sandford is an employee of defendant and should only be contacted through counsel. Ms. Sandford likely will possess information concerning defendant's communications with plaintiff and the lack of merit to plaintiff's allegations and claims.

d. **Kristian Brown, Chiari & Ilecki, LLP, 14 Lafayette Square, Suite 1440, Buffalo, New York 14203, (716) 838-4300:** Ms. Brown is an employee of defendant and should only be contacted through counsel. Ms. Brown likely will possess information concerning defendant's communications with plaintiff and the lack of merit to plaintiff's allegations and claims.

e. **Rita Marti, Chiari & Ilecki, LLP, 14 Lafayette Square, Suite 1440, Buffalo, New York 14203, (716) 838-4300:** Ms. Marti is an employee of defendant and should only be contacted through counsel. Ms. Marti likely will possess information concerning defendant's efforts to collect the debt from the debtor and the lack of merit to plaintiff's allegations and claims.

 f. Antoinette Ferraro, Chiari & Ilecki, LLP, 14 Lafayette Square, Suite 1440, Buffalo, New York 14203, (716) 838-4300: Ms. Ferraro is an employee of defendant and should only be contacted through counsel. Ms. Ferraro likely will possess information concerning defendant's efforts to collect the debt from the debtor and the lack of merit to plaintiff's allegations and claims.

 g. Any and all present or former agents or affiliates of plaintiff who possess information relating to the allegations in the complaint.

 h. Any witness necessary to authenticate documents.

 i. Any person identified in any deposition, answer to interrogatory, response to non-party production or subpoena, requests for production, or other document produced in this case.

 j. Any witness identified between now and the start of trial.

 k. Any and all witnesses, including experts, who may be required as rebuttal witnesses based on the testimony of plaintiff's witnesses, including, but not limited to, all persons listed on any expert witness list.

 l. Any witness identified or disclosed by plaintiff and/or defendant and not objected to by defendant.

2. A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**RESPONSE:** Defendant may use the following documents to support its claims or defenses:

 a. Documents attached as CHIARI000001 – CHIARI000017.

 b. Documents, electronically stored information ("ESI"), and other materials maintained by defendant concerning the debt at issue.

    c.      Documents, ESI, and other materials maintained by defendant concerning defendant's efforts to locate the debtor.

    d.      Documents, ESI, and other materials maintained by defendant concerning defendant's efforts to collect the debt at issue from the debtor.

    e.      Documents, ESI, and other materials maintained by defendant concerning defendant's communications with plaintiff.

3.      A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of the injuries suffered.

**RESPONSE:** Not applicable.

4.      For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:** Defendant is insured under a policy with Travelers Casualty and Surety Company of America bearing number 105744803. A copy of the policy is attached as CHIARI000018 – CHIARI000049.

-5-

DATED: Buffalo, New York
December 30, 2015

*Terrence M. Connors*

Terrence M. Connors, Esq.
Paul A. Woodard, Esq.
**CONNORS LLP**
*Attorneys for Defendant*
1000 Liberty Building
Buffalo, New York 14202
(716) 852-5533
tmc@connorsllp.com
paw@connorsllp.com