UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM J. WAGNER,

    Plaintiff,

-vs-                        Docket No. 15-cv-633-JTC

CHIARI & ILECKI, LLP,

    Defendant.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, through his attorneys, Law Offices of Kenneth Hiller, PLLC, hereby responds to Defendant's First Set of Interrogatories Requests:

### General Objections

1. Plaintiff objects to Defendant's First Set of Interrogatories to the extent that they seek information not known to Plaintiff.

2. Plaintiff objects to Defendant's First Set of Interrogatories to the extent that they call for information beyond the scope of the above captioned litigation.

3. Plaintiff has not completed his investigation, has not completed discovery, and has not completed trial preparation. Plaintiff bases his responses contained herein on his knowledge, information, and belief at this time and reserve the right to supplement responses to these discovery requests to the extent necessary and appropriate.

4. In providing these objections, and in the response to Defendant's First Set of Interrogatories of Documents pursuant thereto, Plaintiff does not in any way waive, or intend to waive, but rather intend to preserve and is preserving:

-1-

a. All objections as to competence, relevancy, materiality, and admissibility of the Notice (or responses) or the subject matter thereof;

b. All objections to vagueness, ambiguity, and undue burden;

c. All rights to object on any ground to the use of and any of said documents or responses, or the subject matter thereof, in any subsequent proceeding, including trial of this or any other action: and,

d. All rights to object on any ground to any request or further responses to these or any other interrogatory requests, or other discovery requests involving or related to the subject matter of these discovery requests.

5. The inadvertent or mistaken production of documents or statements subject to the protections of the attorney-client privilege, work product doctrine, or other privilege shall not constitute a general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice or counsel or any privileged communications. All such inadvertently produced document(s) or statements shall be returned to Plaintiff's counsel, along with any copies made thereof.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify each and every person who may have information or knowledge relevant to this action, and for each such person, describe the subject(s) of which he or she has information or knowledge.

**ANSWER:** Objection. Plaintiff further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects Plaintiff also objects as the information requested is not relative to any claim or defense in the action. Without waiving any objection, Plaintiff responds as follows: Plaintiff, Seth J. Andrews, Esq., and Kenneth R Hiller, Esq. Plaintiff reserves the right to supplement this response.

-2-

## INTERROGATORY NO. 2

For each communication that plaintiff had with defendant or any other person concerning the debt at issue, defendant's collection efforts, or the allegations of the complaint, state the following:

(a) The name of the individual initiating the communication;

(b) The date and time;

(c) The method (*e.g.*, letter, telephone call);

(d) The substance of the communication; and

(e) Any witnesses to or participants in the communication.

ANSWER: Objection. Plaintiff further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects Plaintiff also objects as the information requested is not relative to any claim or defense in the action. Without waiving any objection, Plaintiff responds as follows: That on February 12, 2015, Plaintiff received a letter from Defendant dated February 9, 2015, addressed to a William J. Wagner, JR., signed by Melisa Overbeck, Esq. The letter stated there was a judgment against Plaintiff in the amount of $2,570.17. The letter was addressed to Plaintiff's residence. On or about February 12, 2015 Plaintiff called the Defendant in regards to the letter Plaintiff received and spoke to a woman named Karen. Plaintiff stated to the Defendant he was not William J. Wagner Jr. and did not owe the debt that was referenced in the letter sent to Plaintiff. During this conversation with the Defendant, Plaintiff confirmed that his social security number did not match that of William J. Wagner Jr. Defendant then informed the Plaintiff that he was not the person they were looking for and that Defendant would inform an attorney in their office of such. On or about March 2015, Plaintiff received two certified letters from Defendant. Plaintiff, suspecting that these letters were further attempts to collect on the same debt he had previously informed the Defendant that he did not owe, refused acceptance of these letters and they were returned to the Defendant. As a result of receiving the aforementioned letters from the Defendant, on March 19, 2015, Plaintiff contacted the Defendant and once again told the Defendant that he is not the person who owes this debt. During this conversation, Plaintiff spoke with an individual named Christian. Plaintiff explained to Defendant that he has a different social security number and address than William J. Wagner Jr. and to stop contacting him regarding this debt. Defendant told Plaintiff that they would email an attorney in their office informing them that the Plaintiff had a different social security number and address. Following this conversation, Plaintiff received a Subpoena Duces Tecum with Restraining Notice from Defendant dated May 15, 2015. This subpoena commanded the Plaintiff to appear for a debtor's exam on July 7,

-3-

2015 at Defendant's office. The subpoena was signed by Melissa Overbeck, Esq. Plaintiff reserves the right to supplement this response.

INTERROGATORY NO. 3

Identify, and state the amount of, each and every item of actual damage sustained by plaintiff for which plaintiff seeks to recover pursuant to 15 U.S.C. § 1692k(a)(1).

