**Ken Hiller**

---

| | |
|---|---|
| **From:** | Ken Hiller <khiller@kennethhiller.com> |
| **Sent:** | Tuesday, October 18, 2016 6:43 PM |
| **To:** | 'paw@connorsllp.com' |
| **Cc:** | 'tmc@connorsllp.com'; sandrews@kennethhiller.com |
| **Subject:** | Wagner v. Ilecki |

Dear Mr. Woodard:

At the outset of this case, I questioned your firm's representation of the Ilecki law firm in this case due to your firm's representation of me in a claim made against my firm in the past.  In that case, I divulged confidential information to your firm regarding my employees and the practices of my firm.

It has come to my attention that you are seeking to depose, without restriction, Seth Andrews, an attorney employed by my firm.  I think very clearly at this point there is a conflict of interest.  Confidential information I provided to your firm in the course of your firm's representation of me might be used to aid in your cross-examination of Mr. Andrews.

At this time, your firm is representing a client who has an interest materially adverse to the interests of my firm.  I believe at this time there is no question that your firm must withdraw as counsel in this case.   Please promptly confirm that you will be filing such a motion.

Kenneth Hiller
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
716-564-3288



# Law Offices of
# Kenneth
# Hiller PLLC

Main Office:  6000 North Bailey Avenue, Suite 1A, Amherst, New York 14226
Telephone:  (716) 564-3288   Facsimile:  (716) 332-1884
Toll Free Number:  (877) 236-7366
www.kennethhiller.com

October 25, 2016

**Via Fax and Mail**

Connors LLP
1000 Liberty Building
Buffalo, NY 14202
Fax: 716-852-5649

**Re: Wagner v. Chiari & Ilecki, LLP**

Dear Messrs. Connors and Woodard:

On October 18, 2016, your firm served my associate, Seth Andrews, with a notice to take his deposition.  That same day, I sent you an email requesting that your firm immediately withdraw as counsel given the obvious conflict of interest that has emerged in this case.

It was surprising enough that your firm, which I have the greatest respect for, would resort to the type of gamesmanship that service of the deposition notice represents.  But it is even more surprising that upon being presented with a claim that your firm is engaged in a serious conflict of interest, that there would be no response.

Out of respect for your firm, and in the hope that we can avoid motion practice, I am making one final attempt to solicit a response to our demand that you withdraw as counsel.  If I do not hear from you by Friday, October 28, 2016, I will file a motion to disqualify your firm from this case.

Very truly yours,

Kenneth Hiller

Encl. 10/18/2016 email

*Social Security Disability, Consumer Litigation and Long Term Disability*

**From:** Ken Hiller [mailto:khiller@kennethhiller.com]
**Sent:** Tuesday, October 18, 2016 6:43 PM
**To:** 'paw@connorsllp.com' <paw@connorsllp.com>
**Cc:** 'tmc@connorsllp.com' <tmc@connorsllp.com>; sandrews@kennethhiller.com
**Subject:** Wagner v. Ilecki

Dear Mr. Woodard:

At the outset of this case, I questioned your firm's representation of the Ilecki law firm in this case due to your firm's representation of me in a claim made against my firm in the past.  In that case, I divulged confidential information to your firm regarding my employees and the practices of my firm.

It has come to my attention that you are seeking to depose, without restriction, Seth Andrews, an attorney employed by my firm.  I think very clearly at this point there is a conflict of interest.  Confidential information I provided to your firm in the course of your firm's representation of me might be used to aid in your cross-examination of Mr. Andrews.

At this time, your firm is representing a client who has an interest materially adverse to the interests of my firm.  I believe at this time there is no question that your firm must withdraw as counsel in this case.  Please promptly confirm that you will be filing such a motion.

Kenneth Hiller
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
716-564-3288

**Ken Hiller**

| | |
|---|---|
| **From:** | Paul A. Woodard <paw@connorsllp.com> |
| **Sent:** | Friday, October 28, 2016 4:19 PM |
| **To:** | Kenneth Hiller |
| **Cc:** | Terrence M. Connors; Seth Andrews |
| **Subject:** | Wagner v. Chiari & Ilecki |
| **Attachments:** | 2016.10.28 Hiller LTR.PDF |

Ken,

I enclose our response to your October 18, 2016 email and October 25, 2016 letter.  Once you have had a chance to review it, feel free to give me a call to discuss the matter further.

Best regards,

Paul

--

Paul A. Woodard
Connors LLP
1000 Liberty Building
Buffalo, NY 14202
716-852-5533 (Phone)
716-852-5649 (Fax)
paw@connorsllp.com

**CONFIDENTIAL:** *This e-mail is confidential and intended only for the recipient(s) named.  Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others.  If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.  Thank you.*



# CONNORS LLP

October 28, 2016

**Attorneys At Law**
Terrence M. Connors
Randall D. White*
John T. Loss
Vincent E. Doyle III
Michael J. Roach
Lawlor F. Quinlan III
James W. Grable, Jr.
Joseph D. Morath, Jr.
Mollie C. McGorry
Paul A. Woodard
Nicholas A. Romano
Caitlin M. Higgins
Christina L. Saccocio
Christopher J. Larrabee
Caitlin E. O'Neil

**Paralegals**
Susan B. Fischer, R.N.
Curtis J. Ahrens, Jr.
John P. Kromer
Sara E. Lyons
Christine A. Trojan, R.N.
Katherine M. Rusch
Margaret Dickey, R.N.
Julie Scott, L.P.N.
Stephanie M. Haberl, R.N.

