UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM J. WAGNER,

                        Plaintiffs,

     v.                                         Civil Action No.1:15-cv-633-FPG

CHIARI & ILECKI, LLP,

                        Defendant.
_____

## STATEMENT OF FACTS PURSUANT TO LOCAL RULE 56.1

      Plaintiff, by his attorney, Kenneth R. Hiller, as and for its statement pursuant to Local Rule 56.1, state that the following material facts are not subject to a genuine issue requiring trial.

1. Plaintiff William J. Wagner was born in 1950. His father's first name was Raymond. He has never been known as a "Jr." The last four numbers of his Social Security number are 3918. (WJW Affidavit, ¶¶ 1-2, Exhs. A, B; Exhibit J, pgs. 164-166; Exhibit H ("WJW dep."), 6/22-7/17).

2. William J. Wagner, Jr. was born in 1958. The last four numbers of his Social Security number are 9006. (Exhibit J-1, Bates No. 32, 167, 180).

3. William J. Wagner is not related to William J. Wagner, Jr. and does not know him. They have never lived together. (WJW dep. 21/20-22/11; WJW Affidavit, ¶¶ 4, 15).

4. There is no person with the suffix of "Jr." in Plaintiff's family. (WJW Affidavit, ¶ 4).

5. Plaintiff has two children, William Gregory Wagner and Andrew Richard Wagner. Neither has given or ever used the suffix of "Jr." after their name. (WJW Affidavit, ¶ 6).

6. On August 14, 1984, Plaintiff William J. Wagner purchased real property known as 5419 Roberts Road, Hamburg, New York with his former wife, Julia L. Wagner. The mortgage was paid off in 1994. (Kenneth R. Hiller Affirmation, ¶ 6; Exhibit E; WJW Affidavit, ¶¶ 7-8).

7. Plaintiff and his wife paid for the Roberts Road property with the proceeds of a mortgage loan that was secured by that property. (WJW Affidavit, ¶ 7; Exhibit E).

8. Plaintiff has lived exclusively at 5419 Roberts Road, Hamburg, New York since he purchased the property in 1984. (WJW Affidavit, ¶ 9).

9. William Gregory Wagner resided at 5419 Roberts Road, Hamburg, New York from the time the property was purchased until 1998. He has not resided there since that date. (WJW Affidavit, ¶ 13).

10. Andrew Richard Wagner has moved in and out of 5419 Roberts Road, Hamburg, New York since 1984, and has lived there continuously since 2012. (WJW Affidavit, ¶ 14).

11. Plaintiff, Julia Wagner, William Gregory Wagner, Andrew Richard Wagner, and for a brief period, Julia Wagner's mother, are the only persons to reside at 5419 Roberts Road, Hamburg, New York. (WJW Affidavit, ¶¶ 13-15; WJW dep., 9/19-11/23).

12. In 2013, Plaintiff William J. Wagner and Julia L. Wagner took out a home equity loan secured by the Roberts Road property. (WJW Affidavit, ¶¶ 10-11; Exhibit F).

13. On March 19, 2015, Plaintiff and Julia L. Wagner took out a home equity line of credit secured by the Roberts Road property. The March 19, 2015 home equity line of credit continues to be outstanding. (WJW Affidavit, ¶ 11; Exhibit F).

14. All references to Plaintiff on the deeds and mortgages related to 5419 Roberts Road, Hamburg, New York list Plaintiff's name as William J. Wagner, with no indication that he is a "Jr." (Exhibits E, F, G).

15. On April 23, 2015, Plaintiff William J. Wagner and Julia Wagner transferred title to 5419 Roberts Road, Hamburg, New York to Plaintiff William J. Wagner. (WJW Affidavit, ¶ 12; Exhibit G).

16. The Defendant's name was initially Horwitz and Frankel. That entity then changed its' name to Horwitz, Frankel and Ilecki. That firm then merged with another law firm, and became known as Bulan, Chiari, Horwitz and Ilecki. The name was shortened in 2010 to Chiari & Ilecki, LLC. (Exhibit I (Ilecki Dep.), 13/3-11).

