UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

WILLIAM J. WAGNER,

        Plaintiff,                      **ANSWER**

    -vs-                               Docket No. 15-cv-633-JTC

CHIARI & ILECKI, LLP,         **JURY TRIAL DEMANDED**

        Defendant.

───────────────────────────────

Defendant, CHIARI & ILECKI, LLP, by and through its attorneys, CONNORS & VILARDO, LLP, hereby responds to the Complaint of Plaintiff, WILLIAM J. WAGNER, as follows:

## AS TO THE INTRODUCTION

1. Defendant admits that Plaintiff purports to bring claims under the Fair Debt Collection Practices Act ("FDCPA"), which prohibits certain debt collection practices. Defendant denies that it violated the FDCPA or that Plaintiff's claims have any merit. Defendant otherwise denies the allegations contained in Paragraph 1 of the Complaint insofar as they pertain to Defendant.

## AS TO THE JURISDICTION AND VENUE

2. The allegations contained in Paragraph 2 of the Complaint consist of a legal conclusion to which no responsive pleading is required.

3. The allegations contained in Paragraph 3 of the Complaint consist of a legal conclusion to which no responsive pleading is required.

## AS TO THE PARTIES

4. The allegation that Plaintiff is a "consumer," as that term is defined in 15 U.S.C. § 1692a(3), consists of a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. The allegation that Defendant is a "debt collector," as that term is defined in 15 U.S.C. § 1692a(6), consists of a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits that it operates as a debt collector in full compliance with the provisions of the FDCPA and all other applicable federal and state laws and regulations. Defendant otherwise denies the allegations contained in Paragraph 6 of the Complaint.

7. To the extent that Defendant admits that it performed certain acts alleged in the Complaint, Defendant admits that those acts were performed by its employees acting within the scope of their actual or apparent authority. Defendant otherwise denies the allegations contained in Paragraph 7 of the Complaint.

8. The allegations contained in Paragraph 8 of the Complaint consist of a definition to which no responsive pleading is required.

## AS TO THE FACTUAL ALLEGATIONS

9. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that William J. Wagner Jr. ("debtor") incurred a debt to M.J. Peterson Corp. ("debt at issue"). Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that the debt at issue arose out of the debtor's lease of an apartment owned by M.J. Peterson Corp. Defendant otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. The allegations contained in Paragraph 12 of the Complaint consist of a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant admits that the debt at issue arose out of the debtor's lease of an apartment owned by M.J. Peterson Corp. Defendant otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits that the debtor defaulted on the debt at issue. Defendant otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits that it was employed by M.J. Peterson Corp. to attempt to collect the debt at issue. Defendant otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits that on or about February 9, 2015, it mailed a letter to the debtor at 5419 Roberts Road, Hamburg, New York 14075. Defendant admits that the letter was addressed to "William J. Wagner Jr.," the debtor, enclosed a Notice pursuant to CPLR 5222, and noted that there was a judgment against the debtor with a balance of $2,507.17 as of February 9, 2015. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits that on or about February 12, 2015, Plaintiff called Defendant regarding the debt at issue; that Plaintiff said that he was not a "Jr." and claimed that he was not the debtor; that Plaintiff provided Defendant's employee with the last two digits of his purported Social Security number, which did not match the last two digits of the debtor's Social Security number; and that Defendant's employee informed Plaintiff that one of Defendant's attorneys would be notified of Plaintiff's representations. Defendant denies that Plaintiff provided his entire Social Security number or any verifiable proof of his identity to Defendant. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits that on or about February 11, 2015, it attempted to serve an information subpoena on the debtor by certified mail, but that Plaintiff never accepted that subpoena. Defendant denies that it sent any other certified mail relating to the debt at issue. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Complaint.

19.     Defendant admits that on or about March 19, 2015, Plaintiff called Defendant regarding the debt at issue; that Plaintiff claimed that he was not the debtor; that Defendant's employee suggested that Plaintiff provide a copy of his driver's license and Social Security number to verify that he was not the debtor; and that Defendant's employee informed Plaintiff that one of Defendant's attorneys had been notified of Plaintiff's representations.  Defendant denies that Plaintiff provided his entire Social Security number or any verifiable proof of his identity to Defendant.  Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint.

20.     Defendant admits that on or about February 12, 2015, and March 19, 2015, Plaintiff claimed that he was not the debtor, and on or about May 15, 2015, Defendant instructed a process server to serve a subpoena duces tecum on the debtor, which commanded "William J. Wagner Jr.," the debtor, to appear for a deposition at Defendant's office on July 7, 2015.  Defendant denies that Plaintiff has ever provided his entire Social Security number or any verifiable proof of his identity to Defendant.  Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

## AS TO THE CAUSE OF ACTION

22. Defendant repeats and realleges each and every answer to the allegations contained in Paragraphs 1 through 21 of the Complaint with the same force and effect as if fully set forth herein.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

## AS TO THE PRAYER FOR RELIEF

25. Defendant denies the allegations set forth in the WHEREFORE clause of the Complaint and further denies that Plaintiff is entitled to any of the relief demanded therein or any relief whatsoever.

## FURTHER ANSWERING THE COMPLAINT

26. Defendant denies the remaining allegations of the Complaint not hereinbefore admitted or otherwise denied.

## AFFIRMATIVE AND OTHER DEFENSES

27. In further answer to the Complaint, Defendant alleges the following affirmative and other defenses upon information and belief. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. Defendant reserves the right to assert any additional defenses it discovers during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

28. Plaintiff lacks standing to prosecute this action.

## SECOND AFFIRMATIVE DEFENSE

29. The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

30. If Defendant committed a technical violation of the FDCPA, that violation was not material.

## FOURTH AFFIRMATIVE DEFENSE

31. Defendant has a policy and practice of using search tools and obtaining various reports to verify the address of a debtor before attempting to collect a debt.

32. Consistent with that practice, before serving any letter or subpoena here, one of Defendant's attorneys obtained multiple reports that linked the debtor to 5419 Roberts Road, Hamburg, New York 14075.

33. When Plaintiff claimed that he was not the debtor, Defendant's employees repeatedly requested that Plaintiff provide his entire Social Security number, a copy of his driver's license, or some other verifiable proof of his identity, but Plaintiff declined to do so.

34. When Defendant thereafter engaged a process server to serve a subpoena duces tecum on the debtor, Defendant informed the process server that there could be more than one William J. Wagner at 5419 Roberts Road, Hamburg, New York 14075, and specifically instructed the process server to ensure that the subpoena duces tecum was served only on the debtor, William J. Wagner Jr.

35. Therefore, if Defendant committed a violation of the FDCPA, that violation was not intentional and resulted from a bona fide error notwithstanding

the maintenance of procedures reasonably adapted to avoid any such error, and Defendant is not liable pursuant to 15 U.S.C. § 1692k(c).

## PRAYER FOR RELIEF

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Complaint on the merits and with prejudice, awarding Defendant attorney's fees, costs, and disbursements, and awarding such other and further relief as the Court deems just and equitable

Dated:    Buffalo, New York
          September 11, 2015

    s/Terrence M. Connors
Terrence M. Connors, Esq.
Paul A. Woodard, Esq.
**CONNORS & VILARDO, LLP**
Attorneys for Defendant
1000 Liberty Building
Buffalo, New York 14202
(716) 852-5533
tmc@connors-vilardo.com
paw@connors-vilardo.com