UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM J. WAGNER,

          Plaintiff,

   ·vs·                                Docket No. 15·cv·633·JTC

CHIARI & ILECKI, LLP,

          Defendant.

---

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to the Federal Rules of Civil Procedure and Local Rules of Civil Procedure for the Western District of New York, defendant, CHIARI & ILECKI, LLP, submits the following objections and responses to the First Requests for Admission served by plaintiff, WILLIAM J. WAGNER.

## GENERAL OBJECTIONS

1.     Defendant objects to the Requests to the extent that they inquire about material prepared in anticipation of litigation, work product, attorney·client communications or information, or matters otherwise protected from disclosure under applicable privileges, laws, or rules.  Defendant hereby claims such privileges and protections to the extent implicated by the Requests and excludes privileged and protected information and documents from its responses.  Any disclosure of such protected documents and information is inadvertent and is not intended to waive those privileges or protections.

·1·

2.     Defendant's responses are not intended to waive or prejudice any objections that defendant may assert now or in the future, including, without limitation, objections as to competence, relevance, materiality, propriety, privilege, or the admissibility of any response or category of responses.

3.     Defendant reserves the right to object on any ground at any time to a demand for further responses and reserves the right to revise, amend, supplement, correct, clarify, or add to these responses.  Without limiting this right, defendant specifically reserves the right to revise, amend, supplement, correct, clarify, or add to these responses after further discovery.

4.     Defendant objects to the Requests and the accompanying definitions and instructions to the extent that they are not consistent with the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure or attempt to impose requirements greater than those imposed by the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure.

5.     Defendant objects to the Requests to the extent that they seek to impose an obligation upon defendant to collect and obtain information and documents from any person or entity not a party to this lawsuit.

6.     Defendant objects to the Requests to the extent that they seek information or documents already within plaintiff's knowledge, possession, custody, or control, and to the extent that they seek information or documents to which plaintiff has equal access.  Defendant notes that it may not produce back to plaintiff any documents plaintiff may supply in this case in motion practice or in discovery.

7.      Defendant objects to the Requests to the extent that they are duplicative, cumulative, or seek documents or information that may be obtained from other sources, such as through plaintiff, or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive.

8.      Defendant objects to the Requests to the extent that they call for the production of irrelevant information or information not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case.

9.      Defendant objects to any implication and to any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests. Defendant's responses to the Requests shall not be construed as admissions to any legal conclusion, or to any explicit or implicit characterization of the facts, events, circumstances, or issues contained in the Requests.

10.     Defendant objects to the Requests to the extent that they call for legal conclusions, are overly broad, unduly burdensome, overly vague or ambiguous, are not described with reasonable particularity, lack a readily discernible meaning, or require defendant to speculate as to the information or documents sought.

11.     Defendant objects to the Requests to the extent that responding to them would involve unreasonable expense and the burden and expense of responding to them outweigh their likely benefit.

-3-

12.     Defendant objects to the Requests to the extent that the Requests do not provide sufficient time for defendant to search for and provide responsive information.

13.     Defendant objects to the Requests to the extent that they are premature given that discovery is just beginning.  Defendant's objections and responses are based upon information and documents presently available to it. Because further discovery may supply additional facts and evidence, defendant reserves its right to amend and/or supplement these objections and responses.

14.     Defendant expressly reserves, and does not waive, its right to seek appropriate relief under the Federal Rules of Civil Procedure, including Rule 26(c), with respect to the Requests.

15.     Defendant incorporates the foregoing General Objections into each of the following responses, each of which is expressly made subject to these objections.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

### REQUEST NO. 1

Any and all documents identified in Response to all sets of Plaintiff's Interrogatories and Plaintiff's Request for Admissions.

### RESPONSE:

Defendant objects to this Request to the extent that it seeks information that is privileged or protected as attorney work product or material prepared in anticipation of litigation.  Defendant also objects to this Request as vague, overly

broad, and unduly burdensome.  Subject to and without waiving any general or specific objections, we refer you to defendant's responses to plaintiff's other Requests and Interrogatories.  In addition, we refer you to the documents marked CHIARI000001 – CHIARI000017, which defendant already has produced pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

## REQUEST NO. 2

Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendant's employees in each of the following areas:

a.   Defendant's collection policies;

b.   Defendant's collection procedures;

c.   Defendant's collection methods;

d.   Defendant's collection techniques;

e.   Defendant's collection tactics;

f.   Defendant's collection rules;

g.   Defendant's collection regulations; and

h.   Defendant's compliance with local, state, or federal laws, codes, or regulations.

