UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM J. WAGNER,

    Plaintiff,

-vs-          Docket No. 15-cv-633-JTC

CHIARI & ILECKI, LLP,

    Defendant.

**DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST REQUESTS FOR ADMISSION**

Pursuant to the Federal Rules of Civil Procedure and Local Rules of Civil Procedure for the Western District of New York, defendant, CHIARI & ILECKI, LLP, submits the following objections and responses to the First Requests for Admission served by plaintiff, WILLIAM J. WAGNER.

**GENERAL OBJECTIONS**

1. Defendant objects to the Requests to the extent that they inquire about material prepared in anticipation of litigation, work product, attorney-client communications or information, or matters otherwise protected from disclosure under applicable privileges, laws, or rules. Defendant hereby claims such privileges and protections to the extent implicated by the Requests and excludes privileged and protected information and documents from its responses. Any disclosure of such protected documents and information is inadvertent and is not intended to waive those privileges or protections.

-1-

-2-

2. Defendant's responses are not intended to waive or prejudice any objections that defendant may assert now or in the future, including, without limitation, objections as to competence, relevance, materiality, propriety, privilege, or the admissibility of any response or category of responses.

3. Defendant reserves the right to object on any ground at any time to a demand for further responses and reserves the right to revise, amend, supplement, correct, clarify, or add to these responses. Without limiting this right, defendant specifically reserves the right to revise, amend, supplement, correct, clarify, or add to these responses after further discovery.

4. Defendant objects to the Requests and the accompanying definitions and instructions to the extent that they are not consistent with the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure or attempt to impose requirements greater than those imposed by the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure.

5. Defendant objects to plaintiff's definition of the term "the subject debt" to the extent that it implies that defendant has attempted to collect the debt referenced in paragraph 10 and elsewhere in the complaint ("debt at issue") from anyone other than the actual debtor, William J. Wagner, Jr. ("debtor"). Defendant has never done so.

6. Defendant objects to the Requests to the extent that they seek to impose an obligation upon defendant to collect and obtain information and documents from any person or entity not a party to this lawsuit.

7. Defendant objects to the Requests to the extent that they seek information or documents already within plaintiff's knowledge, possession, custody, or control, and to the extent that they seek information or documents to which plaintiff has equal access. Defendant notes that it may not produce back to plaintiff any documents plaintiff may supply in this case in motion practice or in discovery.

8. Defendant objects to the Requests to the extent that they are duplicative, cumulative, or seek documents or information that may be obtained from other sources, such as through plaintiff, or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive.

9. Defendant objects to the Requests to the extent that they call for the production of irrelevant information or information not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case.

10. Defendant objects to any implication and to any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests. Defendant's responses to the Requests shall not be construed as admissions to any legal conclusion, or to any explicit or implicit characterization of the facts, events, circumstances, or issues contained in the Requests.

11. Defendant objects to the Requests to the extent that they call for legal conclusions, are overly broad, unduly burdensome, overly vague or ambiguous, are

-4-

not described with reasonable particularity, lack a readily discernible meaning, or require defendant to speculate as to the information or documents sought.

12. Defendant objects to the Requests to the extent that responding to them would involve unreasonable expense and the burden and expense of responding to them outweigh their likely benefit.

13. Defendant objects to the Requests to the extent that the Requests do not provide sufficient time for defendant to search for and provide responsive information.

14. Defendant objects to the Requests to the extent that they are premature given that discovery is just beginning. Defendant's objections and responses are based upon information and documents presently available to it. Because further discovery may supply additional facts and evidence, defendant reserves its right to amend and/or supplement these objections and responses.

15. Defendant expressly reserves, and does not waive, its right to seek appropriate relief under the Federal Rules of Civil Procedure, including Rule 26(c), with respect to the Requests.

16. Defendant incorporates the foregoing General Objections into each of the following responses, each of which is expressly made subject to these objections.

## SPECIFIC OBJECTIONS AND RESPONSES TO
## REQUESTS FOR ADMISSION

### REQUEST NO. 1

Plaintiff, William J. Wagner, is a "consumer" as defined by 15 U.S.C. § 1692a(5).

### RESPONSE:

Defendant objects to this Request in that it seeks a legal conclusion, which is not an appropriate subject for a request for admission under Rule 36 of the Federal Rules of Civil Procedure. Defendant further objects to this Request in that 15 U.S.C. § 1692a(5) does not define the term "consumer." Defendant will construe this Request as referring to 15 U.S.C. § 1692a(3).

