UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM J. WAGNER,

               Plaintiff,

     -vs-                                   Docket No. 15-cv-633-FPG

CHIARI & ILECKI, LLP,

               Defendant.
_____

## DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 56(a)(2), the defendant, CHIARI & ILECKI, LLP, submits the following response to the Statement of Undisputed Facts ("Statement") of the plaintiff, WILLIAM J. WAGNER.

1.     Chiari & Ilecki does not dispute the facts contained in paragraph 1 of the plaintiff's Statement.

2.     Chiari & Ilecki does not dispute the facts contained in paragraph 2 of the plaintiff's Statement.

3.     Chiari & Ilecki does not dispute the facts contained in paragraph 3 of the plaintiff's Statement in light of the sworn statements and documentary evidence that the plaintiff has recently produced in connection with this action.

4.     Chiari & Ilecki does not dispute the facts contained in paragraph 4 of the plaintiff's Statement.

5.      Chiari & Ilecki does not dispute the facts contained in paragraph 5 of the plaintiff's Statement.

6.      Chiari & Ilecki does not dispute the facts contained in paragraph 6 of the plaintiff's Statement.

7.      Chiari & Ilecki does not dispute the facts contained in paragraph 7 of the plaintiff's Statement.

8.      Chiari & Ilecki does not dispute the facts contained in paragraph 8 of the plaintiff's Statement.

9.      Chiari & Ilecki does not dispute the facts contained in paragraph 9 of the plaintiff's Statement.

10.     Chiari & Ilecki does not dispute the facts contained in paragraph 10 of the plaintiff's Statement.

11.     Chiari & Ilecki does not dispute the facts contained in paragraph 11 of the plaintiff's Statement.

12.     Chiari & Ilecki does not dispute the facts contained in paragraph 12 of the plaintiff's Statement except to the extent that this paragraph can be read to suggest that a copy of the 2013 home equity loan agreement has been submitted as *Exhibit F* to the Affirmation of Kenneth R. Hiller, Esq., dated January 24, 2017 ("Hiller Aff.").   The 2013 home equity loan agreement does not appear to be included in the plaintiff's motion papers.

13.     Chiari & Ilecki does not dispute the facts contained in paragraph 13 of the plaintiff's Statement except to the extent that this paragraph can be read to suggest that a copy of the 2015 home equity loan agreement has been submitted as

*Exhibit F* to Mr. Hiller's affirmation.   The 2015 home equity loan agreement does not appear to be included in the plaintiff's motion papers.

14.    Chiari & Ilecki does not dispute that the 1984 deed, 1984 purchase money mortgage, and the 2015 deed for 5419 Roberts Road, Hamburg, New York 14075, which are attached as *Exhibits E, F,* and *G*, respectively, to Mr. Hiller's affirmation identify "William J. Wagner" as the property owner.   Chiari & Ilecki does dispute, however, the facts contained in paragraph 14 of the plaintiff's Statement to the extent that this paragraph suggests that the plaintiff has submitted proof that the 2013 and 2015 home equity loans identify "William J. Wagner" as the owner of the Roberts Road property.

