# EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM J. WAGNER,

                Plaintiffs

      v.                                                              **Civil Action No. 15-CV-633**

CHIARI & ILECKI, LLP.,
                Defendant
_____

## PLAINTIFFS' INITIAL DISCLOSURE PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

        Plaintiffs make the following disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure:

        1.      The following individuals may have discoverable information that may be used to support Plaintiffs' claims:

        William J. Wagner
        5419 Roberts Road
        Hamburg, NY 14075

        William Wagner, the Plaintiff in this action, will provide testimony regarding the following:

        A.      His conversations with Defendant, or employees of Defendant.

        B.      The nature of any correspondence he received from the Defendant regarding the subject debt.

        C.      His conversations with co-workers, family or neighbors relative to telephone conversations and/or letters received from the Defendant.

        D.      The actual damages and emotional and mental distress she suffered as a result of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), and Defendant's violations of state tort law as alleged in the Complaint.

        E.      Any other subject matters that may be related to the allegations of the Complaint.

2.      At this time, Plaintiff is in possession, custody or control of the following documents that support the claims they made in the Complaint:

     a.   Letter dated February 9, 2015 from Defendant to Plaintiff.

     b.   Subpoena Duces Tecum with Restraining Notice from Defendant to Plaintiff dated May 15, 2015.

     c.   Transcript of Judgment for William J. Wagner, Jr. dated May 12, 2006.

3.      Itemization of Damages:

The Plaintiff seeks actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant in an amount that will fully and fairly compensate Plaintiff, and to be determined by a jury. Plaintiffs' actual damages include their emotional distress. At this time, Plaintiff has not determined these exact costs. The majority of Plaintiffs' actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages. *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486-487 (5th Cir. 2000); *Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997); *Morrison Knudsen Corp., v. Fireman's Fund Ins. Co.*, 175 F.3d 1221 (10th Cir. 1999).

Plaintiff seeks statutory damages pursuant to 15 U.S.C. §1692k, and reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. §1692k.

4.      Plaintiff has no personal knowledge as to whether there are any insurance agreements applicable to the Plaintiffs' claims and as such, no insurance agreements are being disclosed.

DATE:     10/23/2015
            Amherst, New York

                        /s/ Seth J. Andrews_____
                        Seth Andrews, Esq.
                        Law Offices of Kenneth Hiller
                        *Attorneys for Plaintiff*
                        6000 N. Bailey Avenue – Suite 1A
                        Amherst, New York 14226
                        (716) 564-3288
                        Email: sandrews@kennethhiller.com