# EXHIBIT E

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

WILLIAM J. WAGNER,

          Plaintiff,

    ·vs·                                     Docket No. 15-cv-633-JTC

CHIARI & ILECKI, LLP,

          Defendant.

———————————————————

## PLAINTIFF'S REPSONSE TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

The Plaintiff, through his attorneys, Law Offices of Kenneth Hiller, PLLC,

hereby responds to Defendant's First Set of Document Requests:

### General Objections

1.  Plaintiff objects to Defendant's First Set of Interrogatories to the extent that they seek information not known to Plaintiff.

2.  Plaintiff objects to Defendant's First Set of Interrogatories to the extent that they call for information beyond the scope of the above captioned litigation.

3.  Plaintiff has not completed his investigation, has not completed discovery, and has not completed trial preparation. Plaintiff bases his responses contained herein on his knowledge, information, and belief at this time and reserve the right to supplement responses to these discovery requests to the extent necessary and appropriate.

4.  In providing these objections, and in the response to Defendant's First Set of Interrogatories of Documents pursuant thereto, Plaintiff does not in any way waive, or intend to waive, but rather intend to preserve and is preserving:

a.  All objections as to competence, relevancy, materiality, and admissibility of the Notice (or responses) or the subject matter thereof;

b.  All objections to vagueness, ambiguity, and undue burden;

c.  All rights to object on any ground to the use of and any of said documents or responses, or the subject matter thereof, in any subsequent proceeding, including trial of this or any other action; and,

d.  All rights to object on any ground to any request or further responses to these or any other interrogatory requests, or other discovery requests involving or related to the subject matter of these discovery requests.

5.  The inadvertent or mistaken production of documents or statements subject to the protections of the attorney-client privilege, work product doctrine, or other privilege shall not constitute a general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice or counsel or any privileged communications. All such inadvertently produced document(s) or statements shall be returned to Plaintiff's counsel, along with any copies made thereof.

## REQUESTS

## REQUEST NO. 1

Any and all documents concerning defendant's alleged violation(s) of the

FDCPA.

**ANSWER:** Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work product doctrine. Plaintiff also objects because investigation and discovery are ongoing and not complete at this time. Without waiving said objections, Plaintiff responds as follows: See Exhibit A

## REQUEST NO. 2

Any and all documents concerning the debt at issue.

**ANSWER:** Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work

product doctrine. Plaintiff also objects because investigation and discovery are ongoing and not complete at this time. Without waiving said objections, Plaintiff responds as follows: None.

REQUEST NO. 3

Any and all documents concerning defendant's efforts to collect the debt at

issue.

ANSWER: Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work product doctrine. Plaintiff also objects because investigation and discovery are ongoing and not complete at this time. Without waiving said objections, Plaintiff responds as follows: See Exhibit A

REQUEST NO. 4

Any and all documents concerning the service or delivery, or attempted

service or delivery, of any subpoena or correspondence from defendant.

ANSWER: Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work product doctrine. Plaintiff also objects because investigation and discovery are ongoing and not complete at this time. Without waiving said objections, Plaintiff responds as follows: See Exhibit A

REQUEST NO. 5

Any and all documents concerning any debts owed or allegedly owed by the

debtor, aside from the debt at issue.

ANSWER: Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects as he does not owe the debt that the Defendant was attempting to

collect and is not the debtor. Plaintiff also objects as the information requested is not reasonably likely to lead to the discovery of admissible evidence relevant to any claim or defense in the action.

## REQUEST NO. 6

Any and all communications, or documents concerning communications, to or from defendant.

**ANSWER:** Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work product doctrine. Plaintiff also objects because investigation and discovery are ongoing and not complete at this time. Without waiving said objections, Plaintiff responds as follows: See Exhibit A

## REQUEST NO. 7

Any and all communications, or documents concerning communications, to or from any process server concerning the debt at issue, defendant's collection efforts, or the allegations of the complaint.

**ANSWER:** Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work product doctrine. Plaintiff also objects because investigation and discovery are ongoing and not complete at this time. Without waiving said objections, Plaintiff responds as follows: See Exhibit A

## REQUEST NO. 8

Any and all communications, or documents concerning communications, between plaintiff and his "co-workers, family or neighbors relative to telephone

conversations and/or letters received from the Defendant." *See* Plaintiff's Initial Rule 26(a)(1) Disclosures at ¶ 1(C).

**ANSWER:** Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work product doctrine. Plaintiff also objects because investigation and discovery are ongoing and not complete at this time. Without waiving said objections, Plaintiff responds as follows: None.

