# EXHIBIT J

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————————

WILLIAM J. WAGNER,

                Plaintiff,

    -vs-                                  Docket No. 15-cv-633-JTC

CHIARI & ILECKI, LLP,

                Defendant.

———————————————————————————

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to the Federal Rules of Civil Procedure and Local Rules of Civil Procedure for the Western District of New York, defendant, CHIARI & ILECKI, LLP, submits the following objections and responses to the First Set of Interrogatories served by plaintiff, WILLIAM J. WAGNER.

## GENERAL OBJECTIONS

1.      Defendant objects to the Interrogatories to the extent that they inquire about material prepared in anticipation of litigation, work product, attorney-client communications or information, or matters otherwise protected from disclosure under applicable privileges, laws, or rules.  Defendant hereby claims such privileges and protections to the extent implicated by the Interrogatories and excludes privileged and protected information and documents from its responses.  Any disclosure of such protected documents and information is inadvertent and is not intended to waive those privileges or protections.

-1-

2.     Defendant's responses are not intended to waive or prejudice any objections that defendant may assert now or in the future, including, without limitation, objections as to competence, relevance, materiality, propriety, privilege, or the admissibility of any response or category of responses.

3.     Defendant reserves the right to object on any ground at any time to a demand for further responses and reserves the right to revise, amend, supplement, correct, clarify, or add to these responses.  Without limiting this right, defendant specifically reserves the right to revise, amend, supplement, correct, clarify, or add to these responses after further discovery.

4.     Defendant objects to the Interrogatories and the accompanying definitions and instructions to the extent that they are not consistent with the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure or attempt to impose requirements greater than those imposed by the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure.

5.     Defendant objects to the Interrogatories to the extent that they seek to impose an obligation upon defendant to collect and obtain information and documents from any person or entity not a party to this lawsuit.

6.     Defendant objects to the Interrogatories to the extent that they seek information or documents already within plaintiff's knowledge, possession, custody, or control, and to the extent that they seek information or documents to which plaintiff has equal access.  Defendant notes that it may not produce back to plaintiff any documents plaintiff may supply in this case in motion practice or in discovery.

7.     Defendant objects to the Interrogatories to the extent that they are duplicative, cumulative, or seek documents or information that may be obtained from other sources, such as through plaintiff, or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive.

8.     Defendant objects to the Interrogatories to the extent that they call for the production of irrelevant information or information not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case.

9.     Defendant objects to any implication and to any explicit or implicit characterization of facts, events, circumstances, or issues in the Interrogatories. Defendant's responses to the Interrogatories shall not be construed as admissions to any legal conclusion, or to any explicit or implicit characterization of the facts, events, circumstances, or issues contained in the Interrogatories.

10.     Defendant objects to the Interrogatories to the extent that they call for legal conclusions, are overly broad, unduly burdensome, overly vague or ambiguous, are not described with reasonable particularity, lack a readily discernible meaning, or require defendant to speculate as to the information or documents sought.

11.     Defendant objects to the Interrogatories to the extent that responding to them would involve unreasonable expense and the burden and expense of responding to them outweigh their likely benefit.

12.     Defendant objects to the Interrogatories to the extent that the Interrogatories do not provide sufficient time for defendant to search for and provide responsive information.

13.     Defendant objects to the Interrogatories to the extent that they are premature given that discovery is just beginning.  Defendant's objections and responses are based upon information and documents presently available to it. Because further discovery may supply additional facts and evidence, defendant reserves its right to amend and/or supplement these objections and responses.

14.     Defendant objects to the Interrogatories to the extent that plaintiff exceeds the total number permitted under Rule 33(a) of the Federal Rules of Civil Procedure.

15.     Defendant expressly reserves, and does not waive, its right to seek appropriate relief under the Federal Rules of Civil Procedure, including Rule 26(c), with respect to the Interrogatories.

16.     Defendant incorporates the foregoing General Objections into each of the following responses, each of which is expressly made subject to these objections.


## SPECIFIC OBJECTIONS AND RESPONSES
## TO INTERROGATORIES

## INTERROGATORY NO. 1

For each individual, officer, employee or agent answering or providing any information used to answer any Interrogatory, state the following:

    a.      Name;

b.      Job title or capacity; and

c.      Business address.

