# EXHIBIT R

# Paul A. Woodard

| | |
|---|---|
| **From:** | Paul A. Woodard |
| **Sent:** | Friday, October 28, 2016 4:19 PM |
| **To:** | Kenneth Hiller |
| **Cc:** | Terrence M. Connors; Seth Andrews |
| **Subject:** | Wagner v. Chiari & Ilecki |
| **Attachments:** | 2016.10.28 Hiller LTR.PDF |

Ken,

I enclose our response to your October 18, 2016 email and October 25, 2016 letter.  Once you have had a chance to review it, feel free to give me a call to discuss the matter further.

Best regards,

Paul

--

Paul A. Woodard
Connors LLP
1000 Liberty Building
Buffalo, NY 14202
716-852-5533 (Phone)
716-852-5649 (Fax)
paw@connorsllp.com

**CONFIDENTIAL:** *This e-mail is confidential and intended only for the recipient(s) named.  Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others.  If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.  Thank you.*



October 28, 2016

*Attorneys At Law*
Terrence M. Connors
Randall D. White*
John T. Loss
Vincent E. Doyle III
Michael J. Roach
Lawlor F. Quinlan III
James W. Grable, Jr.
Joseph D. Morath, Jr.
Mollie C. McGorry
Paul A. Woodard
Nicholas A. Romano
Caitlin M. Higgins
Christina L. Saccocio
Christopher J. Larrabee
Caitlin E. O'Neil

*Paralegals*
Susan B. Fischer, R.N.
Curtis J. Ahrens, Jr.
John P. Kromer
Sara E. Lyons
Christine A. Trojan, R.N.
Katherine M. Rusch
Margaret Dickey, R.N.
Julie Scott, L.P.N.
Stephanie M. Haberl, R.N.

*Also admitted in District of Columbia*

**Via Email & First-Class Mail**
Kenneth Hiller, Esq.
The Law Offices of Kenneth Hiller
6000 North Bailey Avenue, Suite 1A
Amherst, New York  14226

Re:   Wagner v. Chiari & Ilecki, LLP

Dear Mr. Hiller:

I write in response to your October 18, 2016 email and October 25, 2016 letter in which you express concern that our decision to depose your associate, Seth J. Andrews, Esq., is motivated by improper gamesmanship and creates a conflict of interest based on our previous representation of you in unrelated matters. Respectfully, we disagree.

Our decision to seek Mr. Andrews' deposition was given much thought and made completely in good faith. As a matter of practice, we would not notice an attorney's deposition casually, and certainly not for the purpose of harassment. This, however, is the unusual case where a party's attorney – Mr. Andrews – apparently has factual evidence relevant to the merits of the case. Indeed, your office specifically confirmed that point in your interrogatory responses.

As I explained in the voicemail that I left Mr. Andrews before noticing his deposition, Mr. Andrews is a fact witness on a specific topic that bears on the merits of this case – namely, his pre-lawsuit communications with Chiari & Ilecki, LLP, about the plaintiff's identity and the debt collection efforts on which the plaintiff's claims are based. Presumably, that is why your firm identified Mr. Andrews as someone with "information or knowledge relevant to this action" in plaintiff's response to Interrogatory No. 1. That is precisely why we seek Mr. Andrews' deposition.

As for the possibility of a conflict of interest, we have expressed before that we take our responsibilities under the Rules of Professional Conduct very seriously. As we explained in our August 20, 2015 letter, a copy of which is attached, we took the time at the outset of this litigation to consider

Kenneth Hiller, Esq.
October 28, 2016
Page 2

----------------------------------

the possibility of a conflict and to research the applicable ethics standards. Based on that review, we concluded that Rule 1.9 (Duties to Former Clients) is not implicated, and there is no conflict of interest here.

You agreed with our conclusion at that time and assented to our representation. Indeed, in your August 20, 2015 email, a copy of which is attached, you specifically agreed that our analysis was "reasonable," and you confirmed that you "have no objection to [us] representing Chiari & Ilecki."

Simply put, our decision to depose Mr. Andrews does not affect that conclusion. You have expressed concern that "[c]onfidential information [you] provided to [our] firm . . . might be used to aid in [our] cross-examination of Mr. Andrews." But you do not identify any such "confidential information," and we are not aware of any. And for that matter, neither the present action nor Mr. Andrews' deposition has anything to do with our previous representation of you. Thus, we fail to see any issue in that regard.

With your consent, we undertook a duty to represent Chiari & Ilecki in this lawsuit. At Chiari & Ilecki's expense, we have dedicated substantial time and resources to researching the applicable law, investigating the facts of the case, developing a litigation strategy, and defending the case all the way to the eve of the close of discovery. In the absence of an actual conflict, we are duty bound to see Chiari & Ilecki through the remainder of this proceeding.

Indeed, given the late stage of this litigation and the substantial time that we have dedicated to it, Chiari & Ilecki would be materially, adversely affected by our withdrawal. Under such circumstances, Rule 1.16 of the Rules of Professional Conduct does not permit us to withdraw.

