# EXHIBIT BB

# Paul A. Woodard

| | |
|---|---|
| **From:** | Paul A. Woodard |
| **Sent:** | Wednesday, November 23, 2016 4:29 PM |
| **To:** | 'Ken Hiller' |
| **Cc:** | 'sandrews@kennethhiller.com'; 'Tim Hiller'; Terrence M. Connors |
| **Subject:** | RE: Wagner v. Chiari & Ilecki |
| **Attachments:** | 2016.11.23 Proposed Stipulation.pdf |

Ken,

Seth Andrews' communications with Chiari & Ilecki regarding the identity dispute and subpoena at issue in this lawsuit are clearly relevant to Chiari & Ilecki's bona fide error defense. In fact, in response to Interrogatory No. 1, your office specifically identified Mr. Andrews as someone with knowledge or information relevant to this action. That alone gives us the right to depose Mr. Andrews.

As a show of good faith, we agreed to limit Mr. Andrews' deposition to his communications with Chiari & Ilecki. Since you still objected, we further agreed to attempt to avoid the need for Mr. Andrews' deposition by using a stipulation and requests for admission instead. Those requests for admission are factually accurate and narrowly tailored to the specific topic on which we are entitled to depose Mr. Andrews – his relevant communications with Chiari & Ilecki.

In the spirit of cooperation, I attach a revised stipulation, which omits the paragraph stipulating to the admissibility of the plaintiff's responses to our requests for admission. If you still object to our proposed stipulation and requests for admission, then we will withdraw them and ask you to propose a new date for Mr. Andrews' deposition.

As for the possibility of a conflict of interest, as you know, we researched that issue at the outset of the litigation and concluded that there was no conflict that prevented us from representing Chiari & Ilecki. You agreed and consented in writing to our representation of Chiari & Ilecki.

Nothing has changed since then. Neither this action nor Mr. Andrews' deposition is even remotely related to our representation of you many years ago. Indeed, especially now that we have formally agreed to limit Mr. Andrews' deposition to the discrete topic of his relevant, pre-lawsuit communications with Chiari & Ilecki (or use requests for admission to avoid his deposition altogether), there is simply no basis to claim that there is a conflict of interest that would require us to withdraw as counsel. If you disagree, please advise us of your rationale and any legal authority that supports your position so that we can put this matter to rest once and for all.

In light of our concessions, we do not believe that there is any merit to a motion for a protective order or to disqualify our firm. I hope that you will reconsider and allow us to wrap up discovery without unnecessary judicial intervention.

I wish you and your family a Happy Thanksgiving. Of course, please feel free to give me a call if you want to discuss this matter further.

Best regards,

Paul

--

Paul A. Woodard
Connors LLP
1000 Liberty Building
Buffalo, NY 14202
716-852-5533 (Phone)
716-852-5649 (Fax)

paw@connorsllp.com

**CONFIDENTIAL:** *This e-mail is confidential and intended only for the recipient(s) named.  Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others.  If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.  Thank you.*

---

**From:** Ken Hiller [mailto:khiller@kennethhiller.com]
**Sent:** Monday, November 21, 2016 4:44 PM
**To:** Paul A. Woodard
**Cc:** sandrews@kennethhiller.com; 'Tim Hiller'
**Subject:** RE: Wagner v. Chiari & Ilecki

Paul,

I have some concerns.  Our agreement was that we would agree to the accuracy of the account log.  Paragraph number 11 incorporates that understanding.  All of the other Notices to Admit are attempts by the Defendant to editorialize on the notes.

We also never agreed that any of this evidence would be admissible.  In fact, we fully intend to object to the admission of any of the matters in the Notices to Admit as irrelevant.  As such, we cannot agree to the portion of the stipulation that states that the admitted facts may be offered at trial.

Numbers 9 and 10 are not only irrelevant, but display the obvious intent of the Defendant to make our law firm the issue in this trial.  It is apparent that you want to portray our firm as more interested in suing than resolving the dispute.  This brings our lawfirm's practices and procedures into play; the very matters that were at issue in the Clayson and Ford cases that your firm represented my firm in.   I think that clearly puts your firm in a conflict of interest.

I think at this juncture it is best to bring this matter before the Court.  I am willing to discuss any possible resolution you might suggest to this dispute.  Please advise me by the close of business Wednesday of your position.

Kenneth Hiller
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
716-564-3288

---

**From:** Paul A. Woodard [mailto:paw@connorsllp.com]
**Sent:** Wednesday, November 16, 2016 7:56 PM
**To:** Kenneth Hiller <khiller@kennethhiller.com>
**Cc:** Seth Andrews <sandrews@kennethhiller.com>; Terrence M. Connors <tmc@connorsllp.com>
**Subject:** Wagner v. Chiari & Ilecki

Ken,

Further to our discussion last week, I enclose our requests for admission and a proposed stipulation.  As discussed, if plaintiff admits each of the requests for admission and you agree to the terms of the stipulation, we will withdraw our notice of Seth Andrews' deposition.

Thank you for your attention to this matter.  Of course, if you would like to discuss this matter further, please feel free to contact me.

Best regards,

Paul

--

Paul A. Woodard
Connors LLP
1000 Liberty Building
Buffalo, NY 14202
716-852-5533 (Phone)
716-852-5649 (Fax)
paw@connorsllp.com

**CONFIDENTIAL:** *This e-mail is confidential and intended only for the recipient(s) named.  Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others.  If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.  Thank you.*