UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM J. WAGNER,

                                Plaintiff,

     v.                                              Civil Action No.1:15-cv-633-FPG

CHIARI & ILECKI, LLP,

                                Defendant.
_____

## AFFIRMATION OF KENNETH R. HILLER

Kenneth R. Hiller, an attorney at law, affirms under penalties of perjury that the following statements are true and correct:

**OBJECTION TO CONSIDERATION OF EVIDENCE PURSUANT TO RULE 56(C)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

1. I am an attorney or record for the Plaintiff.

2. In connection with their opposition to Plaintiff's Motion for Summary Judgment, and in support of their Motion for Summary Judgment, the Defendant has submitted evidence that is inadmissible. This affirmation is submitted, in part, to formally object to the consideration of this evidence in connection with the parties respective Summary Judgment motions.

3. The Defendant has submitted evidence concerning telephone calls that took place between Melissa Overbeck and Seth Andrews on June 29, 2015. Plaintiff has outlined the reasons why these conversations are inadmissible in his memoranda of law filed in connection with his Motion in Limine. (See Docket No. 19-1, pgs. 5-11; Plaintiff's Reply Memorandum of Law in Support of Motion for Protective Oder, Motion in Limine, and Motion to Disqualify, pgs. 1-5).

4. The Defendant has submitted an affirmation and the events log relating to the account of William J. Wagner, Jr. which contains evidence relating to telephone calls that Seth Andrews had

with Melissa Overbeck on June 29, 2015.  For the reasons cited in the above memoranda of law, Plaintiff objects to this Court's consideration of the following evidence regarding those telephone calls filed by Defendant in connection with the parties Summary Judgment motions on the grounds that said evidence is inadmissible because they are irrelevant:

A. Paragraphs 68 through 75 of Melissa Overbeck's affirmation of March 2, 2017.

B. All entries on the Defendant's events log for June 29, 2015. (Defendant's Exhibit A and R annexed to affirmations of William J. Ilecki and Melissa Overbeck; Exhibit A annexed to the affirmation of Karen Sandford; Exhibit A annexed to the affirmation of Kristian Brown).

C. Any other evidence submitted in connection with Plaintiff's Motion for Summary Judgment or Defendant's Motion for Summary Judgment which relates to the telephone conversations that Melissa Overbeck had with Seth Andrews on June 29, 2015.;

5.  The Defendant submitted an affirmation of Melissa Overbeck dated March 2, 2017.  That affirmation states in paragraph 70: "As our office had repeatedly done before, I requested that Mr. Andrews provide a copy of the plaintiff's driver's license and a partially redacted copy of his Social Security card in order to allow us to verify the plaintiff's identity."

6.  The statement, "As our office had repeatedly done before" is objectionable because it refers to telephone calls that took place between the Plaintiff and Karen Sandford and Krisitan Brown.  Ms. Overbeck was not a party to those telephone calls.  Any testimony she provides in regard to what was said in those telephone calls is hearsay, is not subject to any of the exceptions to the hearsay rule, and is therefore inadmissible.  Accordingly, Plaintiff objects to the consideration of this evidence by this Court in connection with the pending Summary Judgment motions.

7.      In paragraph 12 of their response to Plaintiff's Statement of Undisputed Facts, the Defendant states that the undersigned neglected to annex Exhibit F (a copy of Plaintiff's 2013 Home Equity loan agreement).  To correct this deficiency, a copy of the loan agreement is annexed hereto as Exhibit A.

Dated:  April 10, 2017                                         s/Kenneth R. Hiller
                                                                              Kenneth R. Hiller