UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM J. WAGNER,

                          Plaintiffs,

    v.                                               Civil Action No.1:15-cv-633-FPG

CHIARI & ILECKI, LLP,

                          Defendant.
_____

**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO CITE ADDITIONAL AUTHORITY</u>**

      Plaintiff commenced this action against Defendant for their alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, et seq. Plaintiff has filed a Motion for Partial Summary Judgment, and the Defendant has filed a Cross-Motion for Summary Judgment in this case. The motions have been fully briefed and are pending with this Court.

      Plaintiff, William J. Wagner, respectfully requests leave to cite as additional authority, *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, --- F.3d ---, 2017 WL 5330081 (2d Cir. November 14, 2017). The *Arias* decision was issued after all the briefing was filed in this matter with respect to the parties competing summary judgment motions.

      An attorney should inform the Court when cases relied upon in their briefs have been vacated by the Second Circuit. *Aristocrat Leisure Ltd. v. Deutsche*, 727 F. Supp. 2d 256, fn. 14 (S.D.N.Y. 2010). Although there is no specific procedure in the federal or local rules for apprising the Court of a change in the law, at least one Court in this district has approved the filing of a Motion for Leave to Cite Additional Authority as an appropriate procedure to

accomplish that purpose. *Danieu v. Teamsters Local 264*, No. 08-CV-00500S, 2011 WL 1259839, at *3 (W.D.N.Y. Mar. 31, 2011)

The Defendant argued that Plaintiff did not state a claim under 15 U.S.C.§ 1692f on the grounds that Plaintiff's claim under that section of the FDCPA was based upon the same conduct that gave rise to Plaintiff's §1692e. (See Defendant's Memorandum of Law, Dkt. No. 30-3, at pgs. 22-23). However, the *Arias* Court specifically rejected this argument by holding, "GMBS argues that sections 1692e and 1692f are mutually exclusive and that the same conduct by a debt colletor cannot violate both sections at once. We disagree." .*Arias, supra,* at *5.

The *Arias* decision is also relevant to a second issue in this case. The Plaintiff argued that Defendant's act of refusing to withdraw the subpoena duces tecum upon Plaintiff, which required him to appear for a debtor examination, violated 15 U.S.C.§1692f because Defendant knew or should have known that Plaintiff was not liable on the underlying debt they were attempting to collect. (Plaintiff's Memorandum of Law,  Dkt. No. 25-2, at pgs. 13-14). The *Arias* Court clarified that, "a debt collector engages in unfair or unconscionable litigation conduct in violation of 1692f when, as here, it in bad faith unduly prolongs legal proceedings or requires a consumer to appear at an unnecessary hearing." *Arias, supra,* at *6. Defendant refused to withdraw the subpoena duces tecum and continued to maintain that Plaintiff was required to attend the debtors examination until Plaintiff hired an attorney to stop this unwarranted, improper use of legal process. Even then, the Defendant did not withdraw the subpoena, but merely generally adjourned the examination, unduly prolonging the proceedings. This is exactly the type of conduct that the *Arias* Court was referring to.

## CONCLUSION

For the reasons cited above, it is respectfully requested that this Court grant Plaintiff's Motion for Leave to Cite Additional Authority.

Dated: November 16, 2017

/s/Kenneth R. Hiller_____
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller PLLC
*Attorneys for the Plaintiffs*
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com

.