UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------

WILLIAM J. WAGNER,                              AFFIDAVIT

                Plaintiff,
-vs-                                            Docket No.: 1:15-cv-00633-FPG

CHIARI & ILECKI, LLP,

                Defendant.

-------------------------------------------------

STATE OF NEW YORK   )
COUNTY OF ERIE      ) SS.:
CITY OF BUFFALO     )

      Caitlin M. Higgins, Esq., affirms under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

      1.     I am an attorney at law duly licensed to practice in the State of New York, admitted to the bar of this Court, and an associate with the law firm CONNORS LLP, attorneys for CHIARI & ILECKI, LLP (hereinafter "Chiari & Ilecki"), in the above-referenced matter.

      2.     I make this affirmation in response to plaintiff's motion for leave to cite additional authority. *See* Docket No. 38. Defendant does not oppose plaintiff's motion. Rather, defendant contends that it, too, is entitled to submit additional authority.

      3.     Specifically, defendant seeks to cite *Hedayati v. Perry Law Firm*, 2017 WL 4864491 (C.D. Cal. Oct. 27, 2017). A true and accurate copy of *Hedayati v. Perry Law Firm* is attached as *Exhibit A*.

4.  The Central District of California issued the *Hedayati* decision after all briefing concluded with respect to the plaintiff's motion for summary judgment and the defendant's cross-motion for summary judgment.

5.  Moreover, although *Hedayati* is not controlling authority in this circuit, the case is on all fours with respect to the issues in this case.

6.  Accordingly, we do not oppose plaintiff's motion to cite supplemental authority, and we ask that the Court consider *Hedayati* as highly persuasive authority in rendering a decision in favor of defendant.

## THIS COURT SHOULD PERMIT DEFENDANT TO CITE ADDITONAL AUTHORITY

7.  As discussed above, defendant does not oppose plaintiff's motion to cite supplemental authority. Rather, defendant also seeks to cite additional authority.

8.  This Court should permit Chiari & Ilecki to cite *Hedayati v. Perry Law Firm*, 2017 WL 4864491 (C.D. Cal. Oct. 27, 2017), in support of defendant's opposition to plaintiff's motion for summary judgement and in support of defendant's cross-motion for summary judgment.

9.  Such a ruling comports with precedent in this district. For example, in *Danieu v. Teamsters Local 264*, 08-CV-00500S, 2011 WL 1259839 (W.D.N.Y. Mar. 31, 2011), Judge Skretny granted the requests of both plaintiff and defendant to file additional authority where an opinion was issued after briefing on the pending motions was complete.

10.  Here, the parties filed their summary judgment motions by May 8, 2017. *See* Docket Items 25, 30, 35, and 37. The *Hedayati* opinion, however, was not

issued until October 27, 2017, nearly five months after briefing on the pending motions concluded.

11. Thus, this Court should allow defendant to cite the *Hedayati* opinion. *See Danieu*, 2011 WL 1259839, at *3.

12. As explained above, *Hedayati* is highly persuasive authority. The facts in *Hedayati* are nearly identical to the instant matter and further compel that the court should grant summary judgment in favor of defendant.

13. In *Hedayati*, the defendant law firm attempted to collect a debt from a man named Mohammad Hedayati. After diligent efforts, however, the firm mistakenly believed the plaintiff, Mohammad Ali Hedyatti, to be the debtor. 2017 WL 4864491.

14. Similar to the case at bar, the law firm conducted various and vigilant diligence to confirm the identity of the debtor. For example, the law firm ran LexisNexis reports, which resulted in a report listing thirteen name variations, including "Mohammad Ali Hedayati." The court held that "[g]iven all the information contained in the LexisNexis report, Defendant's inference that 'Mohammad Ali Hedayati' and 'Mohammad Hedayati' might both be aliases of the debtor was reasonable." *Id.* at *2.

15. Furthermore, the *Hedayati* court also found that the law firm made clear that "Mohammad Hedayati" was the debtor. Indeed, "[a]ll of the documents Plaintiff received from Defendant or a process server listed 'Mohammad Hedayati,' not 'Mohammad Ali Hedayati,' as the debtor." *Id.* at *4. That is to say, "a[s] soon as

3

Plaintiff learned the address that the debt concerned, he knew it was not his debt, but rather his brother's debt; he thus knew that Defendant was actually seeking to collect the debt from his brother." *Id.* at *3.

16. Accordingly, the court held that "despite relying on public records and cross-referencing with other public records, defendant unintentionally sent debt-collection documents to someone who was no the actual debtor, namely, to the plaintiff in this case — the debtor's brother." *Id.* at *3.

17. Therefore, the Court held that even if the defendant's action constituted violations of the FDCPA, the bona fide error defense applied for three reasons: (1) the error defendant made by targeting the wrong brother with its debt collection efforts was unintentional; (2) the error was bona fide — the evidence in the record revealed that defendant acted in good faith and without fraud to collect the debt; and (3) the defendant maintained procedures that were reasonably adapted to avoid attempting service on the wrong party. *See id.* at *8.

18. In this case, as in *Hedayati*, the defendant diligently attempted to confirm the identity of the judgment-debtor. In addition to performing skip tracing to attempt to determine the judgment-debtor's current address, defendant ran multiple searches regarding the judgment-debtor, including on the LexisNexis public records database and the Real Info real estate information database.

19. The Lexis report indicated that 5419 Roberts Road, Hamburg, New York 14075, was one of the top possible addresses for the judgment-debtor. Similar to *Hedayati*, defendant further corroborated this information using other public

4

records.

