# EXHIBIT O

STATE OF NEW YORK
COUNTY OF ERIE : SUPREME COURT
_____

M.J. PETERSON, LLC,
                    Plaintiff-Judgment-Creditor,            **SUBPOENA DUCES TECUM**
vs.                                                          **WITH RESTRAINING NOTICE**
                                                             Original Index No. B98134

WILLIAM J. WAGNER Jr.,
                    Defendant(s).


_____

RE:   WILLIAM J. WAGNER Jr., 5419 Roberts Rd., Hamburg, NY  14075, Judgment-Debtor(s)

### THE PEOPLE OF THE STATE OF NEW YORK

TO:   **WILLIAM J. WAGNER Jr.**

**WHEREAS**, in an action in Buffalo City Court, Index No. B98134,  (Assigned Judge-Hon. ), between the parties listed above, a Judgment was entered on **May 10, 2006** in favor of said Judgment-Creditor and against Judgment Debtor(s), WILLIAM J. WAGNER Jr., in the amount of $1,437.15, of which $2,603.83 remains due, plus interest on the remaining principal Judgment balance at 9.00% from May 15, 2015.

**NOW, THEREFORE WE COMMAND YOU**, appear and attend before a person authorized by the laws of the state of New York to administer oaths, at:
     **14 LAFAYETTE SQ STE 1440**
     **BUFFALO, NY  14203**
     **ON July 7, 2015 at 2:00 PM ,**

and at any recessed or adjourned date for the taking of a deposition under oath upon oral or written questions on all matters relevant to the satisfaction of such judgment; **AND WE FURTHER COMMAND YOU** to produce for examination at such time and place the following books, papers and records:  **any and all bank statements, payroll records, payroll stubs, payroll receipts; copies of any loans, mortgages, notes, etc.**, and all other books, papers and records in your possession or control which have or may contain information concerning the Judgment-Debtor(s)' property, income or other means relevant to the satisfaction of the judgment, INCLUDING, BUT NOT LIMITED TO ALL DOCUMENTS REFERENCED IN SCHEDULE A (ATTACHED).

**TAKE FURTHER NOTICE** that pursuant to subdivision (b) of §5222 of the Civil Practice Law and Rules, which is set forth herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt, except as therein provided.

CHIARI000013

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) - Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE THAT DISOBEDIENCE OF THIS RESTRAINING NOTICE OR FALSE SWEARING OR FAILURE TO COMPLY WITH THIS SUBPOENA MAY SUBJECT YOU TO FINE AND IMPRISONMENT FOR CONTEMPT OF COURT.**

This communication is from a debt collector.  The debt collector is attempting to collect a debt, and any information obtained will be used for that purpose.  This subpoena or process (as the case may be) requires your personal appearance at the time and place specified. Failure to appear may subject you to the fine and imprisonment for contempt of court.

Dated: May 15, 2015

_____
MELISSA OVERBECK
CHIARI & ILECKI, LLP
Attorney(s) for Judgment-Creditor
14 LAFAYETTE SQ STE 1440
BUFFALO, NY  14203
Phone: (716) 838-4300
Fax: (716) 204-9728

Our file number-20065569 ©

CHIARI000014

SCHEDULE A

FOR THE PERIOD FROM 6 YEARS PRIOR TO THE DEPOSITION DATE TO SAID DEPOSITION DATE RELATIVE TO ANY DEFENDANT:

1.      All savings bank books, records, accounts and memoranda, current as well as those that may have been cancelled or closed, whether in Defendant's name individually, jointly, in trust, as custodian, as nominee, or in conjunction with any other person or persons, including but not limited to deposit slips, withdrawal slips, and money order or bank check stubs;

2.      All records, papers and memoranda concerning all checking accounts in Defendant's name individually, jointly, in trust, as custodian, as nominee or in conjunction with any other person or persons, including checkbooks, checkbook stubs, statements, cancelled checks and deposit slips, whether said accounts are current or may have been closed;

3.      All stock certificates, bonds or other securities in Defendant's name individually, jointly, in trust, as custodian, as nominee or in conjunction with any other person or persons, or which may be held in account individually or in conjunction with any other person or persons in any corporation, domestic and foreign, or issued by the federal government or by any state, municipal or other governmental agency;

4.      All books, records, accounts, monthly statements, statements of transactions and all other papers and memoranda of stock brokerage accounts in Defendant's name individually, jointly, in trust, as custodian, as nominee or in conjunction with any other person or persons;

5.      All personal financial statements prepared on behalf of Defendant and all credit applications;

6.      Copies of all Defendant(s)' federal, state and city income tax returns together with the schedules, amendments and worksheets thereof and all other papers, documents and memoranda referring to any adjustments made in connection therewith, together with all 1099, W-2 and K-1 forms;

7.      Any and all contracts for the rental and/or lease of safe deposit boxes or vaults by Defendant(s);

8.      Any and all rental leases, titles, registrations, and deeds or conveyances of real or personal property in Defendant's name individually, jointly, in trust, as custodian, as nominee, or in conjunction with any other accounts are current or may have been closed, together with any documentation relative to liens, mortgages, real property taxes and other expenses and repairs relative to any real or personal property in which Defendant may have an interest or had an interest within 6 years prior to the commencement of this action;

9.      Copies of all corporate books, federal and state income tax returns together with the schedules and worksheets thereof and all other papers, documents and memoranda relative to any corporation in which Defendant was or is the owner of any stock;

10.     Any records relative to transfers of personal property by Defendant(s) in excess of $500;

11.     Any and all records, documents, papers and memoranda, including pay stubs, pertaining to monies received and/or being presently received from all sources by Defendant(s);

12.     Any and all policies of insurance including but not limited to theft, floater, liability, health and accident and automobile, and all records showing payments for premiums therefore;

13.     All records of Defendant(s)' membership in and contr butions to any charity or any other organizations or associations including private or professional clubs or associations;

14.     Orders, Judgments, Agreements (including Separation and Property Settlement), Financial Affidavits, relative to any financial obligation or property of the Defendant, including any proceeding involving support, maintenance/alimony, divorce, or separation.

15.     Any and all records, vouchers, documents, papers, or memoranda pertaining to monies, benefits or reimbursement, whether already paid, payable or due to Defendant for salaries, drawings, wages, travel and entertainment, automobile use or expense, dividends, bonuses, sick pay, pensions or other retirement accounts, annuities, welfare benefits, profit sharing, stock options; and

16.     Any documents pertaining to any educational degrees or professional licenses of Defendant.

17.     Records of all credit card charges, or any other indebtedness incurred by Defendant; any other records relative to Defendant's assets, liabilities and expenses.

Our file number-20065569 ©

CHIARI000015