UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
—————————————————————

WILLIAM J. WAGNER,

                                        Plaintiffs,

        v.                                        Civil Action No.1:15-cv-633-FPG

CHIARI & ILECKI, LLP,

                                        Defendant.
—————————————————————

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
STATEMENT OF UNDISPUTED FACTS**

        Plaintiff submits the following response to Defendant's Statement of Undisputed

Facts ("Statement).

1.        Plaintiff does not dispute the facts contained in paragraph 1 of Defendant's

Statement.

2.        Plaintiff does not dispute the facts contained in paragraph 2 of Defendant's

Statement.

3.        Plaintiff does not dispute the facts contained in paragraph 3 of Defendant's

Statement.

4.        Plaintiff disputes the facts contained in paragraph 4 of Defendant's Statement.

The actual Lexis report obtained on February 9, 2015 was not preserved. The only

reference to that report is the notation on the event log.  The event log for that date states,

"Lx-nothing current." (Pl. Exh. J-1, Bates No. CHIARI00165).  Ms. Overbeck has sworn

that the February 9, 2015 report showed the Roberts Road address as "one of the top

possible addresses for the debtor. (Overbeck Aff., ¶¶11-12).  It appears that she is basing

1

this statement on her review of a December 31, 2015 Lexis report and assuming that the

contents of the February 9, 2015 Lexis report was identical.   However, Ms. Overbeck's

notation in the event log for February 9, 2015 does not suggest this as it merely states,

"Lx-nothing current."

In addition, the December 31, 2015 Lexis report does not indicate that the debtor

was a possible address for the debtor.  Page 1 of the LexisNexis report does, indeed, list

name variations for the searched party, including William J. Wagner, Jr. and William J.

Wagner. (Pl. Exh. J-1, Bates No. CHIARI000182).  It also states that the debtor's address

is 1571 Eggert Road.  Further down, the report identifies a variety of possible alternate

addresses, and in some cases, identifies the household members.  For 5149 Roberts Road,

Hamburg, NY, the report lists the household members as follows:

**3: 5419 ROBERTS RD HAMBURG, NY 14075-5728**
**Address**
5419 ROBERTS RD
HAMBURG, NY 14075-5728
ERIE COUNTY
5/1985 - 4/2015 (716) 627-
3806(716) 833-
0783
**Census Data for Geographical Region**
Median Head of Household Age: 40
Median Income: $102,196
Median Home Value: $173,370
Median Education: 15 years
**Household Members**
WAGNER, ANDREW R
WAGNER, JULIA LEONA
WAGNER, WILLIAM G
WAGNER, WILLIAM J
**Other Associates**
None Listed

Thus, the report does ***not*** list William J. Wagner, Jr. as a household member. (Pl. Exh. J-

1, Bates No. CHIARI000183-184).

In addition, the LexisNexis report warns the reader not to rely on the accuracy of the report with a disclaimer that states as follows:

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

(Pl. Exh. J-1, Bates No. CHIARI000191).  Thus, the report does not definitively "indicate" any address for the debtor, but rather, states that all information should be checked against public records.

5.       There is no indication on the Lexis report that William J. Wagner, Jr. was possibly related to Julia or Julie Wagner. (Pl. Exh. J-1, Bates No. CHIARI000182-CHIARI000191).

6.       Plaintiff does not dispute the facts contained in paragraph 6 of Defendant's Statement.

7.       Plaintiff does not dispute the facts contained in paragraph 7 of Defendant's Statement.

8.       Plaintiff disputes the assertion in paragraph 8 of Defendant's statement.  Ms. Overbeck specifically testified at her deposition that she did not confirm that the debtor resided at 5419 Roberts Road, and admitted that she did not know if the debtor resided there. (Overbeck Dep. 23/10-20).  She cannot contradict her testimony at her deposition with an affirmation signed after the deposition. *Perna Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969).

