UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM J. WAGNER,

               Plaintiff,                   **REPLY DECLARATION**

  -vs-                                Docket No. 15-cv-633-FPG

CHIARI & ILECKI, LLP,

               Defendant.

MELISSA OVERBECK, ESQ., declares under penalty of perjury, pursuant to 28 U.S.C. § 1746:

    1.    I am an attorney at law duly licensed to practice my profession in the State of New York and an associate of the defendant, CHIARI & ILECKI, LLP, in this matter.  As such, I am familiar with the facts and circumstances involved in this litigation.

    2.    I submit this reply declaration in further support of Chiari & Ilecki's cross-motion for summary judgment.

    3.    On February 9, 2015, I performed skip tracing on the debtor, William J. Wagner, Jr.  Based on my review of the information in our file and the searches that I ran on the LexisNexis public records database and the Real Info real estate database, I concluded that the debtor resided at 5419 Roberts Road, Hamburg, New York 14075.

4.    The plaintiff notes that after I performed skip tracing on February 9, 2015, I wrote in our events log, "Lx - nothing current." *See* Doc. 30-6 at 3 (February 9, 2015 Entry).

5.    But contrary to the plaintiff's suggestion, that does not mean that I was unable to find what I thought was a good address for the debtor.   Rather, that notation simply means that I reviewed Lexis, and there were no current events, such as outstanding loans, auto registrations, or foreclosure proceedings.

6.    As another entry in our events log shows, if I had determined that Lexis did not indicate a new address for the debtor, I would have written, "no new address." *See* Doc. 30-6 at 3 (November 26, 2011 Entry).

7.    If I had not been able to locate the debtor at that time, I would have simply diaried a reminder to review the file at a later date, probably in six months.

8.    But I did *not* do that here as I believed that I had identified the debtor's address.   Indeed, in the very entry on which the plaintiff relies, I specifically recorded the findings of my research:   "Dbtr. owns 5419 Roberts Rd. w/ wife." *See* Doc. 30-6 at 3 (February 9, 2015 Entry).

9.    The plaintiff also argues that that there is nothing in the Lexis report that links the debtor to 5419 Roberts Road.   But that is demonstrably false.

10.    As I explained in my declaration dated March 2, 2017, I ran the Lexis and Real Info searches on the internet, and I did not print out the search results because it typically is not our firm's policy to do so, and there was no compelling reason for me to do so in this particular case.   *See* Doc. 30-5 at 3 (¶¶ 19-21).

11.   After this lawsuit was filed, however, our firm re-ran and preserved Lexis and Real Info reports that are consistent with my recollection of the reports that I viewed on February 9, 2015.   Copies of these Lexis and Real Info reports are attached as *Exhibits A* and *B*, respectively.

12.   Contrary to the plaintiff's assertions, the Lexis report clearly links the debtor to 5419 Roberts Road.

13.   The Lexis report was generated specifically for the debtor based on his Social Security number and full name, William J. Wagner, Jr.   *See Exhibit A* at 1.

14.   In other words, I searched for the debtor by entering his Social Security number and full name, and the Lexis report was generated as a result.

15.   In the Address Summary section of the report, 5419 Roberts Road is listed as one of the top three addresses for the debtor.   *See id.*

16.   The Address Details section of the report also lists 5419 Roberts Road as one of the top three addresses for the debtor.   *See Exhibit A* at 2-3.

17.   It also specifically lists William J. Wagner as a household member of 5419 Roberts Road.   *See id.*

18.   The plaintiff argues that I could not have reasonably interpreted this listing of William J. Wagner as referring to the debtor, William J. Wagner, Jr.   But that makes no sense.

19.   Of course, William J. Wagner is an accepted abbreviation of William J. Wagner, Jr.

20.   Indeed, the debtor's Lexis report specifically lists William J. Wagner as a variation for the debtor's name.   *See Exhibit A* at 1.

-3-

21.     The Address Details section of the Lexis report also indicates that the information for 5419 Roberts Road had been verified through April 2015.  *See Exhibit A* at 3.

