UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM J. WAGNER,

                                        Plaintiffs,

        v.                                              Civil Action No.1:15-cv-633-FPG

CHIARI & ILECKI, LLP,

                                        Defendant.
_____

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO CITE ADDITIONAL AUTHORITY

        Plaintiff commenced this action against Defendant for their alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, et seq.  Plaintiff has filed a Motion for Partial Summary Judgment, and the Defendant has filed a Cross-Motion for Summary Judgment in this case.  The motions have been fully briefed and are pending with this Court.

        Plaintiff, William J. Wagner, respectfully requests leave to cite as additional authority, *Ali v. Portfolio Recovery Associates,* 2018 WL 4699756 (N.D.Ill. Sept 30, 2018).  The *Ali* decision was issued after all the briefing was filed in this matter with respect to the parties competing summary judgment motions.

        An attorney should inform the Court when cases relied upon in their briefs have been vacated by the Second Circuit. *Aristocrat Leisure Ltd. v. Deutsche*, 727 F. Supp. 2d 256, fn. 14 (S.D.N.Y. 2010).  Although there is no specific procedure in the federal or local rules for apprising the Court of a change in the law, at least one Court in this district has approved the filing of a Motion for Leave to Cite Additional Authority as an appropriate procedure to

accomplish that purpose. *Danieu v. Teamsters Local 264*, No. 08-CV-00500S, 2011 WL 1259839, at *3 (W.D.N.Y. Mar. 31, 2011)

In the *Ali* case*,* as in this case, the Defendant served the wrong person with legal process aimed at collecting a debt.  As in this case, the plaintiff (i.e. the wrong person) had a similar name to the true debtor.   Unlike this case, when the plaintiff, through his attorney, provided the Defendant with the date of birth and a portion of the plaintiff's Social Security number, neither of which matched the debtors, the Defendant immediately dismissed the lawsuit against the plaintiff.

As with this case, the Defendant argued they were immune from liability under the FDCPA because their error in serving the wrong person with legal process was the result of a bona fide error as defined in 15 U.S.C.§1692k(c).

The Court denied the Defendant's Summary Judgment motion finding that there was an issue of fact as to whether there was a bona fide error, and specifically, whether the Defendant's "protocols in place were sufficiently construed to avoid incorrect service." *Ali,* at *4.

Thus, in *Ali,* the debt collector had a policy of making calls and writing letters to debtors to ensure that they were pursuing the correct party, and further had a policy that upon receiving a verbal verification from the party they had served, or their attorney, that their personal identifiers do not match the debtor, that they would discontinue or dismiss the pending legal action.  These procedures were far more consumer friendly in that the mere verbal provision of personal identifiers that did not match the debtors information was sufficient for the Defendant to dismiss the pending legal action.  In contrast, the Defendant in this case, requires written confirmation of the personal identifiers.

Despite the less stringent policy for requiring verification, the *Ali* Court still found that there was an issue of fact as to whether the Defendant qualified for the bona fide error defense.  If

those policies did not warrant finding there was a bona fide error as a matter of law, then, clearly, the less consumer protective procedures employed by the Defendant in this case do not qualify for the bona fide error as a matter of law.

This should not be construed as an admission by Plaintiff that there is an issue of fact. For the reasons set forth in Plaintiff's memoranda of law filed with this Court, Plaintiff contends that he is entitled to summary judgment in his favor. The *Ali* case is cited in support of Plaintiff's alternative argument that in the event this Court were to find that Plaintiff is not entitled to summary judgment, that, at minimum, there is an issue of fact barring the granting of summary judgment to the Defendant.

## CONCLUSION

For the reasons cited above, it is respectfully requested that this Court grant Plaintiff's Motion for Leave to Cite Additional Authority.


Dated:  November 8, 2018

/s/Kenneth R. Hiller_____
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller PLLC
*Attorneys for the Plaintiffs*
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com

.