ANSWER: Objection. Plaintiff further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects Plaintiff also objects as the information requested is not relative to any claim or defense in the action. Without waiving any objection, Plaintiff responds as follows: Said demand is premature as liability against the Defendant has not been established and this is an issue for determination for the jury. Plaintiff reserves the right to supplement this response

INTERROGATORY NO. 4

Describe in detail the "emotional distress" and "nervous, upset, [and] anxious" state that plaintiff allegedly has experienced as a result of defendant's alleged violation(s) of the FDCPA. *See* Complaint at ¶¶ 21, 24.

ANSWER: Objection. Plaintiff further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects Plaintiff also objects as the information requested is not relative to any claim or defense in the action. Without waiving any objection, Plaintiff responds as follows: Plaintiff suffered emotional distress in the form of anxiety over being served with a subpoena instructing him to disclose private information, including Plaintiff's finances. Plaintiff also suffered anxiety from the letters sent by Defendant stating he owed a judgment to M.J. Peterson. Plaintiff experienced nervousness, insomnia, and hypertension as a result of Defendant's attempts to collect a debt he does not owe. He also suffered humiliation and embarrassment and nervousness regarding what his neighbors possibly heard when the process server served him with the subpoena signed by Melissa Overbeck. Plaintiff reserves the right to supplement this response.

-4-

INTERROGATORY NO. 5

Identify and describe in detail each and every manner in which, and the degree to which, plaintiff's life has been affected by the "emotional distress" and "nervous, upset, [and] anxious" state that plaintiff allegedly has experienced as a result of defendant's alleged violation(s) of the FDCPA. *See* Complaint at ¶¶ 21, 24.

ANSWER: Objection. Plaintiff further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects Plaintiff also objects as the information requested is not relative to any claim or defense in the action. Without waiving any objection, Plaintiff responds as follows: See response to Interrogatory number 4. Plaintiff reserves the right to supplement this response

INTERROGATORY NO. 6

Identify each and every medical provider, counselor, psychologist, psychiatrist, therapist, mental health professional, or other care provider from whom plaintiff has sought treatment or consultation for feeling "nervous, upset, [or] anxious" or suffering from "emotional distress" from 2005 to present, and for each such person, specify the dates of treatment or consultation. *See* Complaint at ¶¶ 21, 24.

ANSWER: Objection. Plaintiff further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects Plaintiff also objects as the information requested is not relative to any claim or defense in the action. Without waiving any objection, Plaintiff responds as follows: None. Plaintiff reserves the right to supplement this response.

INTERROGATORY NO. 7

Identify, and state the amount of, each and every cost or disbursement of this action that plaintiff seeks to recover pursuant to 15 U.S.C. § 1692k(a)(3).

ANSWER: Objection. Plaintiff further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects

ANSWER: Objection. Plaintiff further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects Plaintiff also objects as the information requested is not relative to any claim or defense in the action. Without waiving any objection, Plaintiff responds as follows: None. Plaintiff reserves the right to supplement this response.

INTERROGATORY NO. 11

Identify each and every individual who has resided at 5419 Roberts Road at any point in time from January 1, 2000, to present, and for each such person, specify the time period(s) during which that person resided at 5419 Roberts Road.

ANSWER: Objection. Plaintiff further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects Plaintiff also objects as the information requested is not relative to any claim or defense in the action. Without waiving any objection, Plaintiff responds as follows: Plaintiff, his wife, Julia, and his son. Andrew Wagner.

INTERROGATORY NO. 12

Identify each and every specific section and subsection of the FDCPA of which plaintiff claims there has been a violation for which defendant is liable.

ANSWER: Objection. Plaintiff further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects Plaintiff also objects as the information requested is not relative to any claim or defense in the action. Without waiving any objection, Plaintiff responds as follows: Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f and 15 U.S.C. §1692f(1). Plaintiff reserves the right to supplement this response

INTERROGATORY NO. 13

For each section and subsection of the FDCPA identified in response to Interrogatory No. 12, identify each and every act or omission which plaintiff claims was in violation of that section or subsection, and state the basis for plaintiff's claim that defendant is liable for that violation.

-7-

## VERIFICATION

I, William J. Wagner, the Plaintiff herein, make this verification that I have read the foregoing Plaintiff's Response to Defendant's First Set of Interrogatories and know the contents thereof, and that the statements contained in Plaintiff's Response to Defendant's First Set of Interrogatories are based upon my own personal knowledge, true and correct, except that as to those matters alleged upon information and belief, I believe my information to be true.

_____
William J. Wagner

Sworn and subscribed before me
on the 23 day of September, 2016.

_____
Notary Public

SETH J. ANDREWS
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
COMMISSION EXPIRES 4-8-17