*Also admitted in
District of Columbia

**Via Email & First-Class Mail**
Kenneth Hiller, Esq.
The Law Offices of Kenneth Hiller
6000 North Bailey Avenue, Suite 1A
Amherst, New York 14226

    Re: Wagner v. Chiari & Ilecki, LLP

Dear Mr. Hiller:

   I write in response to your October 18, 2016 email and October 25, 2016 letter in which you express concern that our decision to depose your associate, Seth J. Andrews, Esq., is motivated by improper gamesmanship and creates a conflict of interest based on our previous representation of you in unrelated matters. Respectfully, we disagree.

   Our decision to seek Mr. Andrews' deposition was given much thought and made completely in good faith. As a matter of practice, we would not notice an attorney's deposition casually, and certainly not for the purpose of harassment. This, however, is the unusual case where a party's attorney – Mr. Andrews – apparently has factual evidence relevant to the merits of the case. Indeed, your office specifically confirmed that point in your interrogatory responses.

   As I explained in the voicemail that I left Mr. Andrews before noticing his deposition, Mr. Andrews is a fact witness on a specific topic that bears on the merits of this case – namely, his pre-lawsuit communications with Chiari & Ilecki, LLP, about the plaintiff's identity and the debt collection efforts on which the plaintiff's claims are based. Presumably, that is why your firm identified Mr. Andrews as someone with "information or knowledge relevant to this action" in plaintiff's response to Interrogatory No. 1. That is precisely why we seek Mr. Andrews' deposition.

   As for the possibility of a conflict of interest, we have expressed before that we take our responsibilities under the Rules of Professional Conduct very seriously. As we explained in our August 20, 2015 letter, a copy of which is attached, we took the time at the outset of this litigation to consider

Kenneth Hiller, Esq.
October 28, 2016
Page 2

----------------------------------

the possibility of a conflict and to research the applicable ethics
standards. Based on that review, we concluded that Rule 1.9 (Duties to
Former Clients) is not implicated, and there is no conflict of interest here.

You agreed with our conclusion at that time and assented to our
representation. Indeed, in your August 20, 2015 email, a copy of which is
attached, you specifically agreed that our analysis was "reasonable," and you
confirmed that you "have no objection to [us] representing Chiari & Ilecki."

Simply put, our decision to depose Mr. Andrews does not affect that
conclusion. You have expressed concern that "[c]onfidential information [you]
provided to [our] firm . . . might be used to aid in [our] cross-examination of
Mr. Andrews." But you do not identify any such "confidential information,"
and we are not aware of any. And for that matter, neither the present action
nor Mr. Andrews' deposition has anything to do with our previous
representation of you. Thus, we fail to see any issue in that regard.

With your consent, we undertook a duty to represent Chiari & Ilecki in
this lawsuit. At Chiari & Ilecki's expense, we have dedicated substantial
time and resources to researching the applicable law, investigating the facts
of the case, developing a litigation strategy, and defending the case all the
way to the eve of the close of discovery. In the absence of an actual conflict,
we are duty bound to see Chiari & Ilecki through the remainder of this
proceeding.

Indeed, given the late stage of this litigation and the substantial time
that we have dedicated to it, Chiari & Ilecki would be materially, adversely
affected by our withdrawal. Under such circumstances, Rule 1.16 of the
Rules of Professional Conduct does not permit us to withdraw.

Moreover, as a matter of professional practice, we do not take the
obligations that we owe our clients lightly. At the start of this case, we gave
Chiari & Ilecki our word that we would guide them through this proceeding.
We are compelled to honor that obligation now – just as we did when we
represented you many years ago.

In sum, our decision to depose Mr. Andrews is not motivated by
improper gamesmanship, and it certainly does not give rise to a conflict of
interest. Mr. Andrews was a party to communications that are directly
relevant to the merits of this lawsuit, and, thus, it is unfortunately necessary
to ask him to submit to what should be a very brief and limited deposition.

Kenneth Hiller, Esq.
October 28, 2016
Page 3

-----------------------------------

      As we have expressed before, we hold your firm in the highest regard, and we hope that we can resolve this issue amicably.  Once you have had an opportunity to consider this response, please advise whether it resolves your concerns.  Of course, please feel free to call me if you wish to discuss this matter further.

      Thank you for your consideration.

      Very truly yours,

      Paul A. Woodard

PAW/klw
Enclosures

cc:    Terrence M. Connors, Esq.
       Seth J. Andrews, Esq.



CONNORS & VILARDO LLP

*The Lawyers To See*

August 20, 2015

**Attorneys At Law**

Terrence M. Connors

Lawrence J. Vilardo

Randall D. White*

John T. Loss

Vincent E. Doyle III

Michael J. Roach

Lawlor F. Quinlan III

James W. Grable, Jr.

Joseph D. Morath, Jr.

Mollie C. McGorry

Matthew R. Benner

Paul A. Woodard

Nicholas A. Romano

Christina L. Saccocio

*Also admitted in District
of Columbia

**Paralegals**

Susan B. Fischer, R.N.

Curtis J. Ahrens, Jr.

John P. Kromer

Nancy Pelham, R.N.

Sara E. Lyons

Laura M. Lonski

Karen L. Buchinger, R.N.

Christine A. Trojan, R.N.