17. The Defendant uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. (Exhibit B, ¶ 5; Ilecki Dep., 13/3-14/6; Exhibit K, response to Request No. 3).

18. In February of 2005, William J. Wagner, Jr. entered into a residential lease agreement with M.J. Peterson, LLC to lease 882-04 Englewood Avenue, Buffalo, New York. (Exh. J-1, Bates No. 52-61, 71-75).

19. The lease provided that the tenant would use the premises as a private dwelling to live in and for no other reason. (Exhibit J-1, Bates No. 54 (see paragraph 7)).

20. William J. Wagner, Jr. defaulted on his lease with M. J. Peterson, LLC. (Exhibit J-1, Bates No. 71-75).

21. In March of 2006, M. J. Peterson, LLC sued William J. Wagner, Jr. for past due rent. Exhibit J-1, Bates No. 71-76, 82, 88-92).

22. Goldstein, Bulan & Chiari, LLP, represented M. J. Peterson in the lawsuit against William J. Wagner. (Exhibit J-1, Bates No. 71-76, 88-92, 94-95).

23. On May 10, 2006, a judgment was entered in the Buffalo City Court in favor of M. J. Peterson, LLC and against William J. Wagner, Jr. in the sum of $1,437.15. (Exhibit J-1, Bates No. 94-95).

24. The Defendant keeps an event sheet which they record activity that occurs on each collection account. The event sheet for the William J. Wagner, Jr. account was provided by the Defendant in discovery. (Ilecki Dep., 18/8-24; Exhibit J-1, Bates No. 164-166).

25. On February 3, 2009, Defendant obtained a credit report for William J. Wagner, Jr. The report, which purported to provide information for the period of October 1, 1986 through February 3, 2009, reported three addresses for William J. Wagner, Jr.: 356 Hartford Road, Amherst, NY 14226, 1571 Eggert Road, Amherst, NY 14226, and 378 Windermere Blvd., Amherst, NY 14226. It did not show that William J. Wagner, Jr. had ever resided at 5419 Roberts Road, Hamburg, New York, and did not show that William J. Wagner, Jr. had any outstanding mortgage debt. The report also did not show William J. Wagner or William Wagner (without the "Jr.") as an alternative name or alias. (Exhibit J-1, Bates No. 164, 167-171).

26. On April 2, 2010, the Defendant obtained a credit report for William J. Wagner, Jr. from Transunion. The report, which purported to provide information for the period of October 1, 1986 through April 2, 2010, reported three addresses for William J. Wagner, Jr.: 356 Hartford Road, Amherst, NY 14226, 1571 Eggert Road, Amherst, NY 14226, and 378 Windermere Blvd., Amherst, NY 14226. It did not show that William J. Wagner, Jr. had ever resided at 5419 Roberts Road, Hamburg, New York, and did not show that William J. Wagner, Jr. had any outstanding mortgage debt. (Exhibit J-1, Bates No. 172-175).

27. On November 26, 2011, the Defendant performed a searches of the Department of Motor Vehicles database, and using a LexisNexis people search service. The searches showed no new addresses for William J. Wagner, Jr. The Defendant did not retain a copy of these searches. (Exhibit J-1, Bates No. 165).

28. On November 27, 2011, the Defendant obtained a credit report for William J. Wagner, Jr. from Transunion. The report, which purported to provide information for the period of October 1, 1986 through February 3, 2011, reported three addresses for William J. Wagner, Jr.: 356 Hartford Road, Amherst, NY 14226, 1571 Eggert Road, Amherst, NY 14226, and 378 Windermere Blvd., Amherst, NY 14226. It did not show that William J.

Wagner, Jr. had ever resided at 5419 Roberts Road, Hamburg, New York, and did not show that William J. Wagner, Jr. had any outstanding mortgage debt. (Exhibit J-1, Bates No. 176-179).

29. On February 9, 2015, Defendant obtained a credit report and a Lexis-Nexis search for William J. Wagner, Jr.  A copy of the reports were not retained by Defendant. (Exhibit J-1, Bates No. 165; Exhibit L (Overbeck dep.)), 11/2-12/7, 13/5-17).