## RESPONSE:

Defendant objects to this Request as vague, ambiguous, overly broad, and unduly burdensome.  For instance, defendant's attorneys have thousands of pages of notes and other documents regarding debt collection laws and the cases

interpreting them, including notes and other documents that defendant's attorneys have created in connection with their efforts to stay apprised of developments in the field of debt collection.  To the extent that this Request can be interpreted so broadly as to request such documents, it is unduly burdensome, and defendant does not include such documents in its response.

Defendant also objects to this Request to the extent that it seeks information not relevant to this action or proportional to the needs of the case.  Defendant's collection efforts at issue in this litigation involve only written communications prepared by Melissa Overbeck, Esq., one of defendant's attorneys.  Therefore, documents describing the collection practices, procedures, methods, techniques, tactics, rules, regulations, and legal compliance of defendant's non-attorney employees are not relevant to this action.  As such, defendant limits its response to this Request to documents describing the collection practices, procedures, methods, techniques, tactics, rules, regulations, and legal compliance of defendant's attorneys.

Subject to and without waiving any general or specific objections, defendant encloses responsive material as CHIARI000193 – CHIARI000780.  In addition, defendant's attorneys rely on relevant federal and state statutes, regulations, advisory opinions, and case law, as well as relevant secondary sources, to establish methods and techniques to be used in the collection of consumer debts.

## REQUEST NO. 3

Any and all training, personnel, or otherwise instruction manuals used by the collection personnel who are employed by or supervised by Defendant.

### RESPONSE:

Defendant objects to this Request as vague, ambiguous, overly broad, and unduly burdensome. For instance, defendant's attorneys have thousands of pages of notes and other documents regarding debt collection laws and the cases interpreting them, including notes and other documents that defendant's attorneys have created in connection with their efforts to stay apprised of developments in the field of debt collection. To the extent that this Request can be interpreted so broadly as to request such documents, it is unduly burdensome, and defendant does not include such documents in its response.

Defendant also objects to this Request to the extent that it seeks information not relevant to this action or proportional to the needs of the case. Defendant's collection efforts at issue in this litigation involve only written communications prepared by Melissa Overbeck, Esq., one of defendant's attorneys. Therefore, manuals used by defendant's non-attorney employees are not relevant to this action. As such, defendant limits its response to this Request to manuals used by defendant's attorneys.

Subject to and without waiving any general or specific objections, we refer you to the documents produced in response to Request No. 2, *supra*. In addition, defendant's attorneys rely on relevant federal and state statutes, regulations,

advisory opinions, and case law, as well as relevant secondary sources, to establish methods and techniques to be used in the collection of consumer debts.

## REQUEST NO. 4

Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, or other electronic or non-electronic device used in any manner in Defendant's collection process.

### RESPONSE:

Defendant objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case. Subject to and without waiving any general or specific objections, we refer you to the documents produced in response to Request No. 2, *supra*.

## REQUEST NO. 5

Any and all documents of other lawsuits, claims, or other proceedings that have been brought against Defendants from January 1, 2011 to the present.

### RESPONSE:

Defendant objects to this Request as vague, ambiguous, overly broad, and unduly burdensome. Defendant also objects to this Request in that it seeks information not relevant to this action or proportional to the needs of the case, including because defendant never has been found to have violated the FDCPA. Defendant also objects to this Request to the extent that it seeks information that is privileged or protected as attorney work product or material prepared in

anticipation of litigation.  Furthermore, defendant objects to this Request to the extent that it seeks documents that are publicly available and therefore equally accessible to plaintiff.

Subject to and without waiving any general or specific objections, defendant has been involved in three other lawsuits involving FDCPA claims since January 1, 2011.  Those cases are (1) *Broughman v. Chiari Ilecki, LLP*, W.D.N.Y. Docket No. 12-cv-00131, (2) *Covell v. Chiari Ilecki, LLP*, W.D.N.Y. Docket No. 12-cv-00660, and (3) *Flower v. Chiari & Ilecki, LLP*, New York Supreme Court, Erie County, Index No. 809945/2014.  *Broughman* terminated when the court granted defendant's motion to dismiss the complaint, with prejudice.  *See Broughman v. Chiari & Ilecki, LLP*, 2012 U.S. Dist. LEXIS 166658 (W.D.N.Y. Nov. 16, 2012).  *Covell* terminated when the plaintiff filed a stipulation of discontinuance with prejudice, which provided as follows:

> The reason that the parties have agreed to this stipulation is that the plaintiff has determined that defendant Chiari & Ilecki, LLP, did not violate the Fair Debt Collection Practices Act. Chiari & Ilecki, LLP, paid no moneys to the plaintiff in consideration of this stipulation or otherwise in connection with any settlement of any Fair Debt Collection Practices Act claim alleged by the plaintiff.