Subject to and without waiving any general or specific objections, defendant denies the truth of the matter set forth in this Request. Defendant has never claimed that anyone other than the debtor was obligated to pay the debt at issue. Therefore, if, as plaintiff represents, plaintiff is not the debtor, plaintiff is not "obligated or allegedly obligated to pay" the debt at issue and, thus, is not a "consumer" under 15 U.S.C. § 1692a(3).

### REQUEST NO. 2

The debt Defendant was attempting to collect from Plaintiff as described in the Complaint is a "debt" as defined by 15 U.S.C. § 1692a(5).

-5-

-6-

**RESPONSE:**

Defendant objects to this Request in that it seeks a legal conclusion, which is not an appropriate subject for a request for admission under Rule 36 of the Federal Rules of Civil Procedure.

Subject to and without waiving any general or specific objections, defendant admits that the debt at issue arose out of the debtor's lease of an apartment owned by MJ Peterson. Defendant denies that it was attempting to collect the debt at issue from anyone other than the debtor, William J. Wagner, Jr. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the matter set forth in this Request as the witnesses and documents within defendant's control do not establish whether the money or property which was the subject of the transaction from which the debt at issue arises was primarily for personal, family, or household purposes and therefore whether the debt at issue is a "debt" under 15 U.S.C. § 1692a(5). Thus, defendant has made a reasonable inquiry, and the information it knows or can readily obtain is insufficient to enable it to admit or deny the truth of the matter set forth in this Request, except as otherwise specifically noted.

**REQUEST NO. 3**

Defendant is engaged in the business of collecting consumer debts and regularly attempts and collects consumer debts allegedly owed to another and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**RESPONSE:**

Defendant objects to this Request in that it seeks a legal conclusion, which is not an appropriate subject for a request for admission under Rule 36 of the Federal Rules of Civil Procedure. Subject to and without waiving any general or specific objections, defendant admits the truth of the matter set forth in this Request.

**REQUEST NO. 4**

William J. Wagner, the Plaintiff herein, does not owe the alleged subject debt referenced in Plaintiff's complaint.

**RESPONSE:**

Defendant objects to plaintiff's definition of the term "subject debt" to the extent that it implies that defendant was attempting to collect the debt at issue from anyone other than the debtor, William J. Wagner, Jr.

Subject to and without waiving any general or specific objections, defendant denies that it attempted to collect the debt at issue from anyone other than the debtor, William J. Wagner, Jr.  Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the matter set forth in this Request. Defendant has obtained reports linking the debtor, William J. Wagner, Jr., to plaintiff's self-reported address, and despite defendant's requests, plaintiff, William J. Wagner, has refused to provide any verifiable proof of his identity in order to establish that he is not the debtor. Thus, defendant has made a reasonable inquiry, and the information it knows or can readily obtain is insufficient to enable

it to admit or deny the truth of the matter set forth in this Request, except as otherwise specifically noted.

REQUEST NO. 5

William J. Wagner, the Plaintiff herein, is not a Jr.

RESPONSE:

Defendant denies knowledge or information sufficient to form a belief as to the truth of the matter set forth in this Request. Defendant has obtained reports linking the debtor, William J. Wagner, jr., to plaintiff's self-reported address, and despite defendant's requests, plaintiff, William J. Wagner, has refused to provide any verifiable proof of his identity in order to establish that he is not the debtor. Thus, defendant has made a reasonable inquiry, and the information it knows or can readily obtain is insufficient to enable it to admit or deny the truth of the matter set forth in this Request.

REQUEST NO. 6

William J. Wagner, the Plaintiff herein, has never resided at 378 Windermere Blvd, Amherst NY 14226.

RESPONSE:

Defendant denies knowledge or information sufficient to form a belief as to the truth of the matter set forth in this Request. Upon information and belief, the debtor, William J. Wagner, jr., formerly resided at 378 Windermere Blvd., Amherst, New York 14226. Defendant has obtained reports linking the debtor to plaintiff's self-reported address, and despite defendant's requests, plaintiff, William J.

-8-

Wagner, has refused to provide any verifiable proof of his identity in order to establish that he is not the debtor. Thus, defendant has made a reasonable inquiry, and the information it knows or can readily obtain is insufficient to enable it to admit or deny the truth of the matter set forth in this Request.

**REQUEST NO. 7**

That on February 12, 2015, Plaintiff informed the Defendant that he was not William J. Wagner, Jr.