15.    Chiari & Ilecki does not dispute the facts contained in paragraph 15 of the plaintiff's Statement.

16.    Chiari & Ilecki does not dispute the facts contained in paragraph 16 of the plaintiff's Statement.

17.    Chiari & Ilecki does not dispute the facts contained in paragraph 17 of the plaintiff's Statement.

18.    Chiari & Ilecki does not dispute the facts contained in paragraph 18 of the plaintiff's Statement.

19.    Chiari & Ilecki does not dispute the facts contained in paragraph 19 of the plaintiff's Statement.

20.    Chiari & Ilecki does not dispute the facts contained in paragraph 20 of the plaintiff's Statement.

21.     Chiari & Ilecki does not dispute the facts contained in paragraph 21 of the plaintiff's Statement.

22.     Chiari & Ilecki does not dispute the facts contained in paragraph 22 of the plaintiff's Statement.

23.     Chiari & Ilecki does not dispute the facts contained in paragraph 23 of the plaintiff's Statement.

24.     Chiari & Ilecki does not dispute the facts contained in paragraph 24 of the plaintiff's Statement.

25.     Chiari & Ilecki does not dispute the facts contained in paragraph 25 of the plaintiff's Statement, subject to the following qualifications:   Although the February 2009 credit report listed three possible alternative addresses for the debtor (*i.e.*, 336 Hartford Road, Amherst, New York 14226; 1571 Eggert Road, Amherst, New York 14226; and 378 Windermere Boulevard, Amherst, New York 14226), *see* Hiller Aff., *Exhibit J-1* at CHIARI000167 – CHIARI000171 (February 2009 Credit Report), Chiari & Ilecki already had been informed by the Postal Service or a process server that those three addresses were invalid before the events at issue.   *See* Overbeck Decl., *Exhibit A* at CHIARI000164 (noting 378 Windermere Boulevard and 1571 Eggert Road as invalid addresses as of September 2007 and May 2011, respectively); *Exhibit D* (envelope addressed to the debtor at 1571 Eggert Road returned as not deliverable); *Exhibit E* (identifying 336 Hartford Road as the debtor's parents' address); *Exhibit F* (noting the debtor did not receive mail at 336 Hartford Road as of March 2006); *Exhibits G, H* (noting the debtor no longer resided at 378 Windermere as of August 2007).   In addition, although the 2009 credit

report did not specifically list "William J. Wagner" or "William Wagner" as an alias for the debtor, William J. Wagner, Jr., the credit report did not list *any* aliases or alternative names for the debtor.   *See* Hiller Aff., *Exhibit J-1* at CHIARI000167 – CHIARI000171 (February 2009 Credit Report).   Of course, there was no need to list "William J. Wagner" or "William Wagner" as an alias because it is beyond dispute that they both are abbreviated versions of the name "William J. Wagner, Jr."

26.   Chiari & Ilecki does not dispute the facts contained in paragraph 26 of the plaintiff's Statement, subject to the following qualification:   Although the April 2010 credit report listed three possible alternative addresses for the debtor (*i.e.*, 336 Hartford Road, Amherst, New York 14226; 1571 Eggert Road, Amherst, New York 14226; and 378 Windermere Boulevard, Amherst, New York 14226), *see* Hiller Aff., *Exhibit J-1* at CHIARI000172 – CHIARI000175 (April 2010 Credit Report), Chiari & Ilecki already had been informed by the Postal Service or a process server that those three addresses were invalid before the events at issue.   *See* Overbeck Decl., *Exhibit A* at CHIARI000164 (noting 378 Windermere Boulevard and 1571 Eggert Road as invalid addresses as of September 2007 and May 2011, respectively); *Exhibit D* (envelope addressed to the debtor at 1571 Eggert Road returned as not deliverable); *Exhibit E* (identifying 336 Hartford Road as the debtor's parents' address); *Exhibit F* (noting the debtor did not receive mail at 336 Hartford Road as of March 2006); *Exhibits G, H* (noting the debtor no longer resided at 378 Windermere as of August 2007).

27.   Chiari & Ilecki does not dispute that it performed a Lexis search on November 26, 2011, and that the search results showed no new address for the

debtor.   Chiari & Ilecki does dispute, however, that it performed a DMV search on

that date.   Although the November 26, 2011 entry in Chiari & Ilecki's events log

bears the categorical description "Review- credit report; LX; DMV," the event

comment confirms that the search conducted was an "lx" – *i.e.*, Lexis – search,

rather than a DMV search.   *See* Overbeck Decl., *Exhibit A* (Events Log) at

CHIARI000165.   Chiari & Ilecki also disputes the facts contained in paragraph 27

of the plaintiff's Statement to the extent that this paragraph suggests that Chiari &

Ilecki affirmatively destroyed the results of the Lexis search that it ran on

November 26, 2011.   Like most practitioners, Chiari & Ilecki's attorneys run Lexis

searches using their online Lexis accounts; any search results are displayed

electronically on the internet.   *See* Overbeck Decl., ¶ 19.   As a matter of office

policy, Chiari & Ilecki's attorneys typically do not print out their Lexis search

results and instead record their findings on Chiari & Ilecki's events log for the file

at issue.   *See* Overbeck Decl., ¶¶ 20-21.