## REQUEST NO. 9

Any and all communications, or documents concerning communications, between plaintiff and anyone else concerning the debt at issue, defendant's collection efforts, or the allegations of the complaint.

**ANSWER:** Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work product doctrine. Plaintiff also objects because investigation and discovery are ongoing and not complete at this time. Without waiving said objections, Plaintiff responds as follows: See Exhibit A

## REQUEST NO. 10

Any and all communications, or documents concerning communications, to or from any creditor or debt collector other than defendant concerning the debt at issue or any other debt owed or allegedly owed by the debtor.

**ANSWER:** Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work product doctrine. Plaintiff also objects because investigation and discovery are ongoing and not complete at this time. Without waiving said objections, Plaintiff responds as follows: None.

REQUEST NO. 11

Any and all statements or admissions – or documents concerning statements

or admissions – allegedly made by defendant, or anyone allegedly acting on behalf

of defendant, concerning the debt at issue, defendant's collection efforts, or the

allegations of the complaint.

**ANSWER:** Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work product doctrine. Plaintiff also objects because investigation and discovery are ongoing and not complete at this time. Without waiving said objections, Plaintiff responds as follows: See Exhibit A

REQUEST NO. 12

Any and all audio or video recordings – or transcripts of, or other documents

concerning, audio or video recordings – allegedly of defendant, or anyone allegedly

acting on behalf of defendant, concerning the debt at issue, defendant's collection

efforts, or the allegations of the complaint.

**ANSWER:** Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work product doctrine. Plaintiff also objects because investigation and discovery are ongoing and not complete at this time. Without waiving said objections, Plaintiff responds as follows: None.

REQUEST NO. 13

Any and all portions of diaries, journals, calendars, logs, lists, or notes

concerning the allegations of the complaint, including, but not limited to, the

alleged acts or omissions attributed to defendant or the damages allegedly suffered by plaintiff.

ANSWER: Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work product doctrine. Plaintiff also objects because investigation and discovery are ongoing and not complete at this time. Without waiving said objections, Plaintiff responds as follows: See Exhibit A

## REQUEST NO. 14

Any and all pleadings and other documents reflecting the nature of the claims and defenses, and the disposition of such claims, in any legal or administrative proceeding to which plaintiff has been a party, aside from this action.

ANSWER: Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work product doctrine. Plaintiff also objects because investigation and discovery are ongoing and not complete at this time. Without waiving said objections, Plaintiff responds as follows: None.

## REQUEST NO. 15

Any and all documents concerning the damages claimed by plaintiff in this action.

ANSWER: Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work product doctrine. Plaintiff also objects because investigation and discovery are ongoing and not complete at this time. Without waiving said objections, Plaintiff responds as follows: None.

REQUEST NO. 16

Any and all medical, therapy, counseling, or mental health records or other documents concerning any "emotional distress" or "nervous, upset, [or] anxious" state experienced by plaintiff from 2005 to present. *See* Complaint at ¶¶ 21, 24.

**ANSWER:** Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work product doctrine. Plaintiff also objects because investigation and discovery are ongoing and not complete at this time. Without waiving said objections, Plaintiff responds as follows: None.


REQUEST NO. 17

Authorizations permitting Connors LLP to obtain copies of the records requested in Request No. 16, *supra*.

**ANSWER:** Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work product doctrine. Plaintiff also objects because investigation and discovery are ongoing and not complete at this time. Without waiving said objections, Plaintiff responds as follows: Not applicable as Plaintiff has not alleged that he has sought treatment from a medical professional.


REQUEST NO. 18

Any and all documents concerning the costs and disbursements associated with this action that plaintiff seeks to recover pursuant to 15 U.S.C. § 1692k(a)(3).

**ANSWER:** Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work product doctrine. Plaintiff also objects Plaintiff also objects as the information requested is not reasonably likely to lead to the discovery of admissible evidence relevant to any claim or defense in the action. Plaintiff also objects as said demand

is premature as liability against the Defendant has not been established and this is an issue for determination for the jury. Without waiving said objections, Plaintiff responds as follows: None.


## REQUEST NO. 19

Any and all documents concerning the attorney's fees associated with this

action that plaintiff seeks to recover pursuant to 15 U.S.C. § 1692k(a)(3).

ANSWER: Objection. Plaintiff objects to this document request on the grounds that it is not relevant to any claim or defense pursuant to Federal Rule of Civil Procedure 26(b)(1), and is not reasonably calculated to lead to discovery of admissible evidence pursuant to Federal Rules of Evidence 405 and 608. Additionally, Plaintiff objects because the information sought is protected by the attorney client privilege. Plaintiff also objects because the information sought is premature as there has not been a judgment rendered in favor of Plaintiff, thereby awarding Plaintiff his attorneys' fees. Plaintiff reserves the right to supplement this response.