**RESPONSE:**

William Ilecki, Esq., one of defendant's principals, and Melissa Overbeck,

Esq., one of defendant's associate attorneys, answered or provided information used

to answer the Interrogatories.  Their business address is Chiari & Ilecki, LLP, 14

Lafayette Square, Suite 1440, Buffalo, New York 14203.  As a principal and an

employee of defendant, respectively, Mr. Ilecki and Ms. Overbeck should only be

contacted through counsel.

**INTERROGATORY NO. 2**

Identify each document referred to or consulted by Defendant in the

preparation of the Answers to these Interrogatories, Defendant's Response to

Plaintiff's Request for Admissions, and Defendant's Response to Plaintiff's Request

for Production of Documents.

**RESPONSE:**

Defendant objects to this Interrogatory on the grounds that it is vague,

ambiguous, overly broad, and unduly burdensome and seeks information not

relevant to this action or proportional to the needs of the case.  Defendant also

objects to this Interrogatory to the extent that it seeks information that is privileged

or protected as attorney work product or material prepared in anticipation of

litigation.  Subject to and without waiving any general or specific objections,

defendant states that it is unaware of any relevant, non-privileged documents

responsive to this Interrogatory except those already or contemporaneously produced or otherwise noted in defendant's responses to plaintiff's other Requests and Interrogatories.

INTERROGATORY NO. 3

Identify all persons known to Defendant to have personal knowledge of any facts or issues involved in this lawsuit.

RESPONSE:

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case.  Subject to and without waiving any general or specific objections, defendant states that the following individuals have personal knowledge of facts or issues involved in this lawsuit:  William Ilecki, Esq., Melissa Overbeck, Esq., Karen Sandford, Kristian Brown, Rita Marti, and Antoinette Ferraro.  Each of the foregoing persons are principals or employees of defendant, Chiari & Ilecki, LLP, 14 Lafayette Square, Suite 1440, Buffalo, New York 14203, and should only be contacted through counsel. Upon information and belief, plaintiff and his attorneys, Kenneth Hiller, Esq., and Seth Andrews, Esq., also have personal knowledge of facts or issues involved in this lawsuit.  In addition, we refer you to defendant's responses to plaintiff's other Requests and Interrogatories and the documents that defendant has already produced or is contemporaneously producing.

INTERROGATORY NO. 4

Does Defendant provide training to all employees, including new employees, involved in the collection of consumer accounts?  If so, describe and/or identify:

a.     The training content, timing, and duration;

b.     All documents and audio or visual materials used in such training; and

c.     Each person involved in providing such training.

RESPONSE:

Defendant objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.  Defendant also objects to this Interrogatory to the extent that it seeks information not relevant to this action or proportional to the needs of the case.  Defendant's collection efforts at issue involve only written communications prepared by Melissa Overbeck, Esq., one of defendant's attorneys. Therefore, the training defendant provides to its non-attorney employees is irrelevant to this action.  As such, defendant limits its response to this Interrogatory to the training of attorneys.

Subject to and without waiving any general or specific objections, defendant states that it provides training to all its employees, including attorneys, involved in the collection of consumer accounts.  Indeed, each of defendant's new attorneys is fully trained regarding federal and state collection law before he or she is authorized to undertake any collection action.  William Ilecki, Esq., one of defendant's principals, oversees training new attorneys regarding the collection of consumer accounts.  At times, defendant's other attorneys trained in debt collection

also assist in training new attorneys.  Mr. Ilecki and defendant's other attorneys rely on relevant federal and state statutes, regulations, advisory opinions, and case law, as well as relevant secondary sources, in connection with providing this training.  Defendant's attorneys also stay apprised of any and all developments concerning the federal and state statutes, regulations, advisory opinions, and case law relevant to the collection of debts. Defendant's attorneys regularly meet to discuss any such developments in the law, as well as how to avoid any potential pitfalls in collecting debts.

## INTERROGATORY NO. 5

Identify and describe all manuals, instructions, restrictions or other documentation or instructions Defendant uses regarding how to and how not to collect debts from persons.