Moreover, as a matter of professional practice, we do not take the obligations that we owe our clients lightly. At the start of this case, we gave Chiari & Ilecki our word that we would guide them through this proceeding. We are compelled to honor that obligation now – just as we did when we represented you many years ago.

In sum, our decision to depose Mr. Andrews is not motivated by improper gamesmanship, and it certainly does not give rise to a conflict of interest. Mr. Andrews was a party to communications that are directly relevant to the merits of this lawsuit, and, thus, it is unfortunately necessary to ask him to submit to what should be a very brief and limited deposition.

Kenneth Hiller, Esq.
October 28, 2016
Page 3

------------------------------------

  As we have expressed before, we hold your firm in the highest regard, and we hope that we can resolve this issue amicably. Once you have had an opportunity to consider this response, please advise whether it resolves your concerns. Of course, please feel free to call me if you wish to discuss this matter further.

  Thank you for your consideration.

           Very truly yours,

           Paul A. Woodard

PAW/klw
Enclosures

cc: Terrence M. Connors, Esq.
   Seth J. Andrews, Esq.



CONNORS & VILARDO LLP
*The Lawyers To See*

August 20, 2015

**Attorneys At Law**
Terrence M. Connors
Lawrence J. Vilardo
Randall D. White*
John T. Loss
Vincent E. Doyle III
Michael J. Roach
Lawlor F. Quinlan III
James W. Grable, Jr.
Joseph D. Morath, Jr.
Mollie C. McGorry
Matthew R. Benner
Paul A. Woodard
Nicholas A. Romano
Christina L. Saccocio

*Also admitted in District of Columbia

**Paralegals**
Susan B. Fischer, R.N.
Curtis J. Ahrens, Jr.
John P. Kromer
Nancy Pelham, R.N.
Sara E. Lyons
Laura M. Lonski
Karen L. Buchinger, R.N.
Christine A. Trojan, R.N.

*Via Email and First-Class Mail*

Kenneth Hiller, Esq.
The Law Offices of Kenneth Hiller
6000 North Bailey Avenue, Suite 1A
Amherst, New York 14226

Re:  Wagner v. Chiari & Ilecki, LLP

Dear Ken:

Thank your for your email of August 12, 2015, raising your concern about the possibility of a conflict of interest for me and my firm in this matter. I have taken the time to consider this issue, consult with other attorneys in my firm, and research the applicable ethics standards. Following my review, I do not believe that there is any conflict of interest, and I want to explain my reasoning to you.

As you point out in your email, my firm has previously represented you and/or your firm in several cases in which claims were made against you. Thus, you and your firm are former clients of my firm. The Rules of Professional Conduct establish the duties an attorney owes to former clients. Specifically, Rule 1.9(a) provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

We take our responsibilities under Rule 1.9 seriously. I do not believe, however, that the Rule is implicated here. Because neither you nor your firm are a party to this action, you do not have "interests" in the action within the meaning of Rule 1.9. In other words, Rule 1.9 prohibits a lawyer from representing a party in an action in which a former client is also a party. Neither the language of the Rule nor any case or ethics opinion decided under it suggests that a conflict is created when one lawyer appears in an action in which another party is represented by a lawyer who is a former client of the first lawyer.

Kenneth Hiller, Esq.
August 20, 2015
Page 2

      As you may know, my firm frequently represents attorneys in this community. We have appeared in many actions over the years in which the other side is represented by a lawyer or firm whom we have previously represented. We have never experienced any problems relating to "conflicts" in any of these cases. We simply couldn't agree to represent lawyers if it meant that we would be unable to litigate adverse positions in the future.

      I do appreciate the fact that you addressed your concern with us and provided us an opportunity to respond to you. I hope that this letter addresses your concern satisfactorily. If you would like to discuss this further, I am willing to do so. Thank you for your courtesy.

      Very truly yours,

      Terrence M. Connors

dab

| | |
|---|---|
| From: | Ken Hiller <khiller@kennethhiller.com> |
| Sent: | Thursday, August 20, 2015 1:54 PM |
| To: | Terrence M. Connors |
| Cc: | sandrews@kennethhiller.com; 'Tim Hiller' |
| Subject: | RE: Wagner v. Chiari & Ilecki |

Terry:

Thank you for your response. It seems reasonable to me. I have no objection to you representing Chiari & Ilecki.

Kenneth Hiller
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
716-564-3288

**From:** Terrence M. Connors [mailto:tmc@connors-vilardo.com]
**Sent:** Thursday, August 20, 2015 12:41 PM
**To:** Ken Hiller <khiller@kennethhiller.com>
**Subject:** Wagner v. Chiari & Ilecki

Ken:
   I attach our response to the issue you raised about a potential conflict. We take your concern serious but our research shows that we may remain as counsel to Chiari & Ilecki. Please let me have your thoughts.
           Regards, Terry

Terrence M. Connors, Esq.
Connors & Vilardo, LLP
1000 Liberty Building
Buffalo, New York 14202
716-852-5533 (Phone)
716-852-5649 (Fax)
tmc@connors-vilardo.com
www.connors-vilardo.com

🌿 Go Green! Print this email only when necessary. Thank you for helping Connors & Vilardo, LLP be environmentally responsible.