20.     Defendant served, at most, three communications to the judgment-debtor at 5419 Roberts Road, Hamburg, New York 14075. In addition, defendant directed that Action Services, the process server in the instant matter, would ensure that it served only the judgment-debtor — William J. Wagner, Jr. and not any other William J. Wagner residing at 5419 Roberts Road. *See* Docket Item 30-5 at ¶ 63.

21.     There are striking similarities between *Hedayati* and the instant matter. For example, the plaintiff himself admits that he has never been known as a "Jr.," never conducted business with M.J. Peterson, and never owed the company money. *See* Docket Item 25-4, ¶¶ 1,3. And, significantly, the plaintiff also admits he was aware that other debt collectors had been trying to reach the debtor at his address for years. *See* Docket Item 30-24, ¶ 5. Thus, the only logical conclusion a consumer in the plaintiff's position could make is that Chiari & Ilecki was attempting to contact someone else. *See Hedayati*, 2017 WL 4864491 ("Even the least sophisticated debtor knows his own address and can understand that, if he receives debt collection notices that list an address he doesn't recognize and a name similar to his own, that the debt collector likely has the wrong individual.").

22.     Furthermore, the *Hedayati* opinion underscores the proof before this Court that even if Chiari & Ilecki committed a technical violation of the FDCPA — which we do not believe to be the case — the firm is entitled to summary judgment on its bona fide error defense because any FDCPA violation was unintentional, the result of a bona fide error, and the firm maintained reasonable procedures.

23. If the Court were to find that Chiari & Ilecki violated the FDCPA, which it did not, surely any violation of the FDCPA was unintentional. This is evident from the fact that Chiari & Ilecki took precautions to ensure that the judgment-debtor, and only the judgment-debtor, was served. Indeed, Chiari & Ilecki requested that plaintiff submit proof to resolve the issue. Chiari & Ilecki warned the process server to ensure that the subpoena duces tecum was served only on William J. Wagner, Jr. and not a William J. Wagner, Sr. as they believed he was living at the same address. *See* Docket Item 30-5 at ¶¶ 60-63; *see also Hedayati*, 2017 WL 4864491 (holding that defendant law firm's real intention was to contact, and collect the debt from the actual debtor and any contact with his brother was unintentional). Unfortunately, the process server handed the subpoena to the plaintiff, who was not the actual judgment-debtor.

24. Despite this fact, the Court should still find that Chiari & Ilecki's intention was and has always been to contact and collect debt from the actual judgment-debtor, William J. Wagner, Jr., not the plaintiff, and any contact with the plaintiff was unintentional.

25. Similar to the defendant in *Hedayati*, Chiari & Ilecki acted in good faith and without fraud in its efforts to collect William J. Wager, Jr.'s debt and any purported violation of the FDCPA resulted from bona fide error. *See Hedayati*, 2017 WL 4864491 (holding that any violation of the FDCPA resulted from bona fide error where the defendant diligently attempted to identify the correct individual by conducting public record searches and following training protocols).

26. Here too, Chiari & Ilecki diligently attempted to identify the correct individual by conducting public record searches and following training protocols. Chiari & Ilecki did not simply guess where William J. Wagner, Jr. — the judgment-debtor — resided. *See* Docket Item 30-5 at ¶ 82. Rather before Chiari & Ilecki undertook any collection efforts, Ms. Overbeck, one of the firm's attorneys, reviewed the firm's file and ran multiple searches on the debtor, including on the Lexis and Real Info databases. *See* Docket Item 30-5 at ¶¶ 12, 19, 23, 25, 31, 54, 77. Based on that research, she concluded that the judgment-debtor lived at 5419 Roberts Road, Hamburg, New York 14075.

27. While acting in good faith and attempting to resolve the issue of the plaintiff's identity, Ms. Overbeck agreed to adjourn the pending subpoena duces tecum. *See* Docket Item 30-5 at ¶¶ 60-73. Thus, evident of the fact that at all times, Chiari & Ilecki only attempted to collect the debt from the true judgment-debtor similar to the defendant law firm in *Hedayati*.

28. Furthermore, Chiari & Ilecki maintains procedures specifically designed to avoid identifying the wrong address for a debtor, including (1) having an experienced attorney oversee every step of the collection process; (2) reviewing the judgment-debtor's file and running multiple searches to locate the debtor before undertaking any collection activity; (3) attempting to verify any claim of mistaken identity by requesting documentation and performing additional skip tracing; and (4) immediately ceasing collection efforts if an attorney concludes that an address is incorrect. *See* Doc. 30-3 at 41-43; Doc. 30-4 at ¶¶ 45-85.; *see also Hedayati*, 2017

WL 4864491 (holding that 15 U.S.C. § 1692k(c) requires that a defendant maintain internal procedures which are reasonably adopted to avoid errors and finding that the defendant law firm had established that it maintained procedures reasonably adopted to avoid targeting someone other than the actual debtor). Thus, this Court should find that the Chiari & Ilecki maintained procedures reasonably adopted to avoid targeting someone other than the actual debtor.

29. For the foregoing reasons, the defendant does not oppose plaintiff's motion to cite to supplemental authority and asks that this Court also permit defendant to cite *Hedayati v. Perry Law Firm* in support of it's opposition to plaintiff's motion for summary judgement and defendant's cross-motion for summary judgment.

Executed on:  May 1, 2018
              Buffalo, New York

_____
Caitlin M. Higgins

Sworn to before me this
1st day of May, 2018

_____
Notary Public

SARAH MARIE WASHINGTON
No. 02WA6363821
Notary Public, State of New York
Qualified in Erie County
My Commission Expires August 28, 20 21