9.      Plaintiff does not dispute the facts contained in paragraph 9 of Defendant's Statement.

10.     Plaintiff does not dispute the facts contained in paragraph 10 of Defendant's Statement.

11.     Plaintiff does not dispute the facts contained in paragraph 11 of Defendant's Statement.

12.     Plaintiff does not dispute the facts contained in paragraph 12 of Defendant's Statement.

13.     Plaintiff does not dispute the facts contained in paragraph 13 of Defendant's Statement.

14.     Plaintiff does not dispute the facts contained in paragraph 14 of Defendant's Statement.

15.     Plaintiff does not dispute the facts contained in paragraph 15 of Defendant's Statement.

16.     Plaintiff does not dispute the facts contained in paragraph 16 of Defendant's Statement.

17.     Plaintiff does not dispute the facts contained in paragraph 17 of Defendant's Statement.

18.     Plaintiff disputes the facts contained in paragraph 18 of Defendant's Statement. Plaintiff testified that he received telephone calls from two or three organizations for William J. Wagner, Jr. (Wagner Dep. 33/3-7).  At his deposition, he was asked how long that had been going on and he answered by stating, "It was quite a while ago," and then

added that it had been six or seven years since he had received any such calls. (Wagner Dep. 30/12-20).

19.     Plaintiff does not dispute the facts contained in paragraph 19 of Defendant's Statement, but clarifies that the Plaintiff had received two or three telephone calls, and none in the last six to seven years. (Wagner Dep. 33/3-7, 30/12-20).

20.     Plaintiff does not dispute the facts contained in paragraph 20 of Defendant's Statement.

21.     Plaintiff does not dispute the facts contained in paragraph 21 of Defendant's Statement.

22.     Plaintiff does not dispute the facts contained in paragraph 22 of Defendant's Statement.

23.     Plaintiff does not dispute the facts contained in paragraph 23 of Defendant's Statement.

24.     Plaintiff does not dispute the facts contained in paragraph 24 of Defendant's Statement.

25.     Plaintiff does not dispute the facts contained in paragraph 25 of Defendant's Statement.

26.     Plaintiff does not dispute the facts contained in paragraph 26 of Defendant's Statement.

27.     Plaintiff does not dispute the facts contained in paragraph 27 of Defendant's Statement.

28.     Plaintiff does not dispute the facts contained in paragraph 28 of Defendant's Statement.

29.     Plaintiff does not dispute the facts contained in paragraph 29 of Defendant's Statement.

30.     Plaintiff does not dispute the facts contained in paragraph 30 of Defendant's Statement.

31.     Plaintiff does not dispute the facts contained in paragraph 31 of Defendant's Statement.

32.     Plaintiff does not dispute the facts contained in paragraph 32 of Defendant's Statement.

33.     Plaintiff does not dispute the facts contained in paragraph 33 of Defendant's Statement that Ms. Brown invited Plaintiff to send Chiari & Ilecki a copy of his driver's license and Social Security card.  Plaintiff disputes the facts contained in paragraph 33 that Ms. Brown stated that the reason for sending these documents was so that they could verify his identity.  She also never informed Plaintiff that if he failed to send in the documents, Ilecki & Chiari would continue to assume he was the debtor and direct collection activity towards him. (Pl. Exh. J-1, Bates No. CHIARI 165; Wagner Dep. 48/9-50/10)

34.     Plaintiff does not dispute the facts contained in paragraph 34 of Defendant's Statement.

35.     Plaintiff does not dispute the facts contained in paragraph 35 of Defendant's Statement.

36.     Plaintiff does not dispute the facts contained in paragraph 36 of Defendant's Statement.

37.     Plaintiff does not dispute the facts contained in paragraph 37 of Defendant's Statement.

38.     Plaintiff disputes the facts contained in paragraph 38 of Defendant's Statement. . Ms. Overbeck specifically testified at her deposition that she did not confirm that the debtor resided at 5419 Roberts Road, and admitted that she did not know if the debtor resided there. (Overbeck Dep. 23/10-20).  She cannot contradict her testimony at her deposition with an affirmation signed after the deposition. *Perna Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969).