22.     In other words, 5419 Roberts Road had been verified as an address for the debtor as late as April 2015 – two months after I ran the Lexis searches at issue and mailed the CPLR § 5222 notice and information subpoena to the debtor at that address.

23.     The Potential Relatives section of the Lexis report also indicates that one of the top three potential relatives for the debtor is a Julia or Julie Wagner, who also resides at 5419 Roberts Road.  *See Exhibit A* at 7-8.

24.     Thus, the Lexis report clearly links the debtor to 5419 Roberts Road.

25.     The plaintiff argues that I should have verified the information in the Lexis report.   But, in fact, I did verify it in multiple ways.

26.     First, I compared the information in the Lexis report to the information that was available in our office's file, which revealed that we had already ruled out the other top possible addresses that the Lexis report listed for the debtor.  *See* Doc. 30-5 at 4-5 (¶¶ 25-30).

27.     Second, I ran a separate search on Real Info, which confirmed that a William Wagner owned 5419 Roberts Road.  *See Exhibit B.*

28.     Once again, the plaintiff takes issue with the fact that the Real Info report listed the owner of 5419 Roberts Road as William Wagner, rather than William J. Wagner, Jr.

29.     But, again, it goes without saying that William Wagner is an accepted abbreviation of William J. Wagner, Jr.

30.     Furthermore, the Real Info report also confirmed that 5419 Roberts Road was co-owned by a Julie Wagner, *see id.* – the very same woman whom the Lexis report listed as a potential relative of the debtor, *see Exhibit A* at 7-8.

31.     Thus, it certainly was reasonable for me to conclude that the debtor resided at 5419 Roberts Road.

32.     Indeed, as the plaintiff himself has conceded, other debt collectors have come to the same conclusion and attempted to reach the debtor at that address. *See* Doc. 30-24, ¶ 5; Doc. 30-36 at 30:9 – 34:13.

33.     Citing my deposition testimony, the plaintiff argues that I directed collection efforts at 5419 Roberts Road when I had not confirmed whether the debtor resided there.   But that contention mischaracterizes the truth.

34.     As the plaintiff notes, I indicated during my deposition that I did not "know" if the debtor lived at 5419 Roberts Road.   *See* Doc. 30-38 at 24:21 – 24:25.

35.     But I also made it perfectly clear that I *believed* that the debtor lived there based on the results of my Lexis and Real Info searches.   *See* Doc. 30-38 at 25:2 – 25:12, 27:8 – 27:9.

36.     As I have explained before, as a matter of practice, our firm simply does not undertake any collection efforts until we are confident that we have identified the correct address for a debtor.   *See* Doc. 30-5 at 12 (¶ 82).

37.     That certainly was true in this case.

38.    Indeed, our firm's events log shows that I did not simultaneously send communications to the debtor at several different addresses in that hope that we would get lucky with one of them.   *See* Doc. 30-6 at 2.

39.    Rather, consistent with our firm's procedures, I carefully researched the debtor's location, identified the single address at which I believed he resided, independently verified the address, and attempted to contact him at only that address.   *See id.*

40.    If I did not honestly believe that the debtor resided at 5419 Roberts Road, there simply would have been no reason for me to attempt to contact the debtor at only that address.

41.    There would have been no advantage to me, my firm, or my client if I had wasted time directing communications to one single address at which I thought the debtor might not live.

42.    Thus, the only logical conclusion – and the simple and unavoidable truth of the matter – is that the information in our firm's file and the multiple reports that I obtained led me to conclude that the debtor resided at 5419 Roberts Road.

43.    Even if, as it now appears, one of those reports contained incorrect information, and, thus, my conclusion was ultimately erroneous, my investigation and analysis were reasonable.

44.    Therefore, Chiari & Ilecki cannot be held liable under the Fair Debt Collection Practices Act, and this Court should grant Chiari & Ilecki's cross-motion for summary judgment in its entirety.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   May 8, 2017

Melissa Overbeck, Esq.