*Via Email and First-Class Mail*

Kenneth Hiller, Esq.
The Law Offices of Kenneth Hiller
6000 North Bailey Avenue, Suite 1A
Amherst, New York  14226

Re:   Wagner v. Chiari & Ilecki, LLP

Dear Ken:

   Thank your for your email of August 12, 2015, raising your concern about the possibility of a conflict of interest for me and my firm in this matter.  I have taken the time to consider this issue, consult with other attorneys in my firm, and research the applicable ethics standards.  Following my review, I do not believe that there is any conflict of interest, and I want to explain my reasoning to you.

   As you point out in your email, my firm has previously represented you and/or your firm in several cases in which claims were made against you.  Thus, you and your firm are former clients of my firm.  The Rules of Professional Conduct establish the duties an attorney owes to former clients.  Specifically, Rule 1.9(a) provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

   We take our responsibilities under Rule 1.9 seriously.  I do not believe, however, that the Rule is implicated here.  Because neither you nor your firm are a party to this action, you do not have "interests" in the action within the meaning of Rule 1.9.  In other words, Rule 1.9 prohibits a lawyer from representing a party in an action in which a former client is also a party.  Neither the language of the Rule nor any case or ethics opinion decided under it suggests that a conflict is created when one lawyer appears in an action in which another party is represented by a lawyer who is a former client of the first lawyer.

Kenneth Hiller, Esq.
August 20, 2015
Page 2


As you may know, my firm frequently represents attorneys in this community. We have appeared in many actions over the years in which the other side is represented by a lawyer or firm whom we have previously represented. We have never experienced any problems relating to "conflicts" in any of these cases. We simply couldn't agree to represent lawyers if it meant that we would be unable to litigate adverse positions in the future.

I do appreciate the fact that you addressed your concern with us and provided us an opportunity to respond to you. I hope that this letter addresses your concern satisfactorily. If you would like to discuss this further, I am willing to do so. Thank you for your courtesy.

Very truly yours,

Terrence M. Connors

dab

| From: | Ken Hiller <khiller@kennethhiller.com> |
|---|---|
| Sent: | Thursday, August 20, 2015 1:54 PM |
| To: | Terrence M. Connors |
| Cc: | sandrews@kennethhiller.com; 'Tim Hiller' |
| Subject: | RE: Wagner v. Chiari & Ilecki |

Terry:

Thank you for your response.  It seems reasonable to me.  I have no objection to you representing Chiari & Ilecki.

Kenneth Hiller
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
716-564-3288

**From:** Terrence M. Connors [mailto:tmc@connors-vilardo.com]
**Sent:** Thursday, August 20, 2015 12:41 PM
**To:** Ken Hiller <khiller@kennethhiller.com>
**Subject:** Wagner v. Chiari & Ilecki

Ken:

   I attach our response to the issue you raised about a potential conflict.  We take your concern serious but our research shows that we may remain as counsel to Chiari & Ilecki.  Please let me have your thoughts.

   Regards,  Terry

Terrence M. Connors, Esq.
Connors & Vilardo, LLP
1000 Liberty Building
Buffalo, New York 14202
716-852-5533 (Phone)
716-852-5649 (Fax)
tmc@connors-vilardo.com
www.connors-vilardo.com

Go Green! Print this email only when necessary. Thank you for helping Connors & Vilardo, LLP be environmentally responsible.

## Ken Hiller

| | |
|---|---|
| **From:** | Ken Hiller <khiller@kennethhiller.com> |
| **Sent:** | Tuesday, November 01, 2016 2:27 PM |
| **To:** | 'paw@connorsllp.com' |
| **Cc:** | sandrews@kennethhiller.com |
| **Subject:** | Wagner v. Ilecki |

Dear Mr. Woodard:

We are considering filing a motion for a protective order relative to the notice of deposition of Seth Andrews.  We are at a loss to discern what relevance Mr. Andrews testimony might have to the case.  The conversations took place *after* all of the conduct alleged in the complaint.  Please advise me of your position this.

Assuming there is some relevance, we would also like to know the extent to which you are willing to restrict the issues that may be addressed at the deposition.  As it currently stands, the deposition is open-ended.

I send this email reserving all rights to object to the deposition notice, including whether it was timely and properly served.  We continue to believe that your firm must withdraw as counsel for the Defendant, and reserve our rights to seek to disqualify your firm from this case.

Kenneth Hiller
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
716-564-3288

## Ken Hiller

| | |
|---|---|
| **From:** | Ken Hiller <khiller@kennethhiller.com> |
| **Sent:** | Friday, November 04, 2016 5:12 PM |
| **To:** | 'paw@connorsllp.com' |
| **Cc:** | sandrews@kennethhiller.com; 'Tim Hiller' (thiller@kennethhiller.com) |
| **Subject:** | Wagner v. Ilecki |

Paul:

I did not hear from you today, and the deposition was noticed for November 8.  I would like to receive written confirmation that either 1) you agree to limit the deposition to questions of Mr. Andrews to the conversation he had with Mr. Ilecki's office, or 2) that you will withdraw the deposition notice based upon our stipulation that Mr. Andrews will not be called as a witness at trial.

If you are not agreeable to numberr 2 above, I will be filing a Motion for a Protective Order on Monday.

Kenneth Hiller
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
716-564-3288

## Ken Hiller

| | |
|---|---|
| **From:** | Ken Hiller <khiller@kennethhiller.com> |
| **Sent:** | Sunday, November 06, 2016 4:56 PM |
| **To:** | 'Paul A. Woodard' |
| **Cc:** | sandrews@kennethhiller.com; 'Tim Hiller' (thiller@kennethhiller.com) |
| **Subject:** | RE: Wagner v. Ilecki |

Paul:

I think the question of whether you will withdraw the deposition notice upon a stipulation that Seth will not be called as a witness is not complex.  By adjourning the motion as you have requested, we would be, in effect, waiving our claim that the deposition notice was not timely served under the local rules.   In addition, we would be opening the door to whatever additional discovery plans you might have.  I will be filing the motion tomorrow unless we can reach a stipulation before 10:00 a.m. tomorrow.