30. On February 9, 2009, Defendant performed an employment search for William J. Wagner, Jr.  The search revealed no new information regarding William J. Wagner, Jr. (Exhibit J-1, pg. 165).

31. On February 9, 2015, Melissa Overbeck performed a search using "Real-Info," a program that can find real property assessment information, to determine if William J. Wagner, Jr. owned any real property.  The report stated that William Wagner and his wife owned 5149 Roberts Road, Hamburg, New York.  Ms. Overbeck testified that she does not recall whether the report stated that William J. Wagner, Jr. (as opposed to William Wagner without the suffix of "Jr.") owned the property. (Exhibit J-1, pg. 165; Overbeck dep., 12/1-14/15).

32. The Defendant did not retain a copy of the February 9, 2015 "Real-Info" report. (Overbeck dep., 12/19-13/17).

33. On February 9, 2015, the Defendant mailed a letter addressed to William J. Wagner, Jr. to 5419 Roberts Road, Hamburg, New York.  They also mailed an information subpoena addressed to William J. Wagner, Jr. to the same address. (Exhibit J, pg. 165; Overbeck dep., pgs. 14/17-16/6; Exhibit M; Ilecki Dep.,44/25-46/25, 65/14-66/11).

34. At the time the February 9, 2015 letter was sent to Plaintiff, the Defendant did not know if the debtor resided at the Roberts Road address.  Indeed, the purpose of sending the February 9, 2015 letter was to confirm that the debtor resided at that address. (Ilecki Dep., 44/25-45/12, 71/10-15).

35. On February 12, 2015, Plaintiff received the February 9, collection letter addressed to William J. Wagner, Jr. that had been mailed by the Defendant. (WJW dep. 23/13-24/11, 25/9-26/8; WJW Affidavit, ¶ 16; WJW dep. 22/15-24/11; Exhibit M).

36. On February 12, 2015, Plaintiff called the Defendant and spoke with Karen Sandford, a legal assistant employed by the Defendant.  He informed Ms. Sandford that he lived at the Roberts Road address, that he was not the debtor, that he is no a "Jr.", and that the last two numbers of his Social Security number was 16.  Ms. Sandford informed Plaintiff that she would note the file and email the attorney. (WJW Affidavit, ¶ 18; Exhibit N (Sandford Dep.), 11/7-12/17; Exhibit J-1, pg. 165).

37. On February 12, 2015, the Defendant obtained a credit report for William J. Wagner, Jr. from Transunion.  The report, which purported to provide information for the period of

4

    October 1, 1986 through February 3, 2011, reported three addresses for William J. Wagner, Jr.: 356 Hartford Road, Amherst, NY 14226, 1571 Eggert Road, Amherst, NY 14226, and 378 Windermere Blvd., Amherst, NY 14226.  It did not show that William J. Wagner, Jr. had ever resided at 5419 Roberts Road, Hamburg, New York, and did not show that William J. Wagner, Jr. had any outstanding mortgage debt.  (Exhibit J-1, pg. 165, 180-181).

38. On or about February 15, 2015, Plaintiff also received notification from the Post Office that they were holding a certified letter addressed to him.  The notification indicated that the letter had been mailed from Defendant's address. (WJW Affidavit, ¶ 18; WJW dep., 35/7-37/23; Exhibit J-1, pg. 165; Exhibit O)

39. On March 19, 2015, Plaintiff received notification from the Post Office that they were holding a certified letter addressed to him.  The notification did not reveal the name or address of the sender of the letter. (WJW Affidavit, ¶ 21; Exhibit J-1, pg. 165; Exhibit P)

40. Plaintiff concluded that the notification he received on March 19, 2015 related to a letter that had been mailed to him by the Defendant. (WJW Affidavit, ¶ 21)

41. On March 19, 2015, Plaintiff called the Defendant and spoke to Kristian Brown, a legal assistant employed by the Defendant.  He informed Ms. Brown that he was not the debtor, that his date of birth was in 1950,[1] and that he was very upset that he continued to receive letters from their office.  Ms. Brown advised Plaintiff that he could send them a copy of his driver's license and Social Security number "if he'd like."  Ms. Brown advised Plaintiff that "we did email attorney." (WJW Affidavit, ¶ 21; Exhibit J, pg. 165).