In *Flower*, defendant recently served a motion to dismiss the complaint or, in the alternative, for summary judgment.  Copies of the decision in *Broughman*, the stipulation in *Covell*, and the pleadings in *Flower* are enclosed as CHIARI000781 – CHIARI000806.

REQUEST NO. 6

With respect to each of Defendant's employees who made any entry on the collection log and records previously provided to Plaintiff, any and all of said employee's human resource department records, employment files, and other documents for said employee's, including but not limited to any disciplinary notices, reprimands, incident reports, and electronic recordings.

RESPONSE:

Defendant objects to this Request as vague, ambiguous, overly broad, and unduly burdensome. Defendant also objects to this Request to the extent that it seeks records that do not concern FDCPA violations and, thus, seeks information not relevant to this action or proportional to the needs of the case. Defendant also objects to this Request to the extent that it seeks confidential personnel records. Subject to and without waiving any general or specific objections, defendant states that it is unaware of any responsive disciplinary notices, reprimands, or incident reports concerning FDCPA violations in its possession.

REQUEST NO. 7

Any and all documents in Defendant's possession or control, which Defendant claims, are relevant in any way to the subject matter of the instant lawsuit.

RESPONSE:

Defendant objects to this Request as vague, ambiguous, overly broad, and unduly burdensome. Defendant also objects to this Request to the extent that it seeks information that is privileged or protected as attorney work product or

material prepared in anticipation of litigation.   Defendant further objects to this Request as premature as discovery has just begun.   Plaintiff and/or non-parties have not yet provided discovery that is sufficiently responsive and complete so as to permit defendant to fully respond to this Request.   Furthermore, defendant cannot yet identify all of its supporting evidence at this early stage of discovery.

Subject to and without waiving any general or specific objections, defendant encloses non-privileged documents which defendant claims are relevant to the subject matter of the instant lawsuit as CHIARI000050 – CHIARI000780. Defendant also refers you to the documents marked CHIARI000001 – CHIARI000017, which defendant already has produced pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

## REQUEST NO. 8

Any and all unredacted and/or unaltered documents recording, documenting, or otherwise tracking Defendant's collection efforts related in any way to Plaintiff's alleged debt that is the subject of this lawsuit, including but not limited to:

    a.    Inbound or outbound telephone calls to or from the Plaintiff or any other party in connection with Defendant's attempts to collect the subject debt;

    b.    Inbound or outbound United States mail to or from the Plaintiff or any other party in connection with Defendant's attempts to collect the subject debt.

**RESPONSE:**

Defendant objects to this Request to the extent that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case. Subject to and without waiving any general or specific objections, defendant states that it never has attempted to collect the debt referenced in paragraph 10 and elsewhere in the complaint ("debt at issue") from anyone other than the debtor, William J. Wagner, Jr., ("debtor"). Therefore, if, as plaintiff represents, plaintiff is not the debtor, defendant does not possess any documents responsive to this Request.

**REQUEST NO. 9**

Any and all printouts of available computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner in Defendant's collection process, which include either Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable to Plaintiff.

**RESPONSE:**

Defendant objects to this Request to the extent that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case. Defendant also objects to this Request to the extent that it implies that defendant attempted to collect the debt at

issue from anyone other than the debtor himself. Defendant has never attempted to do so.

Subject to and without waiving any general or specific objections, defendant refers you to its records related to the debtor and debt at issue, produced as CHIARI000001 – CHIARI000017 and CHIARI000050 – CHIARI000192, for a copy of any non-privileged printouts that include plaintiff's name, address, telephone number, account number, or any other information that is personally identifiable to plaintiff.

## REQUEST NO. 10

A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

### RESPONSE:

Defendant objects to this Request to the extent that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case. Subject to and without waiving any general or specific objections, defendant states that it is unaware of any responsive material in its possession. If plaintiff has questions regarding specific codes, abbreviations, or collector initials, an explanation may be provided upon specific request.