**RESPONSE:**

Defendant admits the truth of the matter set forth in this Request subject to the following qualifications: Plaintiff told defendant that he was not the debtor, William J. Wagner, Jr., during a telephone conversation initiated by plaintiff on February 12, 2015, but when defendant contemporaneously requested some verifiable proof of plaintiff's identity in order to substantiate plaintiff's unsupported claim that he was not the debtor, plaintiff refused to provide any such verifiable proof of his identity.

**REQUEST NO. 8**

That on March 19, 2015, Plaintiff informed the Defendant that he was not William J. Wagner, Jr.

**RESPONSE:**

Defendant admits the truth of the matter set forth in this Request subject to the following qualifications: Plaintiff told defendant that he was not the debtor, William J. Wagner, Jr., during a telephone conversation initiated by plaintiff on

March 19, 2015, but when defendant contemporaneously requested some verifiable proof of plaintiff's identity in order to substantiate plaintiff's unsupported claim that that he was not the debtor, plaintiff refused to provide any such verifiable proof of his identity.

**REQUEST NO. 9**

That Defendant was aware that Plaintiff was not William J. Wagner, Jr. prior to serving him with a subpoena duces tecum and restraining notice for the alleged subject debt as referenced in Plaintiff's complaint.

**RESPONSE:**

Defendant objects to plaintiff's definition of the term "subject debt" to the extent that it implies that defendant was attempting to collect the debt at issue from anyone other than the debtor, William J. Wagner, Jr. Subject to and without waiving any general or specific objections, defendant denies the truth of the matter set forth in this Request.

**REQUEST NO. 10**

That Defendant intentionally mailed a letter to the Plaintiff dated February 9, 2015 stating that Plaintiff has a judgment against him for $2,570.17.

**RESPONSE:**

Defendant denies the truth of the matter set forth in this Request. Defendant has never attempted to collect the debt at issue from anyone other than the debtor. Therefore, if, as plaintiff represents, plaintiff is not the debtor,

-10-

defendant did not intentionally mail a letter to plaintiff, dated February 9, 2015, stating that plaintiff has a judgment against him for $2,570.17.

**REQUEST NO. 11**

That Defendant intentionally served the Plaintiff with a subpoena duces tecum and restraining notice for the alleged subject debt as referenced in Plaintiff's complaint.

**RESPONSE:**

Defendant objects to plaintiff's definition of the term "subject debt" to the extent that it implies that defendant was attempting to collect the debt at issue from anyone other than the debtor, William J. Wagner, Jr.

Subject to and without waiving any general or specific objections, defendant denies the truth of the matter set forth in this Request. Defendant has never attempted to collect the debt at issue from anyone other than the debtor. Therefore, if, as plaintiff represents, plaintiff is not the debtor, defendant did not intentionally serve plaintiff with a subpoena duces tecum and restraining notice for the debt at issue.

**REQUEST NO. 12**

That Defendant attempted to collect a debt from the Plaintiff that he did not owe.

**RESPONSE:**

Defendant denies the truth of the matter set forth in this Request.

-11-

REQUEST NO. 13

That Defendant had no reasonable procedures in place to identify a judgment debtor.

RESPONSE:

Defendant denies the truth of the matter set forth in this Request.

REQUEST NO. 14

That there was a lack of meaningful attorney involvement regarding identifying and confirming the address of William J. Wagner, Jr., the judgment debtor for the alleged subject debt referenced in Plaintiff's complaint.

RESPONSE:

Defendant objects to plaintiff's definition of the term "subject debt" to the extent that it implies that defendant was attempting to collect the debt at issue from anyone other than the debtor, William J. Wagner, Jr. Subject to and without waiving any general or specific objections, defendant denies the truth of the matter set forth in this Request.

REQUEST NO. 15

That Defendant failed to identify the true judgment debtor in this case by pursuing the Plaintiff to satisfy the alleged subject debt.

RESPONSE:

Defendant objects to plaintiff's definition of the term "subject debt" to the extent that it implies that defendant was attempting to collect the debt at issue from anyone other than the debtor, William J. Wagner, Jr.

-12-

Subject to and without waiving any general or specific objections, defendant denies the truth of the matter set forth in this Request. Defendant has never attempted to collect the debt at issue from anyone other than the debtor. Therefore, if, as plaintiff represents, plaintiff is not the debtor, defendant did not pursue plaintiff to satisfy the debt at issue.

DATED: Buffalo, New York
May 23, 2016

*[signature]*

Terrence M. Connors, Esq.
Paul A. Woodard, Esq.
CONNORS LLP
*Attorneys for Defendant*
1000 Liberty Building
Buffalo, New York 14202
(716) 852-5533
tmc@connorsllp.com
paw@connorsllp.com

-13-