        28.   Chiari & Ilecki does not dispute the facts contained in paragraph 28 of

the plaintiff's Statement except as follows:   The November 2011 credit report

purported to provide information through November 27, 2011, not February 3,

2011.   *See* Hiller Aff., *Exhibit J-1* at CHIARI000176 – CHIARI000179 (November

2011 Credit Report).   In addition, although the November 2011 credit report listed

three possible alternative addresses for the debtor (*i.e.*, 336 Hartford Road,

Amherst, New York 14226; 1571 Eggert Road, Amherst, New York 14226; and 378

Windermere Boulevard, Amherst, New York 14226), *see id.*, Chiari & Ilecki already

had been informed by the Postal Service or a process server that those three

addresses were invalid before the events at issue.   *See* Overbeck Decl., *Exhibit A* at

CHIARI000164 (noting 378 Windermere Boulevard and 1571 Eggert Road as

invalid addresses as of September 2007 and May 2011, respectively); *Exhibit D*

(envelope addressed to the debtor at 1571 Eggert Road returned as not deliverable);

*Exhibit E* (identifying 336 Hartford Road as the debtor's parents' address); *Exhibit*

*F* (noting the debtor did not receive mail at 336 Hartford Road as of March 2006);

*Exhibits G, H* (noting the debtor no longer resided at 378 Windermere as of August

2007).

29.   Chiari & Ilecki does not dispute that on February 9, 2015, it obtained a

Lexis report for the debtor, William J. Wagner, Jr.   Chiari & Ilecki does dispute,

however, that it obtained a credit report for the debtor on February 9, 2015.   Chiari

& Ilecki *requested* a credit report for the debtor on that date.   *See* Overbeck Decl.,

*Exhibit A* (Events Log) at CHIARI000165.   But the credit report was not delivered

until February 12, 2015.   *See* Overbeck Decl., *Exhibit L* (February 2015 Credit

Report).   Indeed, although one of the February 9, 2015 entries in Chiari & Ilecki's

events log bears the categorical description "Review- credit report; LX; DMV," the

event comment confirms that the reports obtained were Real Info and "Lx" – *i.e.*,

Lexis – reports, rather than a credit report.   *See* Overbeck Decl., *Exhibit A* (Events

Log) at CHIARI000165.   In addition, Chiari & Ilecki disputes the facts contained in

paragraph 29 of the plaintiff's Statement to the extent that this paragraph suggests

that Chiari & Ilecki affirmatively destroyed the results of the Lexis search that it

ran on February 9, 2015.   Like most practitioners, Chiari & Ilecki's attorneys run

Lexis searches using their online Lexis accounts; any search results are displayed

electronically on the internet.   *See* Overbeck Decl., ¶ 19.   As a matter of office policy, Chiari & Ilecki's attorneys typically do not print out their Lexis search results and instead record their findings on Chiari & Ilecki's events log for the file at issue.   *See* Overbeck Decl., ¶¶ 20-21.

30.   Chiari & Ilecki does not dispute the facts contained in paragraph 30 of the plaintiff's Statement except for the date that Chiari & Ilecki ran the employment search in question.   The employment search was run on February 9, 2015, not February 9, 2009.   *See* Overbeck Decl., *Exhibit A* (Events Log) at CHIARI000165.

31.   Chiari & Ilecki does not dispute the facts contained in paragraph 31 of the plaintiff's Statement except for the address of the property at issue.   The address is 5419 Roberts Road, not 5149 Roberts Road.   *See* Overbeck Decl., *Exhibit A* (Events Log) at CHIARI000165.

32.   Chiari & Ilecki disputes the facts contained in paragraph 32 of the plaintiff's Statement to the extent that this paragraph suggests that Chiari & Ilecki affirmatively destroyed the results of the Real Info search that it obtained on February 9, 2015.   As with Lexis searches, Chiari & Ilecki's attorneys run Real Info searches using their online Real Info accounts; any search results are displayed electronically on the internet.   *See* Overbeck Decl., ¶ 19.   As a matter of office policy, Chiari & Ilecki's attorneys typically do not print out their Real Info search results and instead record their findings on Chiari & Ilecki's events log for the file at issue.   *See* Overbeck Decl., ¶¶ 20-21.