Further, Plaintiff's billing records, redacted for attorney client and work-product privileges, will be produced after a determination of liability and an entitlement to attorney's fees. In federal court litigation under fee-shifting statutes such as the FDCPA, attorney's fees and costs are only recoverable, if at all, if the consumer prevails on the trial on the merits under the statute. See Fed.R.Civ.P. 54. At that point – post-trial – fee records become relevant as plaintiff would be entitled to make a fee petition. Before that time, however, the documents and the information are not relevant or reasonably tailored to lead to the discovery of relevant information. Abels v. JBC Legal Group, P.C., 233 F.R.D. 645 (N.D. Cal. 2006) (defendants' motion to compel production of time records and retainer denied) (FDCPA case); Bank v. Pentagroup Financial, LLC, No. 08-cv-5293 (JG)(RML), 2009 WL 1606420, n.6 (E.D.N.Y. June 9, 2009) ("defendant's counsel has moved for an order permitting discovery relating to plaintiff's attorney's fee claim… That application is denied. Since fees are available only if the plaintiff prevails, and the defendant contests liability, such procedures would be premature.) (FDCPA case); In re Grand Jury Witness, 695 F.2d 359, 362 (9th Cir. 1982); In re Horn, 976 F.2d 1314 (9th Cir. 1992); Staton v. Boeing Co., 327 F.3d 938, 968 (9th Cir. 2003)
Even at the fee petition stage, the fee agreement is not relevant and objection is made to its production. The fee agreement is not relevant or reasonably tailored to lead to the discovery of relevant information, and calls for disclosure of privileged information. Uinta Oil Refining Co. v. Continental Oil Co., 226 of the amount of a reasonable fee award).

Further, the calculation of attorney's fees is outside of the scope F. Supp. 495 (D. Utah 1964); Sargeant v. Sharp, 579 F.2d 645, 649 (1st Cir. 1978) (a fee agreement is irrelevant to the issue of entitlement and should not enter into the determination of 1st Cir. 1978) (a fee agreement is irrelevant to the issue of entitlement and should not enter into the determination of the amount of a reasonable fee award). discovery and not calculated to lead to admissible evidence, since fee award must be based on lodestar (marketplace) rates. This is a fee shifting case; fees and costs

will be sought by petition or agreement under usual fee-shifting standards. Under these standards, the party's agreement with his lawyers may not be considered as a floor, standard, or ceiling. Blanchard v. Bergeron, 489 U.S. 87, 93 (1989); Venegas v. Mitchell, 110 S.Ct. 1679 (1990); City of Burlington v. Dague, 112 S.Ct. 2638 (1992); Amherst Leasing Corp. v. Emhart Corp., 65 F.R.D. 121, 126 (U.S.D.C. Conn. 1974) (motion to compel fee agreement denied); Stahler v. Jamesway Corp., 85 F.R.D. 85, 86 (E.D. Pa. 1979) (fee agreement not discoverable); Sanderson v. Winner, 507 F.2d 477 (10th Cir. 1974).

REQUEST NO. 20

Any and all documents in plaintiff's possession, custody, or control that

plaintiff claims are relevant in any way to the subject matter of this action.

ANSWER: Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work product doctrine. Plaintiff also objects because investigation and discovery are ongoing and not complete at this time. Without waiving said objections, Plaintiff responds as follows: See Exhibit A

REQUEST NO. 21

Any and all exhibits that plaintiff may introduce at the trial of this matter.

ANSWER: Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work product doctrine. Plaintiff also objects because investigation and discovery are ongoing and not complete at this time. Without waiving said objections, Plaintiff responds as follows: See Exhibit A. Plaintiff reserves the right to supplement this response.

REQUEST NO. 22

Any and all documents identified in response to any of defendant's

interrogatories.

ANSWER: Objection. Plaintiff objects to this Request for Production of Documents on the grounds that it is overly broad and unduly burdensome and requests materials prepared in anticipation of litigation, and pursuant to the work product doctrine. Plaintiff also objects because investigation and discovery are ongoing and not complete at this time. Without waiving said objections, Plaintiff responds as follows:  See Exhibit A


DATED:  September 23, 2016


_____

Seth J. Andrews, Esq.
THE LAW OFFICE OF KENNETH HILLER PLLC
Attorney for the Plaintiff
6000 North Bailey Avenue, Suite 1A
Amherst, NY  14226
Sandrews@kennethhiller.com