### RESPONSE:

Defendant objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.  For instance, defendant's attorneys have thousands of pages of notes and other documents regarding debt collection laws and the cases interpreting them, including notes and other documents that defendant's attorneys have created in connection with their efforts to stay apprised of developments in the field of debt collection.  To the extent that this Interrogatory can be interpreted so broadly as to request such documents, it is unduly burdensome, and defendant does not include such documents in its response.

Defendant also objects to this Interrogatory to the extent that it seeks information not relevant to this action or proportional to the needs of the case. Defendant's collection efforts at issue in this litigation involve only written communications prepared by Melissa Overbeck, Esq., one of defendant's attorneys. Therefore, manuals, instructions, and other documentation defendant provides to its non-attorney employees are irrelevant to this action. As such, defendant limits its response to this Interrogatory to manuals, instructions, or other documentation used by its attorneys.

Subject to and without waiving any general or specific objections, defendant encloses responsive material as CHIARI000193 – CHIARI000780. In addition, defendant's attorneys rely on relevant federal and state statutes, regulations, advisory opinions, and case law, as well as relevant secondary sources, in determining how to and how not to collect debts from persons.

## INTERROGATORY NO. 6

Identify and describe Defendant's disciplinary policy for violating state and federal collection laws.

### RESPONSE:

Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case. Subject to and without waiving any general or specific objections, defendant states that it reviews alleged violations of federal and state collection laws on a case-by-case basis.

Defendant impresses upon its employees that strict compliance with federal and state collection laws is of the highest importance and that violations of collection laws will not be tolerated.  To date, defendant is unaware of any violations of collection laws by its employees.

INTERROGATORY NO. 7

Identify and describe any documents used to describe, record or establish Defendant's methods and techniques to be used in the collection of consumer accounts.

RESPONSE:

Defendant objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.  For instance, defendant's attorneys have thousands of pages of notes and other documents regarding debt collection laws and the cases interpreting them, including notes and other documents that defendant's attorneys have created in connection with their efforts to stay apprised of developments in the field of debt collection.  To the extent that this Interrogatory can be interpreted so broadly as to request such documents, it is unduly burdensome, and defendant does not include such documents in its response.

Defendant also objects to this Interrogatory to the extent that it seeks information not relevant to this action or proportional to the needs of the case. Defendant's collection efforts at issue in this litigation involve only written communications prepared by Melissa Overbeck, Esq., one of defendant's attorneys. Therefore, documents describing the methods and techniques used by defendant's

non-attorney employees in the collection of consumer accounts are irrelevant to this action. As such, defendant limits its response to this Interrogatory to documents describing the methods and techniques used by its attorneys.

Subject to and without waiving any general or specific objections, defendant encloses responsive material as CHIARI000193 – CHIARI000780. In addition, defendant's attorneys rely on relevant federal and state statutes, regulations, advisory opinions, and case law, as well as relevant secondary sources, to establish methods and techniques to be used in the collection of consumer debts.

## INTERROGATORY NO. 8

Describe fully any system(s) Defendant maintains or operates to record contacts of its employees with consumers or third parties in connection with the collection of consumer accounts, and Defendant's policies for operating such a system.

### RESPONSE:

Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case. Subject to and without waiving any general or specific objections, defendant states that it uses Microsoft Access databases to document its contacts with consumers or third parties. Communications, documents, and actions are contemporaneously inputted and recorded in this system by defendant's principals and employees.

INTERROGATORY NO. 9

Identify whether Defendant records telephone calls with debtors and what steps are taken to preserve the recordings.

RESPONSE:

Defendant objects to this Interrogatory to the extent that it is overly broad and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case. Defendant also objects to the terms "records" and "recordings" as vague and ambiguous. Subject to and without waiving any general or specific objections, defendant states that it does not create audio recordings of its telephone calls with debtors, and that it did not create audio recordings of its telephone calls with plaintiff here.

INTERROGATORY NO. 10

Identify the original creditor of the alleged debt that Defendant was trying to collect from Plaintiff. Please provide the name, address and phone number of the original creditor.