39.     Plaintiff disputes the facts contained in paragraph 39 of Defendant's Statement that Ms. Overbeck ever verified the debtor's address. Ms. Overbeck specifically testified at her deposition that she did not confirm that the debtor resided at 5419 Roberts Road, and admitted that she did not know if the debtor resided there. (Overbeck Dep. 23/10-20). She cannot contradict her testimony at her deposition with an affirmation signed after the deposition. *Perna Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969).

        In addition, the December 31, 2015 Lexis report does not indicate that the debtor was a possible address for the debtor.  Page 1 of the LexisNexis report does, indeed, list name variations for the searched party, including William J. Wagner, Jr. and William J. Wagner. (Pl. Exh. J-1, Bates No. CHIARI000182).  It also states that the debtor's address is 1571 Eggert Road.  Further down, the report identifies a variety of possible alternate addresses, and in some cases, identifies the household members.  For 5149 Roberts Road, Hamburg, NY, the report lists the household members as follows:

**3: 5419 ROBERTS RD HAMBURG, NY 14075-5728**
**Address**

5419 ROBERTS RD
HAMBURG, NY 14075-5728
ERIE COUNTY
5/1985 - 4/2015 (716) 627-
3806(716) 833-
0783
**Census Data for Geographical Region**
Median Head of Household Age: 40
Median Income: $102,196
Median Home Value: $173,370
Median Education: 15 years
**Household Members**
WAGNER, ANDREW R
WAGNER, JULIA LEONA
WAGNER, WILLIAM G
WAGNER, WILLIAM J
**Other Associates**
None Listed

Thus, the report does ***not*** list William J. Wagner, Jr. as a household member. (Pl. Exh. J-1, Bates No. CHIARI000183-184).

In addition, the LexisNexis report warns the reader not to rely on the accuracy of the report with a disclaimer that states as follows:

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

(Pl. Exh. J-1, Bates No. CHIARI000191).

In addition, Ms. Overbeck did not ever verify the debtor's address a first time. The actual Lexis report obtained on February 9, 2015 was not preserved. The only reference to that report is the notation on the event log. The event log for that date states, "Lx-nothing current." (Pl. Exh. J-1, Bates No. CHIARI00165). Ms. Overbeck has sworn that that February 9, 2015 report showed the Roberts Road address as "one of the top

possible addresses for the debtor. (Overbeck Aff., ¶¶11-12).  It appears that she is basing this statement on her review of a December 31, 2015 Lexis report and assuming that the contents of the February 9, 2015 Lexis report was identical.   However, Ms. Overbeck's notation in the event log for February 9, 2015 does not suggest this as it merely states, "Lx-nothing current."  If one assumes, as Ms. Overbeck apparently suggests, that the February 9, 2015 Lexis report was identical to the December 31, 2015 Lexis report, the February 9, 2015 report would not provide verification that the debtor resided at, or was associated with the Roberts Road address for the same reasons that the December 31, 2015 report does not establish that fact.

The February 9, 2012 Real Info report also does not provide verification that the debtor was resided at, or was associated with the Roberts Road address.  The Defendant has accepted paragraph 31 of Plaintiff's Statement of Undisputed Facts which asserts that the Real Info report showed that William Wagner, without the Jr., and Julia Wagner owned the Roberts Road property, and that there was no indication that William J. Wagner, Jr. was associated in any way with the Roberts Road address.

Plaintiff does not dispute that Ms. Overbeck prepared a subpoena duces tecum to be served on the debtor at 5419 Roberts Road by a process server.