Let this confirm that we will not be producing Mr. Andrews for the deposition given the fact that we will either be stipulating that he will not be deposed or called as a witness, or we will be filing a motion for a protective order.

Thank you.

Kenneth Hiller
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
716-564-3288

---

**From:** Paul A. Woodard [mailto:paw@connorsllp.com]
**Sent:** Sunday, November 06, 2016 3:51 PM
**To:** 'Ken Hiller' <khiller@kennethhiller.com>
**Cc:** sandrews@kennethhiller.com; 'Tim Hiller' <thiller@kennethhiller.com>
**Subject:** RE: Wagner v. Ilecki

Ken,

Further to our discussion on Thursday, we agree to limit Seth Andrews' deposition to the topic of his communications with Chiari & Ilecki prior to the commencement of this action, concerning the matters at issue in this action (provided that you agree not to call Mr. Andrews as a witness at trial on any other topics).

We still are considering your proposal regarding entering into a stipulation in lieu of deposing Mr. Andrews.  Therefore, I propose that we agree to (1) adjourn Mr. Andrews' deposition and (2) jointly ask the Court to extend the current discovery deadline by 45 days.  That should give us ample time to explore alternatives to taking Mr. Andrews' deposition and hopefully avoid the need for motion practice altogether.

Please let me know whether you agree.  If so, I will submit a letter request for an extension to the Court.

Thanks,

Paul

--

Paul A. Woodard
Connors LLP
1000 Liberty Building
Buffalo, NY 14202
716-852-5533 (Phone)
716-852-5649 (Fax)
paw@connorsllp.com

*CONFIDENTIAL: This e-mail is confidential and intended only for the recipient(s) named.  Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others.  If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.  Thank you.*

**From:** Ken Hiller [mailto:khiller@kennethhiller.com]
**Sent:** Friday, November 04, 2016 5:17 PM
**To:** Paul A. Woodard
**Cc:** sandrews@kennethhiller.com; 'Tim Hiller'
**Subject:** Wagner v. Ilecki

Paul:

I did not hear from you today, and the deposition was noticed for November 8.  I would like to receive written confirmation that either 1) you agree to limit the deposition to questions of Mr. Andrews to the conversation he had with Mr. Ilecki's office, or 2) that you will withdraw the deposition notice based upon our stipulation that Mr. Andrews will not be called as a witness at trial.

If you are not agreeable to numberr 2 above, I will be filing a Motion for a Protective Order on Monday.

Kenneth Hiller
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
716-564-3288

## Ken Hiller

| | |
|---|---|
| **From:** | Paul A. Woodard <paw@connorsllp.com> |
| **Sent:** | Sunday, November 06, 2016 11:06 PM |
| **To:** | 'Ken Hiller' |
| **Cc:** | sandrews@kennethhiller.com; 'Tim Hiller' |
| **Subject:** | RE: Wagner v. Ilecki |

Ken,

I have an appearance in federal court tomorrow morning, and, thus, I most likely won't be able to give you a definite answer by 10:00.  I will follow up with you as soon as possible tomorrow.

Regards,

Paul

--

Paul A. Woodard
Connors LLP
1000 Liberty Building
Buffalo, NY 14202
716-852-5533 (Phone)
716-852-5649 (Fax)
paw@connorsllp.com

*CONFIDENTIAL: This e-mail is confidential and intended only for the recipient(s) named.  Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others.  If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.  Thank you.*

**From:** Ken Hiller [mailto:khiller@kennethhiller.com]
**Sent:** Sunday, November 06, 2016 5:01 PM
**To:** Paul A. Woodard
**Cc:** sandrews@kennethhiller.com; 'Tim Hiller'
**Subject:** RE: Wagner v. Ilecki

Paul:

I think the question of whether you will withdraw the deposition notice upon a stipulation that Seth will not be called as a witness is not complex.  By adjourning the motion as you have requested, we would be, in effect, waiving our claim that the deposition notice was not timely served under the local rules.   In addition, we would be opening the door to whatever additional discovery plans you might have.  I will be filing the motion tomorrow unless we can reach a stipulation before 10:00 a.m. tomorrow.

Let this confirm that we will not be producing Mr. Andrews for the deposition given the fact that we will either be stipulating that he will not be deposed or called as a witness, or we will be filing a motion for a protective order.

Thank you.

Kenneth Hiller

Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
716-564-3288

---

**From:** Paul A. Woodard [mailto:paw@connorsllp.com]
**Sent:** Sunday, November 06, 2016 3:51 PM
**To:** 'Ken Hiller' <khiller@kennethhiller.com>
**Cc:** sandrews@kennethhiller.com; 'Tim Hiller' <thiller@kennethhiller.com>
**Subject:** RE: Wagner v. Ilecki

Ken,

Further to our discussion on Thursday, we agree to limit Seth Andrews' deposition to the topic of his communications with Chiari & Ilecki prior to the commencement of this action, concerning the matters at issue in this action (provided that you agree not to call Mr. Andrews as a witness at trial on any other topics).