42. Ms. Overbeck noted in the event sheet that she obtained a LexisNexis report on June 5, 2015.  She noted that this report indicated that it "looks like" William Wagner, Sr. and William Wagner, Jr. resided at the same address.  She did not indicate what specific information on that report led her to conclude as such, and she did not retain a copy of the report. (Exhibit J-1, pg. 165-166; Overbeck Dep., 17/21-18/13, 20/22-21/11).

43. On May 15, 2015, the Defendant sent a Subpoena Duces Tecum ("SDT") requiring the attendance of William J. Wagner, Jr. to testify at a debtor's examination, and to bring documents relative to his financial status, to a process server to be served on William J. Wagner, Jr. (Overbeck Dep., 18/14-19/16, Exhibit J-1, pg. 165-166; Exhibit Q).

44. At her deposition, Ms. Overbeck acknowledged that she knew after receiving the telephone calls from the Plaintiff the he was not the debtor. (Overbeck Dep., 21/13-22/7, 23/10-24/25).

45. On June 17, 2015, a process server served the SDT on Plaintiff.  (WJW Affidavit, ¶ 24; Exhibit J-1, pg. 162; WJW Dep., 57/20-59/4).

---

[1] Mr. Wagner also provided the month of his date of birth.  However, that is omitted as required by Fed.R.Civ.P. Rule 5.2(a)(2).

5

46. At the time the SDT was sent to Plaintiff, the Defendant did not know if the debtor resided at the Roberts Road address. (Overbeck Dep., 24/16-Ilecki Dep., 67/17-68/16, 71/10-15).

47. Melissa Overbeck testified that at the time the SDT that she did not know if the debtor resided at 5419 Roberts Road, Hamburg, New York. (Overbeck Dep., 23/10-24/25):

    A. "I did not know if the debtor resided there." (Overbeck Dep., 23/10-20);

    B. "I had no idea if our debtor was residing there as well. I don't know." (Overbeck Dep., 24/24-25).

48. Plaintiff called the Defendant's on June 17, 2015 after being served with the SDT and spoke to Karen Sandford. Plaintiff informed Ms. Sandford that he had been served with papers for William J. Wagner, Jr., that no "Jr." lives there, and that there is no "Jr." in the family. (WJW Affidavit, ¶ 25; WJW Dep., 62/6-63/16; Exhibit –J-1, pg. 166).

49. On December 15, 2015, the Defendant obtained a LexisNexis report for William J. Wagner, Jr. The report lists William Wagner as a name variation for William J. Wagner, Jr., and lists 5419 Roberts Road, Hamburg, New York in an "address summary." However, the report then lists all of the addresses associated with those names, and gives additional information for each address. (Exhibit J-1, pg. 182-191).

50. For 5419 Roberts Road, Hamburg, New York, the report lists William J. Wagner, William G. Wagner, Julia Wagner, and Andrew R. Wagner as the household members. William J. Wagner, Jr. is *not* listed among the household members. Thus, this report, which was obtained just five months after the report from the same company that Ms. Overbeck referenced in the event sheet, does not suggest that William J. Wagner, Jr. lives at 5419 Roberts Road, Hamburg, New York. To the contrary, it states that he is not a household member. . (Exhibit J-1, pg. 183-184).

51. On May 9, 2016, the Defendant performed a search using the "Real-Info" report. The report stated that William Wagner (not William J. Wagner, Jr.) owned 5149 Roberts Road, Hamburg, New York. It further stated that William Wagner and Julia Wagner had transferred 5149 Roberts Road, Hamburg, New York to William Wagner on April 23, 2015. . (Exhibit J-1, pg. 192).