## REQUEST NO. 11

Any and all recordings regarding Defendant's collection efforts in this matter.

**RESPONSE:**

Defendant objects to this Request to the extent that it is overly broad and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case. Defendant also objects to the term "recordings" as vague and ambiguous. Subject to and without waiving any general or specific objections, defendant states that it is unaware of any responsive audio or video recordings in its possession.

**REQUEST NO. 12**

Any and all correspondence, reports, manuals, emails, or otherwise named documents regarding Defendant's investigation to determine that Plaintiff was the judgment debtor.

**RESPONSE:**

Defendant objects to this Request to the extent that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case. Defendant also objects to this Request to the extent that it seeks information that is privileged or protected as attorney work product or material prepared in anticipation of litigation. Subject to and without waiving any general or specific objections, defendant states that it never has attempted to collect the debt at issue from anyone other than the debtor. Therefore, if, as plaintiff represents, plaintiff is not the debtor, defendant does not possess any documents responsive to this Request.

<u>REQUEST NO. 13</u>

Any and all correspondence, reports, manuals, emails, or otherwise named documents from any third party to Defendant regarding the address of the Plaintiff.

<u>RESPONSE:</u>

Defendant objects to this Request to the extent that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case. Defendant also objects to this Request to the extent that it seeks information that is privileged or protected as attorney work product or material prepared in anticipation of litigation. Furthermore, Defendant objects to this Request to the extent that it implies that defendant attempted to collect the debt at issue from anyone other than the debtor himself. Defendant has never attempted to do so.

Subject to and without waiving any general or specific objections, defendant refers you to its records related to the debtor and debt at issue, produced as CHIARI000001 – CHIARI000017 and CHIARI000050 – CHIARI000192, for a copy of any non-privileged documents regarding 5419 Roberts Road, Hamburg, New York 14075, the plaintiff's self-reported address.

<u>REQUEST NO. 14</u>

Any and all correspondence, reports, manuals, emails, or otherwise named documents from Defendant to any third party to regarding the address of the Plaintiff.

RESPONSE:

Defendant objects to this Request to the extent that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case. Defendant also objects to this Request to the extent that it seeks information that is privileged or protected as attorney work product or material prepared in anticipation of litigation. Furthermore, Defendant objects to this Request to the extent that it implies that defendant attempted to collect the debt at issue from anyone other than the debtor himself. Defendant has never attempted to do so.

Subject to and without waiving any general or specific objections, defendant refers you to its records related to the debtor and debt at issue, produced as CHIARI000001 – CHIARI000017 and CHIARI000050 – CHIARI000192, for a copy of any non-privileged documents regarding 5419 Roberts Road, Hamburg, New York 14075, the plaintiff's self-reported address.

REQUEST NO. 15

Any and all correspondence, reports, manuals, emails, or otherwise named documents from any third party to Defendant regarding the address of the William J. Wagner, Jr.

RESPONSE:

Defendant objects to this Request to the extent that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case. Defendant also objects to this

Request to the extent that it seeks information that is privileged or protected as attorney work product or material prepared in anticipation of litigation.

Subject to and without waiving any general or specific objections, defendant refers you to its records related to the debtor and debt at issue, produced as CHIARI000001 – CHIARI000017 and CHIARI000050 – CHIARI000192, for a copy of any responsive, non-privileged documents.

**REQUEST NO. 16**

Any and all correspondence, reports, manuals, emails, or otherwise named documents from Defendant to any third party regarding the address of the William J. Wagner, Jr.

**RESPONSE:**

Defendant objects to this Request to the extent that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case.  Defendant also objects to this Request to the extent that it seeks information that is privileged or protected as attorney work product or material prepared in anticipation of litigation.

Subject to and without waiving any general or specific objections, defendant refers you to its records related to the debtor and debt at issue, produced as CHIARI000001 – CHIARI000017 and CHIARI000050 – CHIARI000192, for a copy of any responsive, non-privileged documents.

-17-

DATED:  Buffalo, New York
         May 23, 2016

*Paul J. Woodard*

Terrence M. Connors, Esq.
Paul A. Woodard, Esq.
**CONNORS LLP**
*Attorneys for Defendant*
1000 Liberty Building
Buffalo, New York 14202
(716) 852-5533
tmc@connorsllp.com
paw@connorsllp.com