33.     Chiari & Ilecki does not dispute the facts contained in paragraph 33 of the plaintiff's Statement except to the extent that this paragraph can be read to suggest that the information subpoena at issue was mailed on February 9, 2015. The information subpoena was mailed to the debtor, via certified mail, on February 11, 2015.   *See* Overbeck Decl., *Exhibit K* (Affidavit of Service).

34.     Chiari & Ilecki disputes the facts contained in paragraph 34 of the plaintiff's Statement to the extent that this paragraph suggests that Chiari & Ilecki was simply guessing that the debtor resided at 5419 Roberts Road.   When Ms. Overbeck mailed her February 9, 2015 letter, she felt confident based on her research that the debtor resided at 5419 Roberts Road.   *See* Overbeck Decl., ¶¶ 82-83.

35.     Chiari & Ilecki does not dispute that Chiari & Ilecki's February 9, 2015 letter to the debtor was delivered to 5419 Roberts Road and opened by the plaintiff on February 12, 2015.   Chiari & Ilecki does dispute, however, that the plaintiff was the intended recipient.   The debtor was the intended recipient of the February 9, 2015 letter.   *See* Overbeck Decl., *Exhibit J* (February 9, 2015 Letter and CPLR § 5222 Notice).

36.     Chiari & Ilecki does not dispute the facts contained in paragraph 36 of the plaintiff's Statement.

37.     Chiari & Ilecki does not dispute the facts contained in paragraph 37 of the plaintiff's Statement except as follows:   The February 12, 2015 credit report purported to provide information through February 12, 2015, not February 3, 2011.   *See* Overbeck Decl., *Exhibit L* (February 2015 Credit Report).   In addition,

although the February 12, 2015 credit report listed three possible alternative addresses for the debtor (*i.e.*, 336 Hartford Road, Amherst, New York 14226; 1571 Eggert Road, Amherst, New York 14226; and 378 Windermere Boulevard, Amherst, New York 14226), *see id.*, Chiari & Ilecki already had been informed by the Postal Service or a process server that those three addresses were invalid before the events at issue.   *See* Overbeck Decl., *Exhibit A* at CHIARI000164 (noting 378 Windermere Boulevard and 1571 Eggert Road as invalid addresses as of September 2007 and May 2011, respectively); *Exhibit D* (envelope addressed to the debtor at 1571 Eggert Road returned as not deliverable); *Exhibit E* (identifying 336 Hartford Road as the debtor's parents' address); *Exhibit F* (noting the debtor did not receive mail at 336 Hartford Road as of March 2006); *Exhibits G, H* (noting the debtor no longer resided at 378 Windermere as of August 2007).

38.     Chiari & Ilecki disputes that on or about February 15, 2015, the plaintiff received notification from the United States Postal Service that it was holding a certified letter addressed to him – *i.e.*, the plaintiff.   Rather, on or about February 15, 2015, the Postal Service delivered a notice to 5419 Roberts Road indicating that it was holding a letter addressed to "William J. Wagner, Jr." – the debtor.   *See* Woodard Decl., *Exhibit N* (Postal Service Notices).   The plaintiff understood that the notice was addressed to the debtor, rather than the plaintiff himself.   *See* Woodard Decl., *Exhibit G* (Wagner Dep.) at 37:12 – 37:19.   Chiari & Ilecki does not otherwise dispute the facts contained in paragraph 38 of the plaintiff's Statement.

39.     Chiari & Ilecki disputes that on or about March 19, 2015, the plaintiff received notification from the United States Postal Service that it was holding a certified letter addressed to him – *i.e.*, the plaintiff.   Rather, on or about March 19, 2015, the Postal Service delivered a notice to 5419 Roberts Road indicating that it was holding a letter addressed to "W. Wagner Jr." – the debtor.   *See* Woodard Decl., *Exhibit N* (Postal Service Notices).   This apparently was a second notice generated by the Postal Service concerning the information subpoena that Chiari & Ilecki mailed on February 11, 2015.   *See id.*   In other words, Chiari & Ilecki did not mail anything else to the debtor at 5419 Roberts Road after the February 2015 information subpoena.   *See* Overbeck Decl., ¶¶ 36-37.   The plaintiff understood that the notice was addressed to the debtor, rather than the plaintiff himself, and for that reason, the plaintiff did not accept the delivery.   *See* Woodard Decl., *Exhibit G* (Wagner Dep.) at 37:12 – 37:19, 38:18 – 38:22.   Chiari & Ilecki does not otherwise dispute the facts contained in paragraph 39 of the plaintiff's Statement.