RESPONSE:

Defendant never has attempted to collect the debt referenced in paragraph 10 and elsewhere in the complaint ("debt at issue") from anyone other than the debtor, William J. Wagner, Jr., ("debtor"). Therefore, if, as plaintiff represents, plaintiff is not the debtor, there was no "alleged debt that Defendant was trying to collect from Plaintiff," and, thus, defendant has no information responsive to this Interrogatory.

## INTERROGATORY NO. 11

State and describe in detail and with particularity, in the form of a chronology of events, the process and events by which, and the circumstances under which, the debt purportedly owed by Plaintiff was referred to or assigned to Defendant for collection, and identify all documents relevant to, or reflecting such referral or assignment.

RESPONSE:

Defendant objects to this Interrogatory to the extent that it is overly broad and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case.  Defendant also objects to this Interrogatory to the extent that it seeks information that is privileged or protected as attorney work product or material prepared in anticipation of litigation.  Subject to and without waiving any general or specific objections, defendant states that it never has attempted to collect the debt at issue from anyone other than the debtor, and it never has claimed that anyone other than the debtor owed the debt at issue. Therefore, if, as plaintiff represents, plaintiff is not the debtor, there was no "debt purportedly owed by Plaintiff," and, thus, defendant has no information responsive to this Interrogatory.

## INTERROGATORY NO. 12

Identify and describe each document known to Defendant, which is related to the account of Plaintiff.

**RESPONSE:**

Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case.  Defendant also objects to this Interrogatory to the extent that it seeks information that is privileged or protected as attorney work product or material prepared in anticipation of litigation.  Subject to and without waiving any general or specific objections, defendant states that it never has attempted to collect the debt at issue from anyone other than the debtor.  Therefore, if, as plaintiff represents, plaintiff is not the debtor, there was no "account of Plaintiff," and, thus, defendant has no information responsive to this Interrogatory.

**INTERROGATORY NO. 13**

For each contact with any person made in connection with the collection of Plaintiff's account, please state the following:

    a.    The name of the individual initiating contact;

    b.    The date and time;

    c.    The method (e.g., letter, telephone call)

    d.    The substance of the contact.  Do not refer to collection notes but instead give a detailed analysis of conversations; and

    e.    Any witnesses to or participants in the contact.

<u>RESPONSE:</u>

Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case.  Subject to and without waiving any general or specific objections, defendant states that it never has attempted to collect the debt at issue from anyone other than the debtor.  Therefore, if, as plaintiff represents, plaintiff is not the debtor, there was no attempted "collection of Plaintiff's account," and, thus, defendant has no information responsive to this Interrogatory.

<u>INTERROGATORY NO. 14</u>

Identify the date and time of each telephone call made to Plaintiff, whether or not the telephone call was answered.

<u>RESPONSE:</u>

Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case.  Furthermore, defendant objects to this Interrogatory to the extent that it implies that defendant attempted to collect the debt at issue from anyone other than the debtor himself.  Defendant has never attempted to do so.   Subject to and without waiving any general or specific objections, defendant states that it did not make any telephone calls to plaintiff regarding the debt at issue.

## INTERROGATORY NO. 15

Identify and describe all conversation(s) between Defendant and Plaintiff; do not summarize.

### RESPONSE:

Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case. Furthermore, defendant objects to this Interrogatory to the extent that it implies that defendant attempted to collect the debt at issue from anyone other than the debtor himself. Defendant has never attempted to do so.

Subject to and without waiving any general or specific objections, defendant states that its office had telephone conversations with plaintiff on three occasions – February 12, 2015, March 19, 2015, and June 17, 2015 – all of which were initiated by plaintiff. The content of those conversations is documented in defendant's event log enclosed as CHIARI000164 – CHIARI000166.

## INTERROGATORY NO. 16

State the name, address, telephone number, title, place of employment and field of expertise of each person whom Defendant intends to call as an expert witness at the trial of this matter. For each expert witness, state and/or identify:

    a.    The subject matter on which the expert is expected to testify;

    b.    The substance of the facts and opinions to which the expert is expected to testify;

c.      A summary of the grounds for each opinion the expert is expected to

testify; and

d.      All documents, treatises, books, studies, or other materials upon which

the expert may rely for information or support of facts and opinions.