40.    Plaintiff does not dispute the facts contained in paragraph 40 of Defendant's Statement.

41.    Plaintiff does not dispute the facts contained in paragraph 41 of Defendant's Statement.

42.    Plaintiff does not dispute the facts contained in paragraph 42 of Defendant's Statement.

9

43.     Plaintiff does not dispute the facts contained in paragraph 43 of Defendant's Statement.

44.     Plaintiff does not dispute the facts contained in paragraph 44 of Defendant's Statement.

45.     Plaintiff does not dispute the facts contained in paragraph 45 of Defendant's Statement.

46.     Plaintiff does not dispute the facts contained in paragraph 46 of Defendant's Statement.

47.     Plaintiff does not dispute the facts contained in paragraph 47 of Defendant's Statement.

48.     Plaintiff disputes the fact contained in paragraph 48 of Defendant's Statement that Chiari & Ilecki has no control over how Action Services accomplishes its work.  The very fact that they informed Action Services to be sure to serve the correct William J. Wagner is evidence of this.  They could have imposed more restrictions, such as, to require positive identification before serving him, or using other techniques to ensure that they were serving the correct person. (Ilecki Aff., ¶¶ 23-24).  Plaintiff does not dispute the remaining facts stated in paragraph 48 of Defendant's Statement.

49.     Plaintiff disputes the facts contained in paragraph 49 of Defendant's Statement. The Defendant placed limitations on the service, and there is no evidence that they could not have requested a specific individual to effect service on the debtor. (Ilecki Aff., ¶¶ 23-24).

50.     Plaintiff dispute the facts contained in paragraph 50 of Defendant's Statement. The Defendant supplies the papers to be served, and any special instructions as to how to serve it.  Plaintiff is unaware of any tools or supplies involved in effecting the service on a document on an individual. (Ilecki Aff., ¶¶ 22-24).

51.     Plaintiff does not dispute the facts contained in paragraph 51 of Defendant's Statement.

52.     Plaintiff does not dispute the facts contained in paragraph 52 of Defendant's Statement.

53.     Plaintiff disputes the facts contained in paragraph 53 of Defendant's Statement. The very fact that they informed Action Services to be sure to serve the correct William J. Wagner is evidence of this.  They could have imposed more restrictions, such as, to require positive identification before serving him, or using other techniques to ensure that they were serving the correct person. (Ilecki Aff., ¶¶ 23-24).

54.     Plaintiff disputes the facts contained in paragraph 54. The very fact that they informed Action Services to be sure to serve the correct William J. Wagner is evidence of Defendant's control over Action Services and Mr. Celano.  They could have imposed more restrictions, such as, to require positive identification before serving him, or using other techniques to ensure that they were serving the correct person, as well. (Ilecki Aff., ¶¶ 23-24).

55.     Plaintiff does not dispute the facts contained in paragraph 55 of Defendant's Statement.

56.     Plaintiff disputes the facts contained in paragraph 56.   Upon receiving the subpoena duces tecum, Plaintiff believed it "concerned him" notwithstanding the fact it

was not addressed to him, because he believed they were trying to collect the debt from

him. (Wagner Dep. 50/15-55/1, 65/2-5, 81/23-82/8).

57.     Plaintiff does not dispute the facts contained in paragraph 57 of Defendant's

Statement.

58.     Plaintiff disputes the facts contained in paragraph 58 of Defendant's Statement.

Plaintiff recognized the subpoena was not addressed to him, but believed it "concerned

him" because he believed they were trying to collect the debt from him, and that they

were harassing him. (Wagner Dep. 50/15-55/1, 65/2-5, 81/23-82/8).

59.     Plaintiff disputes the facts contained in paragraph 59 of Defendant's Statement to

the extent is asserts that Chiari & Ilecki was only looking for the debtor.  They were also

attempting to collect the debt from the Plaintiff and/or to harass the Plaintiff either to

collect the debt from Plaintiff, or to pressure him to reveal the whereabouts of the actual

debtor in the idle hope of learning the debtor's whereabouts. (Wagner Dep. 50/15-55/1,

65/2-5, 81/23-82/8).