We still are considering your proposal regarding entering into a stipulation in lieu of deposing Mr. Andrews. Therefore, I propose that we agree to (1) adjourn Mr. Andrews' deposition and (2) jointly ask the Court to extend the current discovery deadline by 45 days. That should give us ample time to explore alternatives to taking Mr. Andrews' deposition and hopefully avoid the need for motion practice altogether.

Please let me know whether you agree. If so, I will submit a letter request for an extension to the Court.

Thanks,

Paul

--

Paul A. Woodard
Connors LLP
1000 Liberty Building
Buffalo, NY 14202
716-852-5533 (Phone)
716-852-5649 (Fax)
paw@connorsllp.com

**CONFIDENTIAL:** *This e-mail is confidential and intended only for the recipient(s) named. Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others. If you received this communication in error, please call me, return the e-mail to me, and delete it from your system. Thank you.*

---

**From:** Ken Hiller [mailto:khiller@kennethhiller.com]
**Sent:** Friday, November 04, 2016 5:17 PM
**To:** Paul A. Woodard
**Cc:** sandrews@kennethhiller.com; 'Tim Hiller'
**Subject:** Wagner v. Ilecki

Paul:

I did not hear from you today, and the deposition was noticed for November 8.  I would like to receive written confirmation that either 1) you agree to limit the deposition to questions of Mr. Andrews to the conversation he had with Mr. Ilecki's office, or 2) that you will withdraw the deposition notice based upon our stipulation that Mr. Andrews will not be called as a witness at trial.

If you are not agreeable to numberr 2 above, I will be filing a Motion for a Protective Order on Monday.

Kenneth Hiller
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
716-564-3288

**Ken Hiller**
***

| | |
|---|---|
| **From:** | Paul A. Woodard <paw@connorsllp.com> |
| **Sent:** | Monday, November 07, 2016 12:19 PM |
| **To:** | 'Ken Hiller' |
| **Cc:** | 'sandrews@kennethhiller.com'; 'Tim Hiller' |
| **Subject:** | RE: Wagner v. Ilecki |

Ken,

Thank you for speaking with me just now.  Please allow this to confirm our agreement to adjourn Mr. Andrews' deposition so that we can explore the possibility of avoiding the need for his deposition by relying on requests for admission and a stipulation instead.  As discussed, we should be able to send you a proposed stipulation and requests for admission later this week.

Best regards,

Paul

--

Paul A. Woodard
Connors LLP
1000 Liberty Building
Buffalo, NY 14202
716-852-5533 (Phone)
716-852-5649 (Fax)
paw@connorsllp.com

**CONFIDENTIAL:** *This e-mail is confidential and intended only for the recipient(s) named.  Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others.  If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.  Thank you.*

**From:** Paul A. Woodard
**Sent:** Sunday, November 06, 2016 11:06 PM
**To:** 'Ken Hiller'
**Cc:** sandrews@kennethhiller.com; 'Tim Hiller'
**Subject:** RE: Wagner v. Ilecki

Ken,

I have an appearance in federal court tomorrow morning, and, thus, I most likely won't be able to give you a definite answer by 10:00.  I will follow up with you as soon as possible tomorrow.

Regards,

Paul

--

Paul A. Woodard
Connors LLP

1000 Liberty Building
Buffalo, NY 14202
716-852-5533 (Phone)
716-852-5649 (Fax)
paw@connorsllp.com

*CONFIDENTIAL: This e-mail is confidential and intended only for the recipient(s) named.  Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others.  If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.  Thank you.*

---

**From:** Ken Hiller [mailto:khiller@kennethhiller.com]
**Sent:** Sunday, November 06, 2016 5:01 PM
**To:** Paul A. Woodard
**Cc:** sandrews@kennethhiller.com; 'Tim Hiller'
**Subject:** RE: Wagner v. Ilecki

Paul:

I think the question of whether you will withdraw the deposition notice upon a stipulation that Seth will not be called as a witness is not complex.  By adjourning the motion as you have requested, we would be, in effect, waiving our claim that the deposition notice was not timely served under the local rules.   In addition, we would be opening the door to whatever additional discovery plans you might have.  I will be filing the motion tomorrow unless we can reach a stipulation before 10:00 a.m. tomorrow.

Let this confirm that we will not be producing Mr. Andrews for the deposition given the fact that we will either be stipulating that he will not be deposed or called as a witness, or we will be filing a motion for a protective order.

Thank you.

Kenneth Hiller
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
716-564-3288

---

**From:** Paul A. Woodard [mailto:paw@connorsllp.com]
**Sent:** Sunday, November 06, 2016 3:51 PM
**To:** 'Ken Hiller' <khiller@kennethhiller.com>
**Cc:** sandrews@kennethhiller.com; 'Tim Hiller' <thiller@kennethhiller.com>
**Subject:** RE: Wagner v. Ilecki

Ken,

Further to our discussion on Thursday, we agree to limit Seth Andrews' deposition to the topic of his communications with Chiari & Ilecki prior to the commencement of this action, concerning the matters at issue in this action (provided that you agree not to call Mr. Andrews as a witness at trial on any other topics).

We still are considering your proposal regarding entering into a stipulation in lieu of deposing Mr. Andrews.  Therefore, I propose that we agree to (1) adjourn Mr. Andrews' deposition and (2) jointly ask the Court to extend the current

discovery deadline by 45 days.  That should give us ample time to explore alternatives to taking Mr. Andrews' deposition and hopefully avoid the need for motion practice altogether.

Please let me know whether you agree.  If so, I will submit a letter request for an extension to the Court.