52. William J. Ilecki testified that, other than the assessed value and the tax year, and the fact of the April 23, 2015 transfer, the February 9, 2015 Real-Info report probably would contained the same information as the May 9, 2016 Real-Info report. Thus, given that the May 9, 2016 report described the owner of 5149 Roberts Road, Hamburg, New York as William Wagner (not William J. Wagner, Jr.), the February 9, 2015 report described the owner as William Wagner without a "Jr." as well. (Ilecki Dep., 57/15-58/23).

53. The Defendant does not have any written policies addressing the handling of situations where 1) they think a debtor *may* reside at a particular location but are not sure, 2) they have location information for an individual with a similar name to that of the debtor, or 3)

6

where a non-debtor with a name similar to the name of the debtor notifies them that they are collecting from the wrong person. (Overbeck Dep., 19/17-20/21, Ilecki Dep., 64/1-17).

54. The Defendant alleges that they has the following unwritten policies addressing the handling of situations in cases where the Defendant has identified what they believe is a debtor's address, and that individual represents to the Defendant that 1) he resides at that address, 2) that he has a similar name to that of the debtor, but is not the actual debtor, and 3) that the debtor does not reside does not reside at the same address,

> . . . the Defendant first requests that the alleged non-debtor provide verifiable proof of his identity, such as a copy of his driver's license or a redacted Social Security card showing the last four digits of the individual's Social Security number, in order to confirm that he is not the debtor. If, however, the non-debtor refuses to provide verifiable proof of his identity, an attorney reviews the file and runs a series of reports to confirm the debtor's address. When more than one potential address is identified, the attorney compares reports and the information relative to the account and relies on experience, common sense, and reasoned judgment to attempt to determine which address is most likely the correct one. If after conducting such research the attorney still believes that the debtor lives at the alleged non-debtor's address, the defendant may continue to undertake collection efforts directed to the debtor at that address. In that case, the Defendant instructs its employees and any process servers or other third parties it engages to ensure that collection efforts are directed at only the debtor and not the alleged non-debtor or anyone else at that address.

(Exhibit R, Defendant's Response to Interrogatory No. 24).

55. Defendant's corporate representative, William J. Ilecki, testified that the firm initiates their collection process by obtaining a search of the judgment debtor, and that in some circumstances, that search may require a review of court documents or clerk's office documents. (Ilecki Dep., 5/1-19; 40/3-23).

56. Defendant's corporate representative refused to concede that there was any error in their procedures in the way they handled this collection, or with their procedures in general. (Ilecki Dep., 71/1-72/8)

57. Defendant's corporate representative acknowledged that a May 9, 2016 Real-Info search identified "William Wagner," without the "jr.", as the owner or 5419 Roberts Road, Hamburg, New York. He also testified that the February 9, 2015 Real-Info "probably" would have contained the same information, except it would have not noted the April 23, 2015 transfer of the property. (Ilecki Dep., 57/15-59/18).

58. At the time the events described in Plaintiff's complaint occurred, the Defendant's did not have a policy of retaining copies of documents they relied upon, including searches, in determining the identity and location of debtors they were attempting to collect from. (Ilecki Dep., 54/19-55/12; Overbeck Dep., 12/19-13/17)

59. The Defendant is in possession of no credit report, lexis or westlaw search, real-info search or any other document that indicates that William J. Wagner, Jr. ever owned or resided at 5149 Roberts Road, Hamburg, New York. (SOF, ¶¶ 25-31, 42, 49-52).

60. Initially, the Plaintiff believed that the Defendant had erred, and was not attempting to collect William J. Wagner, Jr.'s debt from him.  However, thereafter, in light of Defendant's continuing collection activity, he believed that they were, indeed, attempting to collect the debt from him.  He also found their collection activity aimed at him to be harassment and was upset by it.  (WJW dep., 23/13-25/21, 49/4-55/9, 64/20-65/13, 70/10-71/4, 80/1-23).

Dated:  January 17, 2017

    /s/Kenneth R. Hiller_____
   Kenneth R. Hiller, Esq.
   Law Offices of Kenneth Hiller PLLC
   *Attorneys for the Plaintiff*
   6000 North Bailey Avenue, Ste. 1A
   Amherst, NY 14228
   (716) 564-3288
   Email: khiller@kennethhiller.com