40.     Chiari & Ilecki disputes that the plaintiff "concluded that the notification he received on March 19, 2015 related to a letter that had been mailed to him by the Defendant."   The notice that the Postal Service delivered to 5419 Roberts Road on or about March 19, 2015 indicated that it was holding a letter addressed to "W. Wagner Jr." – the debtor.   *See* Woodard Decl., *Exhibit N* (Postal Service Notices).   According to his own testimony, the plaintiff understood that the notice was addressed to the debtor, rather than the plaintiff himself, and for that reason, the plaintiff did not accept the delivery.   *See* Woodard Decl., *Exhibit G*

(Wagner Dep.) at 37:12 – 37:19, 38:18 – 38:22.   Chiari & Ilecki does not otherwise

dispute the facts contained in paragraph 40 of the plaintiff's Statement.

41.    Chiari & Ilecki does not dispute the facts contained in paragraph 41 of

the plaintiff's Statement.

42.    Chiari & Ilecki does not dispute the facts contained in paragraph 42 of

the plaintiff' Statement except to the extent that this paragraph suggests that

Chiari & Ilecki affirmatively destroyed the results of the Lexis search that it ran on

June 5, 2015.   Like most practitioners, Chiari & Ilecki's attorneys run Lexis

searches using their online Lexis accounts; any search results are displayed

electronically on the internet.   *See* Overbeck Decl., ¶ 19.   As a matter of office

policy, Chiari & Ilecki's attorneys typically do not print out their Lexis search

results and instead record their findings on Chiari & Ilecki's events log for the file

at issue.   *See* Overbeck Decl., ¶¶ 20-21.

43.    Chiari & Ilecki does not dispute the facts contained in paragraph 43 of

the plaintiff's Statement except for the date on which the subpoena duces tecum

was sent to the process server.   Chiari & Ilecki sent the subpoena duces tecum to

the process server after Ms. Overbeck conducted additional research regarding the

debtor on June 5, 2015.   *See* Overbeck Decl., ¶¶ 54-57.

44.    Chiari & Ilecki disputes the characterization of Ms. Overbeck's

testimony contained in paragraph 44 of the plaintiff's Statement.   Ms. Overbeck

testified that after Chiari & Ilecki received two telephone calls from the plaintiff,

and she conducted additional research, it appeared that more than one William

Wagner may have been living at 5419 Roberts Road – *i.e.*, the debtor, William J.

Wagner, Jr., and a William J. Wagner, who was not a "Jr." or the debtor.   *See* Woodard Decl., *Exhibit I* (Overbeck Dep.) at 23:10 – 24:25.

45.    Chiari & Ilecki does not dispute that an independent process server delivered the subpoena duces tecum to the plaintiff on June 17, 2015.   Chiari & Ilecki does dispute, however, that the plaintiff was the intended recipient.   The debtor, William J. Wagner, Jr., was the intended recipient of the subpoena duces tecum.   *See* Overbeck Decl., *Exhibit O* (Subpoena Duces Tecum).

46.    Chiari & Ilecki disputes that the subpoena duces tecum was "sent to Plaintiff."   The subpoena was addressed to and intended to be served on the debtor. *See* Overbeck Decl., *Exhibit O* (Subpoena Duces Tecum).   Chiari & Ilecki also disputes the plaintiff's mischaracterization of the firm's degree of certainty that the debtor resided at 5419 Roberts Road.   Although she could not know with absolute certainty, Ms. Overbeck was confident, based on her research, that the debtor resided at 5419 Roberts Road.   *See* Overbeck Decl., ¶¶ 82-83.