## RESPONSE:

Defendant objects to this Interrogatory to the extent that it is vague,

ambiguous, overly broad, and unduly burdensome and seeks information not

relevant to this action or proportional to the needs of the case. Defendant also

objects to this Interrogatory to the extent that it exceeds the scope of expert

disclosure permitted under the Federal Rules of Civil Procedure, including Rule 26,

and seeks the premature disclosure of expert testimony and opinions. Subject to

and without waiving any general or specific objections, defendant states that it has

not yet retained any expert witnesses that it intends to call at trial. William Ilecki,

Esq., one of defendant's principals, and Melissa Overbeck, Esq., one of defendant's

employees, may testify as experts regarding FDCPA compliance procedures and

that the FDCPA was not violated here. Mr. Ilecki's and Ms. Overbeck's opinions

will be based on their review of the applicable law, all the facts of this case, the

documents produced during discovery, and their experience as attorneys who

practice in the area of debt collection. Mr. Ilecki and Ms. Overbeck also may testify

as fact witnesses, as stated below. In addition, defendant will produce expert

disclosures to the extent required under Rule 26 in accordance with any Orders of

the Court.

INTERROGATORY NO. 17

Identify by name, position, address, and telephone number all witnesses Defendant may call at trial, and provide a detailed summary of the expected testimony of each.

RESPONSE:

Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory as premature as discovery has just begun. Plaintiff and/or non-parties have not yet provided discovery that is sufficiently responsive and complete so as to permit defendant to fully respond to this Interrogatory. Furthermore, defendant cannot yet identify all of its supporting witnesses at this early stage of discovery. Subject to and without waiving any general or specific objections, defendant states that it may call the following witnesses at trial:

a.  William Ilecki, Esq., Chiari & Ilecki, LLP, 14 Lafayette Square, Suite 1440, Buffalo, New York 14203, (716) 838-4300: Mr. Ilecki is one of defendant's principals and should only be contacted through counsel. Mr. Ilecki may testify regarding the debt at issue, defendant's efforts to locate the debtor, defendant's efforts to collect the debt from the debtor, defendant's researched, good-faith belief that the debtor resided at 5419 Roberts Road, Hamburg, New York 14075 ("5419 Roberts Road"), defendant's communications with plaintiff, defendant's policies and procedures for locating debtors and collecting debts, defendant's compliance with the FDCPA, and the lack of merit to plaintiff's allegations and claims.

b.  Melissa Overbeck, Esq., Chiari & Ilecki, LLP, 14 Lafayette Square, Suite 1440, Buffalo, New York 14203, (716) 838-4300: Ms. Overbeck is an associate attorney with defendant and should only be contacted through counsel. Ms. Overbeck may testify regarding the debt at issue, defendant's efforts to locate the debtor, defendant's efforts to collect the debt from the debtor, defendant's researched, good-faith belief that the debtor resided at 5419 Roberts Road, defendant's

communications with plaintiff and plaintiff's attorney, defendant's policies and procedures for locating debtors and collecting debts, defendant's compliance with the FDCPA, and the lack of merit to plaintiff's allegations and claims.

c.   Karen Sandford, Chiari & Ilecki, LLP, 14 Lafayette Square, Suite 1440, Buffalo, New York 14203, (716) 838-4300: Ms. Sandford is an employee of defendant and should only be contacted through counsel. Ms. Sandford may testify regarding defendant's communications with plaintiff and the lack of merit to plaintiff's allegations and claims.

d.   Kristian Brown, Chiari & Ilecki, LLP, 14 Lafayette Square, Suite 1440, Buffalo, New York 14203, (716) 838-4300: Ms. Brown is an employee of defendant and should only be contacted through counsel. Ms. Brown may testify regarding defendant's communications with plaintiff and the lack of merit to plaintiff's allegations and claims.

e.   Rita Marti, Chiari & Ilecki, LLP, 14 Lafayette Square, Suite 1440, Buffalo, New York 14203, (716) 838-4300: Ms. Marti is an employee of defendant and should only be contacted through counsel. Ms. Marti may testify regarding defendant's efforts to collect the debt from the debtor and the lack of merit to plaintiff's allegations and claims.