60.     Plaintiff does not dispute the facts contained in paragraph 60 of Defendant's

Statement.  However, for the reasons stated in Plaintiff's Motion in Limine and the

Affirmation of Kenneth Hiller dated April 10, 2017, Plaintiff objects to the admissibility

of any evidence of the conversations between Seth Andrews and Melissa Overbeck, as

well as the portions of the events log (Def. Exh. A) pursuant to Rule 56(c)(2) of the

Federal Rules of Civil Procedure.

61.     Plaintiff does not dispute the facts contained in paragraph 61 of Defendant's

Statement.  However, for the reasons stated in Plaintiff's Motion in Limine and the

Affirmation of Kenneth Hiller dated April 10, 2017, Plaintiff objects to the admissibility

of any of the conversations between Seth Andrews and Melissa Overbeck, as well as the portions of the event log (Def. Exh. A) pursuant to Rule 56(c)(2) of the Federal Rules of Civil Procedure.

62.     Plaintiff does not dispute the facts contained in paragraph 62 of Defendant's Statement that Mr. Andrews stated he understood the firm's position.  Plaintiff disputes the facts contained in paragraph he said he appreciated the position. (Def. Exh. A (Events Log)), which does not record this assertion.  A jury would be permitted to disregard any portion of Ms. Overbeck's testimony that contradicts the notes she made in the Events Log.

For the reasons stated in Plaintiff's Motion in Limine and the Affirmation of Kenneth Hiller dated April 10, 2017, Plaintiff objects to the admissibility of any evidence of the conversations between Seth Andrews and Melissa Overbeck, as well as the portions of the events log (Def. Exh. A) pursuant to Rule 56(c)(2) of the Federal Rules of Civil Procedure.

63.     With respect to paragraph 63 of Defendant's Statement, Plaintiff does not dispute the assertion that Ms. Overbeck requested that Mr. Andrews provide a copy of the plaintiff's driver's license and Social Security card in order to allow Chiari and Ilecki to verify the Plaintiff's identity.  However, Plaintiff disputes the assertion that her office had made such a request before.  The events log indicates that on March 9, 2015, Ms. Brown stated to Plaintiff that he could send them a copy of his driver's license and social security card "if he'd like." (Pl. Exh. J-1, Bates No. CHIARI000165; Brown Aff., ¶ 5). This was not a request, but merely an invitation.  Ms. Sandford states that Plaintiff did not provide his Social Security card after their February 9, 2015 telephone call, but never

explicitly states that she requested that he do so, and did not document that such a request

was made in the events log.  (Pl. Exh. J-1, Bates No. CHIARI000165; Sandford Aff., ¶¶

3-7). Ms. Sandford states that she "inquired about the caller sending us a copy of his

driver's license, though does not mention anything about his social security card. (.  (Pl.

Exh. J-1, Bates No. CHIARI000165; Sandford Aff., ¶¶ 10-14).  There is no evidence that

any other invitation or request was ever made of Plaintiff for him to send in written proof

of his identity.

      Ms. Overbeck's assertion that her office had made previous requests of the

Plaintiff to send in his Social Security card and driver's license is also inadmissible as

hearsay.  As such, Plaintiff objects to the admissibility of Ms. Overbeck's statement to

this effect pursuant to Rule 56(c)(2) of the Federal Rules of Civil Procedure.

      Also, for the reasons stated in Plaintiff's Motion in Limine and the Affirmation of

Kenneth Hiller dated April 10, 2017, Plaintiff objects to the admissibility of any evidence

of the conversations between Seth Andrews and Melissa Overbeck, as well as the

portions of the events log (Def. Exh. A) pursuant to Rule 56(c)(2) of the Federal Rules of

Civil Procedure.