Thanks,

Paul

--

Paul A. Woodard
Connors LLP
1000 Liberty Building
Buffalo, NY 14202
716-852-5533 (Phone)
716-852-5649 (Fax)
paw@connorsllp.com

**CONFIDENTIAL:** *This e-mail is confidential and intended only for the recipient(s) named.  Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others.  If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.  Thank you.*

**From:** Ken Hiller [mailto:khiller@kennethhiller.com]
**Sent:** Friday, November 04, 2016 5:17 PM
**To:** Paul A. Woodard
**Cc:** sandrews@kennethhiller.com; 'Tim Hiller'
**Subject:** Wagner v. Ilecki

Paul:

I did not hear from you today, and the deposition was noticed for November 8.  I would like to receive written confirmation that either 1) you agree to limit the deposition to questions of Mr. Andrews to the conversation he had with Mr. Ilecki's office, or 2) that you will withdraw the deposition notice based upon our stipulation that Mr. Andrews will not be called as a witness at trial.

If you are not agreeable to numberr 2 above, I will be filing a Motion for a Protective Order on Monday.

Kenneth Hiller
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
716-564-3288

## Ken Hiller

| | |
|---|---|
| **From:** | Paul A. Woodard <paw@connorsllp.com> |
| **Sent:** | Friday, November 11, 2016 4:47 PM |
| **To:** | 'Ken Hiller' |
| **Cc:** | 'sandrews@kennethhiller.com'; 'Tim Hiller' |
| **Subject:** | RE: Wagner v. Ilecki |

Ken,

I'll follow up with you early next week regarding the stipulation and requests for admission.

Have a good weekend,

Paul

--

Paul A. Woodard
Connors LLP
1000 Liberty Building
Buffalo, NY 14202
716-852-5533 (Phone)
716-852-5649 (Fax)
paw@connorsllp.com

**CONFIDENTIAL:** *This e-mail is confidential and intended only for the recipient(s) named.  Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others.  If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.  Thank you.*

**From:** Paul A. Woodard
**Sent:** Monday, November 07, 2016 12:19 PM
**To:** 'Ken Hiller'
**Cc:** 'sandrews@kennethhiller.com'; 'Tim Hiller'
**Subject:** RE: Wagner v. Ilecki

Ken,

Thank you for speaking with me just now.  Please allow this to confirm our agreement to adjourn Mr. Andrews' deposition so that we can explore the possibility of avoiding the need for his deposition by relying on requests for admission and a stipulation instead.  As discussed, we should be able to send you a proposed stipulation and requests for admission later this week.

Best regards,

Paul

--

Paul A. Woodard
Connors LLP
1000 Liberty Building

Buffalo, NY 14202
716-852-5533 (Phone)
716-852-5649 (Fax)
paw@connorsllp.com

**CONFIDENTIAL:** *This e-mail is confidential and intended only for the recipient(s) named.  Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others.  If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.  Thank you.*

---

**From:** Paul A. Woodard
**Sent:** Sunday, November 06, 2016 11:06 PM
**To:** 'Ken Hiller'
**Cc:** sandrews@kennethhiller.com; 'Tim Hiller'
**Subject:** RE: Wagner v. Ilecki

Ken,

I have an appearance in federal court tomorrow morning, and, thus, I most likely won't be able to give you a definite answer by 10:00.  I will follow up with you as soon as possible tomorrow.

Regards,

Paul

--

Paul A. Woodard
Connors LLP
1000 Liberty Building
Buffalo, NY 14202
716-852-5533 (Phone)
716-852-5649 (Fax)
paw@connorsllp.com

**CONFIDENTIAL:** *This e-mail is confidential and intended only for the recipient(s) named.  Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others.  If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.  Thank you.*

---

**From:** Ken Hiller [mailto:khiller@kennethhiller.com]
**Sent:** Sunday, November 06, 2016 5:01 PM
**To:** Paul A. Woodard
**Cc:** sandrews@kennethhiller.com; 'Tim Hiller'
**Subject:** RE: Wagner v. Ilecki

Paul:

I think the question of whether you will withdraw the deposition notice upon a stipulation that Seth will not be called as a witness is not complex.  By adjourning the motion as you have requested, we would be, in effect, waiving our claim that the deposition notice was not timely served under the local rules.   In addition, we would be opening the door to whatever additional discovery plans you might have.  I will be filing the motion tomorrow unless we can reach a stipulation before 10:00 a.m. tomorrow.

Let this confirm that we will not be producing Mr. Andrews for the deposition given the fact that we will either be stipulating that he will not be deposed or called as a witness, or we will be filing a motion for a protective order.

Thank you.

Kenneth Hiller
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
716-564-3288

---

**From:** Paul A. Woodard [mailto:paw@connorsllp.com]
**Sent:** Sunday, November 06, 2016 3:51 PM
**To:** 'Ken Hiller' <khiller@kennethhiller.com>
**Cc:** sandrews@kennethhiller.com; 'Tim Hiller' <thiller@kennethhiller.com>
**Subject:** RE: Wagner v. Ilecki

Ken,

Further to our discussion on Thursday, we agree to limit Seth Andrews' deposition to the topic of his communications with Chiari & Ilecki prior to the commencement of this action, concerning the matters at issue in this action (provided that you agree not to call Mr. Andrews as a witness at trial on any other topics).

We still are considering your proposal regarding entering into a stipulation in lieu of deposing Mr. Andrews. Therefore, I propose that we agree to (1) adjourn Mr. Andrews' deposition and (2) jointly ask the Court to extend the current discovery deadline by 45 days. That should give us ample time to explore alternatives to taking Mr. Andrews' deposition and hopefully avoid the need for motion practice altogether.