47.    Chiari & Ilecki does not dispute that during her deposition, Ms. Overbeck made the statements quoted in paragraph 47 of the plaintiff's Statement (with the exception of one typographical error).   Chiari & Ilecki does dispute, however, that those statements were regarding Ms. Overbeck's knowledge at the time that she prepared and sent the subpoena duces tecum to a process server. Rather, those statements referred to an entry in Chiari & Ilecki's events log on June 29, 2015 – the day that plaintiff's counsel, Seth Andrews, Esq., contacted Ms. Overbeck and almost two weeks after the subpoena duces tecum already had been delivered.   *See* Woodard Decl., *Exhibit I* (Overbeck Dep.) at 23:10 – 24:25;

Overbeck Decl., *Exhibit A* (Events Log) at CHIARI000166.   In addition, Chiari & Ilecki disputes that the quoted statements were meant to convey what the plaintiff implies here – namely, that Ms. Overbeck was simply guessing that the debtor resided at 5419 Roberts Road.   To the contrary, when the quoted statements are read in context, it is clear that Ms. Overbeck was expressing her belief that the debtor *did* reside at the Roberts Road address.   Specifically, during Ms. Overbeck's deposition, plaintiff's counsel suggested that Ms. Overbeck knew that the debtor did not reside at 5419 Roberts Road because she had evidence that another William J. Wagner may have resided at that address.   *See* Woodard Decl., *Exhibit I* (Overbeck Dep.) at 23:10 – 23:16, 24:16 – 24:19.   Ms. Overbeck responded, in part, with the quoted statements to express her belief that it was quite possible that the debtor resided at 5419 Roberts Road as well – *i.e.*, that there were both a William J. Wagner, Sr., and a William J. Wagner, Jr., residing at the same address.   *See* Woodard Decl., *Exhibit I* (Overbeck Dep.) at 23:18 – 23:20, 24:21 – 24:25.   To be perfectly clear, when Ms. Overbeck directed the communications at issue to the debtor at 5419 Roberts Road, she was confident, based upon her research, that the debtor resided at that address.   *See* Overbeck Decl., ¶¶ 82-83.

48.    Chiari & Ilecki does not dispute the facts contained in paragraph 48 of the plaintiff's Statement.

49.    Chiari & Ilecki does not dispute the facts contained in paragraph 49 of the plaintiff's Statement.

50.    Chiari & Ilecki disputes that the December 2015 Lexis report "does not suggest that William J. Wagner, Jr. lives at 5419 Roberts Road."   The Lexis report

was generated for the debtor's full name – William J. Wagner, Jr. – and Social

Security number and listed 5419 Roberts Road as one of the top potential addresses

for the debtor.   *See* Overbeck Decl., *Exhibit B* (December 2015 Lexis Report).

Chiari & Ilecki also disputes that "the debtor is *not* listed among the household

members" for 5419 Roberts Road.   The household members that the Lexis report

listed for 5419 Roberts Road included "William J. Wagner."   That name, of course,

can be an abbreviated version of the debtor's name, William J. Wagner, Jr.   Indeed,

the Lexis report specifically listed "Wagner, William J." as a variation for the

debtor's name.   *See id.*   Therefore, the Lexis report could reasonably be read as

suggesting that the debtor was a household member of 5419 Roberts Road.

51.     Chiari & Ilecki disputes that the address listed in the May 2016 Real

Info report was 5149 Roberts Road.   Rather, it was 5419 Roberts Road.   *See*

Overbeck Decl., *Exhibit C* (May 2016 Real Info Report).   Chiari & Ilecki also

disputes the facts contained in paragraph 51 of the plaintiff's Statement to the

extent that this paragraph suggests that the Real Info report could not reasonably

be read as suggesting that 5419 Roberts Road was owned by the debtor, William J.

Wagner, Jr.   The report identified the owner as "William Wagner," which, of

course, can be an abbreviated version of the debtor's name, William J. Wagner, Jr.

*See id.*

52.     Chiari & Ilecki disputes that the address listed in the February 2015

and May 2016 Real Info reports was 5149 Roberts Road.   Rather, it was 5419

Roberts Road.   *See* Overbeck Decl., ¶ 14; *Exhibit C* (May 2016 Real Info Report).

Chiari & Ilecki also disputes the facts contained in paragraph 51 of the plaintiff's

Statement to the extent that this paragraph suggests that the Real Info reports could not reasonably be read as suggesting that 5419 Roberts Road was owned by the debtor, William J. Wagner, Jr.   The May 2016 report – and presumably the February 2015 report also – identified the owner as "William J. Wagner," which, of course, can be an abbreviated version of the debtor's name, William J. Wagner, Jr. *See* Overbeck Decl., ¶ 14; *Exhibit C* (May 2016 Real Info Report).