f.   Antoinette Ferraro, Chiari & Ilecki, LLP, 14 Lafayette Square, Suite 1440, Buffalo, New York 14203, (716) 838-4300: Ms. Ferraro is an employee of defendant and should only be contacted through counsel. Ms. Ferraro may testify regarding defendant's efforts to collect the debt from the debtor and the lack of merit to plaintiff's allegations and claims.

g.   William J. Wagner, 5419 Roberts Road, Hamburg, New York 14075: Plaintiff may testify regarding his communications with defendant, defendant's requests for verifiable proof of his identity, his refusal to provide such proof, and other information relevant to the bona fide error defense.

h.   Kenneth Hiller, Esq., Law Offices of Kenneth Hiller, PLLC, 6000 North Bailey Avenue, Suite 1A, Amherst, New York 14226, (716) 564-3288: Mr. Hiller may testify regarding the experience and qualifications of William Ilecki, Esq., and other information relevant to the bona fide error defense.

i.   Seth Andrews, Esq., Law Offices of Kenneth Hiller, PLLC, 6000 North Bailey Avenue, Suite 1A, Amherst, New York 14226, (716) 564-3288: Mr. Andrews may testify regarding his communications with

defendant, defendant's requests for verifiable proof of plaintiff's identity, and other information relevant to the bona fide error defense.

In addition, defendant may call at trial any other witnesses identified during the course of discovery or before or during the time of trial.

## INTERROGATORY NO. 18

Describe specifically all exhibits Defendant may introduce at the trial of this matter.

### RESPONSE:

Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory as premature as discovery has just begun. Plaintiff and/or non-parties have not yet provided discovery that is sufficiently responsive and complete so as to permit defendant to fully respond to this Interrogatory. Furthermore, defendant cannot yet identify all of its supporting evidence at this early stage of discovery. Subject to and without waiving any general or specific objections, defendant states that it may introduce at trial the documents produced as CHIARI000001 – CHIARI000017 and CHIARI000050 – CHIARI000780, as well as any other documents produced by either party or any non-party during the course of discovery or before or during the time of trial.

## INTERROGATORY NO. 19

If your response to the Requests for Admissions served simultaneously herewith is anything other than an unqualified admission, then please state as to

each denial the specific facts forming the basis for such denial and identify each witness and document upon which you will rely to support your denial.

RESPONSE:

Defendant objects to this Interrogatory as facially overly broad and unduly burdensome.  Defendant also objects to this Interrogatory on the ground that it seeks to circumvent the permissible scope of discovery under Rule 36 of the Federal Rules of Civil Procedure and to exceed the number of interrogatories permitted under Rule 33 of the Federal Rules of Civil Procedure.

INTERROGATORY NO. 20

Identify and provide the address and telephone number for any third party that the Defendant used to determine the Plaintiff's address.

RESPONSE:

Defendant objects to this Interrogatory to the extent that it is vague and ambiguous.  Subject to and without waiving any general or specific objections, defendant states that it never has attempted to collect the debt at issue from anyone other than the debtor.  Therefore, if, as plaintiff represents, plaintiff is not the debtor, defendant did not attempt to "determine the Plaintiff's address," and, thus, defendant has no information responsive to this Interrogatory.

INTERROGATORY NO. 21

Identify and provide the address and telephone number for any third party that the Defendant used to determine William J. Wagner, Jr.'s address.

**RESPONSE:**

Defendant objects to this Interrogatory to the extent that it is vague and ambiguous.  Subject to and without waiving any general or specific objections, defendant states that it determined the debtor's address using information from MJ Peterson (501 John James Audubon Parkway, Amherst, New York 14228, (716) 688-1234), LexisNexis, Westlaw, Real Info, Transunion, Equifax, the United States Postal Service, Action Services & Research, Inc. (25 Falconer Street, Suite 2, North Tonawanda, New York 14120, (716) 692-5032), and the debtor himself.

## INTERROGATORY NO. 22

Identify the procedure Defendant had in place to investigate and determine that the Plaintiff owed the alleged subject debt.