64.     Plaintiff disputes the facts contained in paragraph 64 of Defendant's Statement.

The event log does not indicate that Ms. Overbeck ever mentioned providing a redacted

copy of Plaintiff's Social Security card, or that Mr. Andrews ever stated that he would

attempt to convince Plaintiff to produce anything.  As such, there is an issue of fact as to

whether such a request was made.

      For the reasons stated in Plaintiff's Motion in Limine and the Affirmation of

Kenneth Hiller dated April 10, 2017, Plaintiff objects to the admissibility of any evidence

of the conversations between Seth Andrews and Melissa Overbeck, as well as the portions of the events log (Def. Exh. A) pursuant to Rule 56(c)(2) of the Federal Rules of Civil Procedure.

65.     Plaintiff does not dispute the facts contained in paragraph 65 of Defendant's Statement that Mr. Andrews and Ms. Overbeck agreed that Ms. Overbeck would provide Mr. Andrews with a copy of the signed M.J. Peterson lease.  Plaintiff does not dispute the facts contained in paragraph 65 of Defendant's Statement that Mr. Andrews stated that the reason for this was so that he could compare the debtor's signature on the lease to his signature on his license.

However, for the reasons stated in Plaintiff's Motion in Limine and the Affirmation of Kenneth Hiller dated April 10, 2017, Plaintiff objects to the admissibility of any evidence of the conversations between Seth Andrews and Melissa Overbeck, as well as the portions of the events log (Def. Exh. A) pursuant to Rule 56(c)(2) of the Federal Rules of Civil Procedure.

66.     Plaintiff does not dispute the facts contained in paragraph 66 of Defendant's Statement that the Mr. Andrews and Ms. Overbeck agreed to a general adjournment of the pending duces tecum.  Plaintiff does not dispute that Mr. Andrews stated that the reason for the general adjournment was so that they could resolve the identity issue.

However, for the reasons stated in Plaintiff's Motion in Limine and the Affirmation of Kenneth Hiller dated April 10, 2017, Plaintiff objects to the admissibility of any evidence of the conversations between Seth Andrews and Melissa Overbeck, as well as the portions of the events log (Def. Exh. A) pursuant to Rule 56(c)(2) of the Federal Rules of Civil Procedure.

67.    Plaintiff does not dispute the facts contained in paragraph 67 of Defendant's Statement.  However, for the reasons stated in Plaintiff's Motion in Limine and the Affirmation of Kenneth Hiller dated April 10, 2017, Plaintiff objects to the admissibility of any evidence of the communications between Seth Andrews and Melissa Overbeck, including the June 29, 2015 facsimile and the portions of the events log (Def. Exh. A) documenting those alleged communications pursuant to Rule 56(c)(2) of the Federal Rules of Civil Procedure.

68.    Plaintiff does not dispute the facts contained in paragraph 68 of Defendant's Statement.   However, for the reasons stated in Plaintiff's Motion in Limine and the Affirmation of Kenneth Hiller dated April 10, 2017, Plaintiff objects to the admissibility of these facts, or any portions of the events log (Def. Exh. A) that documents them pursuant to Rule 56(c)(2) of the Federal Rules of Civil Procedure.

69.    Plaintiff does not dispute the facts contained in paragraph 69 of Defendant's Statement.

70.    Plaintiff disputes the facts contained in paragraph 70 of Defendant's Statement. There are many potential motivations that Ms. Overbeck may have had to pursue the Plaintiff even though the Lexis report did not confirm that the debtor resided at Plaintiff's address.  It is up to a jury to assess Ms. Overbeck's credibility and to determine her intent.  For the purposes of this motion, there is, at minimum, an issue of fact as to what her intent was.