Please let me know whether you agree. If so, I will submit a letter request for an extension to the Court.

Thanks,

Paul

--

Paul A. Woodard
Connors LLP
1000 Liberty Building
Buffalo, NY 14202
716-852-5533 (Phone)
716-852-5649 (Fax)
paw@connorsllp.com

**CONFIDENTIAL:** *This e-mail is confidential and intended only for the recipient(s) named. Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others. If you received this communication in error, please call me, return the e-mail to me, and delete it from your system. Thank you.*

---

**From:** Ken Hiller [mailto:khiller@kennethhiller.com]
**Sent:** Friday, November 04, 2016 5:17 PM
**To:** Paul A. Woodard

**Cc:** sandrews@kennethhiller.com; 'Tim Hiller'
**Subject:** Wagner v. Ilecki

Paul:

I did not hear from you today, and the deposition was noticed for November 8.  I would like to receive written confirmation that either 1) you agree to limit the deposition to questions of Mr. Andrews to the conversation he had with Mr. Ilecki's office, or 2) that you will withdraw the deposition notice based upon our stipulation that Mr. Andrews will not be called as a witness at trial.

If you are not agreeable to numberr 2 above, I will be filing a Motion for a Protective Order on Monday.

Kenneth Hiller
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
716-564-3288

## Ken Hiller

| | |
|---|---|
| **From:** | Ken Hiller <khiller@kennethhiller.com> |
| **Sent:** | Monday, November 21, 2016 4:39 PM |
| **To:** | 'Paul A. Woodard' |
| **Cc:** | sandrews@kennethhiller.com; 'Tim Hiller' (thiller@kennethhiller.com) |
| **Subject:** | RE: Wagner v. Chiari & Ilecki |

Paul,

I have some concerns.  Our agreement was that we would agree to the accuracy of the account log.  Paragraph number 11 incorporates that understanding.  All of the other Notices to Admit are attempts by the Defendant to editorialize on the notes.

We also never agreed that any of this evidence would be admissible.  In fact, we fully intend to object to the admission of any of the matters in the Notices to Admit as irrelevant.  As such, we cannot agree to the portion of the stipulation that states that the admitted facts may be offered at trial.

Numbers 9 and 10 are not only irrelevant, but display the obvious intent of the Defendant to make our law firm the issue in this trial.  It is apparent that you want to portray our firm as more interested in suing than resolving the dispute.  This brings our lawfirm's practices and procedures into play; the very matters that were at issue in the Clayson and Ford cases that your firm represented my firm in.   I think that clearly puts your firm in a conflict of interest.

I think at this juncture it is best to bring this matter before the Court.  I am willing to discuss any possible resolution you might suggest to this dispute.  Please advise me by the close of business Wednesday of your position.

Kenneth Hiller
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
716-564-3288

---

**From:** Paul A. Woodard [mailto:paw@connorsllp.com]
**Sent:** Wednesday, November 16, 2016 7:56 PM
**To:** Kenneth Hiller <khiller@kennethhiller.com>
**Cc:** Seth Andrews <sandrews@kennethhiller.com>; Terrence M. Connors <tmc@connorsllp.com>
**Subject:** Wagner v. Chiari & Ilecki

Ken,

Further to our discussion last week, I enclose our requests for admission and a proposed stipulation.  As discussed, if plaintiff admits each of the requests for admission and you agree to the terms of the stipulation, we will withdraw our notice of Seth Andrews' deposition.

Thank you for your attention to this matter.  Of course, if you would like to discuss this matter further, please feel free to contact me.

Best regards,

Paul

1

--

Paul A. Woodard
Connors LLP
1000 Liberty Building
Buffalo, NY 14202
716-852-5533 (Phone)
716-852-5649 (Fax)
paw@connorsllp.com

**CONFIDENTIAL:** *This e-mail is confidential and intended only for the recipient(s) named.  Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others.  If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.  Thank you.*

## Ken Hiller

| | |
|---|---|
| **From:** | Paul A. Woodard <paw@connorsllp.com> |
| **Sent:** | Wednesday, November 23, 2016 4:29 PM |
| **To:** | 'Ken Hiller' |
| **Cc:** | sandrews@kennethhiller.com; 'Tim Hiller'; Terrence M. Connors |
| **Subject:** | RE: Wagner v. Chiari & Ilecki |
| **Attachments:** | 2016.11.23 Proposed Stipulation.pdf |

Ken,

Seth Andrews' communications with Chiari & Ilecki regarding the identity dispute and subpoena at issue in this lawsuit are clearly relevant to Chiari & Ilecki's bona fide error defense.  In fact, in response to Interrogatory No. 1, your office specifically identified Mr. Andrews as someone with knowledge or information relevant to this action.  That alone gives us the right to depose Mr. Andrews.

As a show of good faith, we agreed to limit Mr. Andrews' deposition to his communications with Chiari & Ilecki.  Since you still objected, we further agreed to attempt to avoid the need for Mr. Andrews' deposition by using a stipulation and requests for admission instead.  Those requests for admission are factually accurate and narrowly tailored to the specific topic on which we are entitled to depose Mr. Andrews – his relevant communications with Chiari & Ilecki.

In the spirit of cooperation, I attach a revised stipulation, which omits the paragraph stipulating to the admissibility of the plaintiff's responses to our requests for admission.  If you still object to our proposed stipulation and requests for admission, then we will withdraw them and ask you to propose a new date for Mr. Andrews' deposition.