53.     Chiari & Ilecki does not dispute the facts contained in paragraph 53 of the plaintiff's Statement.

54.     Chiari & Ilecki disputes the facts contained in paragraph 54 of the plaintiff's Statement inasmuch as this paragraph substantially misquotes Chiari & Ilecki's response to the plaintiff's Interrogatory No. 24, which states, in relevant part:

> When defendant has identified a debtor's address and an individual thereafter represents to defendant that (1) he resides at that address, (2) he has a name similar to that of the debtor, and (3) the debtor does not reside at the same address, defendant first requests that the alleged non-debtor provide verifiable proof of his identity – such as a copy of the individual's driver's license or a redacted Social Security card showing the last four digits of the individual's Social Security number – in order to confirm that he is not the debtor.   If the alleged non-debtor provides verifiable proof that he is not the debtor and that the debtor does not reside at his address, defendant immediately stops collection efforts directed to the debtor at that address.   If, however, the alleged non-debtor refuses to provide verifiable proof of his identity, William Ilecki, Esq., or Melissa Overbeck, Esq., reviews the file and runs a series of reports to confirm the debtor's address.   When more than one potential address is identified, the attorney compares reports and the information relative to the account and relies upon experience, common sense, and reasoned judgment to attempt to determine which address is most likely the correct one.   If after conducting such research the attorney still believes that the debtor lives at

> the alleged non-debtor's address, defendant may continue to undertake collection efforts directed to the debtor at that address.   In that case, defendant instructs its employees and any process servers or other third parties it engages to ensure that collection efforts are directed at only the debtor and not the alleged non-debtor or anyone else at that address.   Consistent with its standard practices, defendant properly employed that procedure in this case.

*See* Hiller Aff., *Exhibit R* (Defendant's Interrogatory Responses).

55.   Chiari & Ilecki does not dispute that it conducts numerous searches for a judgment debtor before undertaking collection efforts against that debtor.   Chiari & Ilecki does dispute, however, that Mr. Ilecki testified that this is how "the firm initiates their collection process."   Rather, when asked to identify the first steps for when a client asks Chiari & Ilecki to help with satisfying a judgment, Mr. Ilecki responded:

> The first step is to obtain information as to the court, obtain copies of the judgment, obtain identifying characteristics of the judgment debtor, work out a fee agreement, explain the terms of any reimbursement for disbursement, and I will tell you what you're asking involves quite a bit of detail.   So I may forget some steps, but you also have to ensure that your client's legitimate, and if you work out those issues, then a search is done as to the judgment debtor.

*See* Woodard Decl., *Exhibit H* (Ilecki Dep.) at 40:3 – 40:16.

56.   Chiari & Ilecki does not dispute the facts contained in paragraph 56 of the plaintiff's Statement.

57.   Chiari & Ilecki does not dispute the facts contained in paragraph 57 of the plaintiff' Statement except to the extent that this paragraph suggests that the Real Info reports could not reasonably be read as suggesting that 5419 Roberts Road was owned by the debtor, William J. Wagner, Jr.   The May 2016 report – and

presumably the February 2015 report also – identified the owner as "William J.

Wagner," which, of course, can be an abbreviated version of the debtor's name,

William J. Wagner, Jr.   *See* Overbeck Decl., ¶ 14; *Exhibit C* (May 2016 Real Info

Report).

58.   Chiari & Ilecki disputes the facts contained in paragraph 58 of the

plaintiff's Statement to the extent that this paragraph suggests that during the

time period at issue, Chiari & Ilecki had a policy of affirmatively destroying

"documents they relied upon, including searches, in determining the identity and

location of debtors they were attempting to collect from."   Rather, Chiari & Ilecki

has a policy that it generally does not print out the results of certain online

searches, such as searches run on the Lexis, Westlaw, and Real Info online

databases.   Like most practitioners, Chiari & Ilecki's attorneys run these searches

using their online accounts; any search results are displayed electronically on the

internet.   *See* Overbeck Decl., ¶ 19.   As a matter of office policy, Chiari & Ilecki's

attorneys typically do not print out their Lexis, Westlaw, or Real Info search results

and instead record their findings on Chiari & Ilecki's events log for the file at issue.