**RESPONSE:**

Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case.  Subject to and without waiving any general or specific objections, defendant states that it never has attempted to collect the debt at issue from anyone other than the debtor, and it never has claimed that anyone other than the debtor owed the debt at issue. Therefore, if, as plaintiff represents, plaintiff is not the debtor, defendant did not "determine that the Plaintiff owed the alleged subject debt," and, thus, defendant has no information responsive to this Interrogatory.

## INTERROGATORY NO. 23

Identify the procedure Defendant had in place to investigate and determine that the Plaintiff was William J. Wagner, Jr.

RESPONSE:

Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information not relevant to this action or proportional to the needs of the case.  Subject to and without waiving any general or specific objections, defendant states that it never has attempted to collect the debt at issue from anyone other than the debtor. Furthermore, defendant did not "determine that the Plaintiff was William J. Wagner, Jr.," and, thus, defendant has no information responsive to this Interrogatory.

## INTERROGATORY NO. 24

Describe the protocol Defendant had in place in the event Defendant was provided with information that a person was not the judgment debtor for a debt they were attempting to collect from that individual.

RESPONSE:

Defendant objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.  Furthermore, defendant objects to this Interrogatory as seeking information not relevant to this action or proportional to the needs of the case.  In the instant case, defendant did not attempt to collect the debt at issue from anyone other than the debtor.  Therefore, it is irrelevant what "protocol Defendant

had in place in the event Defendant was provided with information that a person was not the judgment debtor for a debt they were attempting to collect from that individual."

Subject to and without waiving any general or specific objections, defendant responds as follows:  When defendant has identified a debtor's address and an individual thereafter represents to defendant that (1) he resides at that address, (2) he has a name similar to that of the debtor, and (3) the debtor does not reside at the same address, defendant first requests that the alleged non-debtor provide verifiable proof of his identity – such as a copy of the individual's driver's license or a redacted Social Security card showing the last four digits of the individual's Social Security number – in order to confirm that he is not the debtor.  If the alleged non-debtor provides verifiable proof that he is not the debtor and that the debtor does not reside at his address, defendant immediately stops collection efforts directed to the debtor at that address.  If, however, the alleged non-debtor refuses to provide verifiable proof of his identity, William Ilecki, Esq., or Melissa Overbeck, Esq., reviews the file and runs a series of reports to confirm the debtor's address.  When more than one potential address is identified, the attorney compares reports and the information relative to the account and relies upon experience, common sense, and reasoned judgment to attempt to determine which address is most likely the correct one.  If after conducting such research the attorney still believes that the debtor lives at the alleged non-debtor's address, defendant may continue to undertake collection efforts directed to the debtor at that address.  In that case,

defendant instructs its employees and any process servers or other third parties it engages to ensure that collection efforts are directed at only the debtor and not the alleged non-debtor or anyone else at that address.  Consistent with its standard practices, defendant properly employed that procedure in this case.


DATED:  Buffalo, New York
        May 23, 2016

                        *Paul A. Woodard*

                        Terrence M. Connors, Esq.
                        Paul A. Woodard, Esq.
                        **CONNORS LLP**
                        *Attorneys for Defendant*
                        1000 Liberty Building
                        Buffalo, New York 14202
                        (716) 852-5533
                        tmc@connorsllp.com
                        paw@connorsllp.com

## VERIFICATION

STATE OF NEW YORK )
COUNTY OF ERIE        ) SS.:
CITY OF BUFFALO      )


MELISSA OVERBECK, ESQ., being duly sworn, deposes and says that she is

an associate attorney with Chiari & Ilecki, LLP, a defendant in the within action;

that she has read the foregoing Responses to Plaintiff's First Set of Interrogatories,

and knows the contents thereof; that the same is true to her knowledge except as to

those matters therein alleged upon information and belief, and as to those matters,

she believes them to be true.


MELISSA OVERBECK, ESQ.


Sworn to before me this
23rd day of May, 2016


Notary Public

ANTOINTETTE FERRARO
NOTARY PUBLIC STATE OF NEW YORK
LICENSED IN NIAGARA COUNTY
NO. 01FE8280584
MY COMM. EXP. 05/06/2017

-26-