71.    Plaintiff disputes the facts contained in paragraph 71 of Defendant's Statement. There are many potential motivations that the Defendant may have had to pursue the Plaintiff even though the Lexis report did not confirm that the debtor resided at Plaintiff's

address.  Plaintiff has sworn that he believes that after the March 9, 2015 telephone call, that it was the Defendant's intent to collect the debt from him. (WJW dep., 23/13-25/21, 49/4-55/9, 64/20-65/13, 70/10-71/4, 80/1-23).  It is up to a jury to assess Chiari and Ilecki and their employee's credibility and to determine their intent.  For the purposes of this motion, there is, at minimum, an issue of fact as to what their intent was.

72.     Plaintiff disputes the facts contained in paragraph 72 of Defendant's Statement. Mr. Ilecki and Ms. Overbeck admitted that the Defendant had no written policies, and they admitted in their depositions that they continued with collection activity aimed at Plaintiff and his residence without knowing whether the debtor resided there. (Ilecki Dep. 45/9-12, 66/5-11).  Despite their acknowledgement that they did not know if the debtor resided at the Roberts Road address, the Defendant nonetheless asserts that they followed their policies and procedures. (See Defendant's Statement, ¶ 90).

73.     Plaintiff does not dispute the facts contained in paragraph 73 of Defendant's Statement to the extent that they purport to represent the Defendant's unwritten policies and procedures.

74.     Plaintiff does not dispute the facts contained in paragraph 74 of Defendant's Statement to the extent that they purport to represent the Defendant's unwritten policies and procedures.

75.     Plaintiff does not dispute the facts contained in paragraph 75 of Defendant's Statement to the extent that they purport to represent the Defendant's unwritten policies and procedures.

76.     Plaintiff does not disputes the facts contained in paragraph 76 to the extent that they purport to represent the Defendant's unwritten policies and procedures.

77.     Plaintiff disputes the facts contained in paragraph 77 of Defendant's Statement. Mr. Ilecki and Ms. Overbeck admitted that the Defendant had no written policies, and they admitted in their depositions that they continued with collection activity aimed at Plaintiff and his residence without knowing whether the debtor resided there, and concluded that, nonetheless, that their actions in this regard were appropriate. (Ilecki Dep. 45/9-12, 66/5-11).

78.      Plaintiff does not dispute the facts contained in paragraph 78 of Defendant's Statement to the extent that they purport to represent the Defendant's unwritten policies and procedures.

79.     Plaintiff does not dispute the facts contained in paragraph 79 of Defendant's Statement to the extent that they purport to represent the Defendant's unwritten policies and procedures.  However, Plaintiff disputes the facts contained in this paragraph to the extent that it purports to assert that Defendant's legal assistants always follow this policy. As shown in the events log and the affirmations of Defendant's legal assistants, a request for Plaintiff's driver's license and social security card was only made in one of the three calls with the debtor. (Pl. Exh. J-1, Bates No. CHIARI000165-166; Brown Affirmation; Sandford Affirmation.

80.     Plaintiff does not dispute the facts contained in paragraph 80 of Defendant's Statement to the extent that they purport to represent the Defendant's unwritten policies and procedures.

81.     Plaintiff does not dispute the facts contained in paragraph 81 of Defendant's Statement to the extent that they purport to represent the Defendant's unwritten policies and procedures.

82.      Plaintiff does not dispute the facts contained in paragraph 82 of Defendant's Statement to the extent that they purport to represent the Defendant's unwritten policies and procedures.

83.      Plaintiff disputes the facts contained in paragraph 83 of Defendant's Statement. The Defendant's alleged policy is that even where a caller does not provide verifiable proof of his identity, the attorney, using common sense and reasoned judgment, may nonetheless conclude that the caller is not the debtor. (Pl. Exh. R-Interrogatory Response No. 24).

84.      Plaintiff disputes the facts contained in paragraph 84 of Defendant's Statement. Other than Mr. Ilecki's and Ms. Overbeck's self-serving statements, the Defendant has provided no evidence that this has ever happened before.  They have also provided no evidence that a debtor has ever provided them with a false date of birth or social security number to avoid being collected against.  In addition, it does not make much sense.  If the Defendant were to mail or serve collection letters or notices on a debtor, it would be extremely unlikely that a debtor attempting to evade his obligation would call the attorney.  If they truly do not want to pay their debt, they would be more likely to simply abscond.  If they actually called the Defendant, they would risk having their telephone number captured.