As for the possibility of a conflict of interest, as you know, we researched that issue at the outset of the litigation and concluded that there was no conflict that prevented us from representing Chiari & Ilecki.  You agreed and consented in writing to our representation of Chiari & Ilecki.

Nothing has changed since then.  Neither this action nor Mr. Andrews' deposition is even remotely related to our representation of you many years ago.  Indeed, especially now that we have formally agreed to limit Mr. Andrews' deposition to the discrete topic of his relevant, pre-lawsuit communications with Chiari & Ilecki (or use requests for admission to avoid his deposition altogether), there is simply no basis to claim that there is a conflict of interest that would require us to withdraw as counsel.  If you disagree, please advise us of your rationale and any legal authority that supports your position so that we can put this matter to rest once and for all.

In light of our concessions, we do not believe that there is any merit to a motion for a protective order or to disqualify our firm.  I hope that you will reconsider and allow us to wrap up discovery without unnecessary judicial intervention.

I wish you and your family a Happy Thanksgiving.  Of course, please feel free to give me a call if you want to discuss this matter further.

Best regards,

Paul

--

Paul A. Woodard
Connors LLP
1000 Liberty Building

Buffalo, NY 14202
716-852-5533 (Phone)
716-852-5649 (Fax)
paw@connorsllp.com

**CONFIDENTIAL:** *This e-mail is confidential and intended only for the recipient(s) named.  Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others.  If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.  Thank you.*

**From:** Ken Hiller [mailto:khiller@kennethhiller.com]
**Sent:** Monday, November 21, 2016 4:44 PM
**To:** Paul A. Woodard
**Cc:** sandrews@kennethhiller.com; 'Tim Hiller'
**Subject:** RE: Wagner v. Chiari & Ilecki

Paul,

I have some concerns.  Our agreement was that we would agree to the accuracy of the account log.  Paragraph number 11 incorporates that understanding.  All of the other Notices to Admit are attempts by the Defendant to editorialize on the notes.

We also never agreed that any of this evidence would be admissible.  In fact, we fully intend to object to the admission of any of the matters in the Notices to Admit as irrelevant.  As such, we cannot agree to the portion of the stipulation that states that the admitted facts may be offered at trial.

Numbers 9 and 10 are not only irrelevant, but display the obvious intent of the Defendant to make our law firm the issue in this trial.  It is apparent that you want to portray our firm as more interested in suing than resolving the dispute.  This brings our lawfirm's practices and procedures into play; the very matters that were at issue in the Clayson and Ford cases that your firm represented my firm in.   I think that clearly puts your firm in a conflict of interest.

I think at this juncture it is best to bring this matter before the Court.  I am willing to discuss any possible resolution you might suggest to this dispute.  Please advise me by the close of business Wednesday of your position.

Kenneth Hiller
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
716-564-3288

**From:** Paul A. Woodard [mailto:paw@connorsllp.com]
**Sent:** Wednesday, November 16, 2016 7:56 PM
**To:** Kenneth Hiller <khiller@kennethhiller.com>
**Cc:** Seth Andrews <sandrews@kennethhiller.com>; Terrence M. Connors <tmc@connorsllp.com>
**Subject:** Wagner v. Chiari & Ilecki

Ken,

Further to our discussion last week, I enclose our requests for admission and a proposed stipulation.  As discussed, if plaintiff admits each of the requests for admission and you agree to the terms of the stipulation, we will withdraw our notice of Seth Andrews' deposition.

Thank you for your attention to this matter.  Of course, if you would like to discuss this matter further, please feel free to contact me.

Best regards,

Paul

--

Paul A. Woodard
Connors LLP
1000 Liberty Building
Buffalo, NY 14202
716-852-5533 (Phone)
716-852-5649 (Fax)
paw@connorsllp.com

**CONFIDENTIAL:** *This e-mail is confidential and intended only for the recipient(s) named.  Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others.  If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.  Thank you.*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM J. WAGNER,

                        Plaintiff,                          **<u>STIPULATION</u>**

        -vs-                                                Docket No. 15-cv-633-FPG

CHIARI & ILECKI, LLP,

                        Defendant.
_____


**IT IS HEREBY STIPULATED AND AGREED**, by and between the
undersigned counsel for all parties to this action, that plaintiff, WILLIAM J.
WAGNER, will not call Seth J. Andrews, Esq., as a witness at the trial in this
matter; and

**IT IS FURTHER STIPULATED AND AGREED** that plaintiff will not offer
as evidence any statements of Seth J. Andrews, Esq., that are inconsistent with
plaintiff's responses to defendant's requests for admission, dated November 16,
2016, in connection with any dispositive motions made in this matter; and

**IT IS FURTHER STIPULATED AND AGREED** that defendant, CHIARI &
ILECKI, LLP, hereby withdraws its notice of the deposition of Seth J. Andrews,
Esq., dated October 18, 2016.

DATED:   Buffalo, New York
            November ___, 2016

DATED:   Buffalo, New York
            November ___, 2016


_____

Kenneth R. Hiller, Esq.
**Law Offices of Kenneth Hiller**
Attorneys for Plaintiff,
    William J. Wagner
6000 N. Bailey Avenue – Suite 1A
Amherst, New York 14226
(716) 564-3288
khiller@kennethhiller.com

_____

Terrence M. Connors, Esq.
Paul A. Woodard, Esq.
**CONNORS LLP**
Attorneys for Defendant,
    Chiari & Ilecki, LLP
1000 Liberty Building
Buffalo, New York 14202
(716) 852-5533
tmc@connorsllp.com
paw@connorsllp.com