*See* Overbeck Decl., ¶¶ 20-21.

59.   Chiari & Ilecki disputes the facts contained in paragraph 59 of the

plaintiff's Statement.   On February 9, 2015, Ms. Overbeck reviewed a Lexis report

generated for the debtor based on his Social Security number and full name

(William J. Wagner, Jr.).   *See* Overbeck Decl., ¶¶ 10, 12.   That report listed 5419

Roberts Road as one of the top possible addresses for the debtor.   *See id.*, ¶ 12.

That report also indicated that a Julia or Julie Wagner living at 5419 Roberts Road

was a possible relative of the debtor.   *See id.*, ¶ 13.   Ms. Overbeck also reviewed a

Real Info report on February 9, 2015, which listed a William Wagner and Julie

Wagner as the owners of 5419 Roberts Road.   *See id.*, ¶¶ 10, 14.   In addition,

Chiari & Ilecki had previously ruled out the other top addresses that the Lexis

report listed for the debtor.   *See* Overbeck Decl., *Exhibits D-H.*   Therefore, read

together, these reports support the conclusion that the debtor resided at 5419

Roberts Road.   Chiari & Ilecki obtained and produced similar Lexis and Real Info

reports in connection with this litigation, and these reports corroborate Ms.

Overbeck's testimony.   *See* Overbeck Decl., *Exhibits B-C.*

   60.   Chiari & Ilecki disputes that it ever attempted to collect a debt from

anyone other than the debtor himself or otherwise violated the Fair Debt Collection

Practices Act.   Chiari & Ilecki does not dispute that the plaintiff initially believed

that Chiari & Ilecki was not attempting to collect a debt from him – the plaintiff –

as opposed to the debtor, William J. Wagner, Jr.   Chiari & Ilecki also does not

dispute that the plaintiff claims that he began to feel harassed after he called and

spoke with Chiari & Ilecki on March 19, 2015.   Chiari & Ilecki does dispute,

however, that the plaintiff ever believed that Chiari & Ilecki was attempting to

collect a debt from him – the plaintiff – as opposed to the debtor.   The plaintiff has

conceded that every communication at issue was addressed to "William J. Wagner

Jr." – the debtor – and referenced a debt or lawsuit involving M.J. Peterson.   *See*

Affidavit of William J. Wagner, sworn to on December 14, 2016 ("Wagner Aff."),

¶ 16; Woodard Decl., *Exhibit G* (Wagner Dep.) at 37:12 – 37:19, 38:18 – 38:22, 57:8

– 58:3.   The plaintiff also has conceded that he has never been referred to as a "Jr."

and never conducted business or been involved in litigation with M.J. Peterson. *See* Wagner Aff., ¶ 1; Woodard Decl., *Exhibit G* (Wagner Dep.) at 20:22 – 21:4, 58:4 – 58:11.   Therefore, the plaintiff has conceded that at all relevant times, he was aware that the communications at issue were not addressed to him.   *See* Wagner Aff., ¶ 16; Woodard Decl., *Exhibit G* (Wagner Dep.) at 23:4 – 23:18, 25:14 – 25:17, 37:12 – 37:19, 38:18 – 38:22, 57:8 – 58:3, 82:23 – 83:12.   Although the plaintiff testified that after the March 19, 2015 telephone call with Chiari & Ilecki, he "started feeling harassed, and [he] believed they were trying to collect from [him], *see* Woodard Decl., *Exhibit G* (Wagner Dep.) at 50:19-23, he later confirmed that he "knew [he was] not the person they were looking for," *see id.* at 82:10 – 82:12.

## ADDITIONAL MATERIAL FACTS

In addition, Chiari & Ilecki incorporates by reference each of the facts set forth in its Statement of Undisputed Facts in support of its cross-motion for summary judgment.   Chiari & Ilecki submits that those facts further warrant the denial of the plaintiff's summary-judgment motion.

Dated:       Buffalo, New York
             March 2, 2017

  s/Paul A. Woodard
Terrence M. Connors, Esq.
Paul A. Woodard, Esq.
**CONNORS LLP**
Attorneys for Defendant
1000 Liberty Building
Buffalo, New York 14202
(716) 852-5533
tmc@connorsllp.com
paw@connorsllp.com