85.      Plaintiff disputes the facts contained in paragraph 85 of Defendant's Statement. This case demonstrates that the Defendant is not careful at all.  They ignore slight differences in names, assuming a Jr. is the same person as a person without a Jr. (Ilecki Dep. 58/24-59/18).  They do not check publically available information to confirm the accuracy of the reports they obtain despite the disclaimers in those reports that warn them

to do so. (See event log and affirmation of Melissa Overbeck, which provide no indication that she ever checked public records to verify the accuracy of the Real Info or Lexis reports).  They admit that they continue with collection activity aimed at individuals and addresses without knowing whether the individual being pursued is the debtor, or whether the debtor resides there. (Ilecki Dep. 45/9-12, 66/5-11; Overbeck Dep., 23/10-24/25.

86.      Plaintiff does not dispute the facts contained in paragraph 86 of Defendant's Statement to the extent that they purport to represent the Defendant's unwritten policies and procedures.

87.      Plaintiff disputes the facts contained in paragraph 87 of Defendant's Statement. There are many potential motivations that the Defendant may have had to pursue an individual they conclude is not the debtor.  For example, they may hope to harass the individual in the hope that he might have location information for the actual debtor.  Or, they may hope that the non-debtor becomes so upset about continued collection efforts aimed at him, that they simply decide to pay the debt.  Neither the Real Info report, nor the Lexis reports provided any evidence that the debtor resided at the Roberts Road address. (Pl. Exh. J-1, Bates No. CHIARI000182-192).  It is up to a jury to assess Chiari and Ilecki and their employee's credibility and to determine whether these assertions are accurate.  For the purposes of this motion, there is, at minimum, an issue of fact as to the accuracy of this alleged statement of fact.

88.      Plaintiff does not dispute the facts contained in paragraph 88 of Defendant's Statement.

89.     Plaintiff does not dispute the facts contained in paragraph 89 of Defendant's Statement as an accurate statement of Defendant's stated procedure.  Plaintiff disputes that the steps are sufficient or that they immunize the Defendant from liability.

90.     Plaintiff disputes the facts contained in paragraph 90 of Defendant's Statement. First, the Defendant does not have any clear procedures.  Mr. Ilecki states that one of their procedures is to request a redacted copy of a Social Security card. (Pl. Exh. R, Interrogatory Response No. 24).  Ms. Sandford expressed no understanding that this is their policy and did not follow this alleged policy in this case. (See events log and Sandford Affirmation).  Neither Ms. Brown, not Ms. Sandford ever asked for a redacted copy of Plaintiff's Social Security card. (Event log, Brown and Sandford Affirmations). Mr. Ilecki states that their procedure is to use common sense and reasoned judgment in deciding to pursue a person who denies that he is the debtor. (Pl. Exh. R-Interrogatory Response No. 24).  However, Ms. Overbeck did not inspect the Lexis and Real Info reports carefully.  Had she done so, she would have discovered that there was no indication in those reports that William J. Wagner, Jr. resided at the Roberts Road address. (Pl. Exh. J-1, Bates No. CHIARI000182-192).  Ms. Overbeck did not check publicly available information to confirm the inherently unreliable information in the Lexis reports, which did not link the debtor to the Roberts Road property anyway.

## ADDITIONAL MATERIAL FACTS

In addition, Plaintiff incorporates by reference each of the facts set forth in Plaintiff's Statement of Facts Pursuant to Local Rule 56.1 in opposition to Defendant's Motion for Summary Judgment.  Plaintiff submits that those facts further warrant the denial of Defendant's Summary Judgment Motion.

Dated:  April 10, 2017

/s/Kenneth R. Hiller_____
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com